UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

-vs-                                                                                                   Case No. 15-20652
                                                                                                   Hon.  George Caram Steeh

(D-13) ARLANDIS SHY, II,

    Defendant.
_____/

**BRIEF IN SUPPORT OF MOTION TO DISMISS
BASED UPON VIOLATION OF SPEEDY TRIAL ACT**

**I. FACTUAL BACKGROUND**

    Mr. Shy was charged in this Indictment dated February 17, 2016. He was arrested in early March 2016 and on March 7, 2016, Magistrate Judge Elizabeth Stafford entered an order of Detention, following a detention hearing. Mr. Shy has been detained ever since. When he heard that a warrant had been issued for his arrest, he immediately self-surrendered for the reason he had nothing to hide or fear since he was not guilty of the charged offenses. Mr. Shy knew that he was not guilty of the charged offenses. He had been brought into the FBI office and interrogated for over an hour about a gun that had been seen thrown form a car that he was driving. He explained very politely and patiently that he did not know about the gun, he did not possess the gun either actually or constructively and he was not even aware of who threw the gun since he was driving the vehicle that contained several passengers.

Mr. Shy has consistently maintained that the Government was mistaken as to his involvement with the SMB's. He explained that he had been working for a temporary employment service in Macomb County and living with an aunt that lived in Macomb County. He was on probation for a possession of codeine case and his probation officer was pleased with his efforts that he was making to improve himself.

Mr. Shy made it very clear to anyone who would listen that he was not guilty of these offenses and since he was detained, he was demanding an immediate trial. He had no desire to be locked up indefinitely while the lawyers poured over thousand's of pages of documents, because he believed nothing contained in the Government's files could prove him guilty before a jury of his guilt beyond a reasonable doubt. All he was "guilty" of was occasionally seeing people he went to school with over the years.

On May 12, 2016, the Government filed a motion to designate this case as a complex case and for excludable delay. Several days earlier, his mother had retained Carl Jordan to represent him in this matter; he had never spoken personally with Carl Jordan. Unbeknownst to him, Carl Jordan consented to a continuance in this matter on or before May 12, 2016. Mr. Shy was not made aware that the Government had filed the motion to designate this matter as a complex case, which if granted would have greatly extended the Speedy Trial dates.

Mr. Jordan had never consulted him (Shy) regarding the Government's request to seek to delay these proceedings and waive his rights under the speedy trial act. Mr. Jordan never consulted with him as to whether he (Shy) would consent to such a designation. If in fact Mr. Jordan had consulted with him before consenting to the

continuance, he would have advised Mr. Jordan "never" since his primary concern was to be promptly tried within the mandates of the speedy trial act, a fact that Mr. Jordan should have known.

Mr. Shy did not authorize his counsel to waive his speedy trial rights and consequently Shy should not be bound by this counsel's unilateral and unsanctioned conduct.

From the time of his arraignment to the time of the consent for excludable delay, no motions by Mr. Shy had been filed that would have delayed the proceedings, there were no plea negotiations, there had been no referrals for mental competency or any other proceeding taken under advisement by the court.

Once Mr. Shy had discovered what had occurred, more than 70 days had passed and as a result Mr. Shy' rights under the Speedy Trial Act (STA), 18 U.S.C. §3161(h) were violated. As a result of this breach of his rights under the STA, he is entitled to dismissal of this action, with prejudice.

## II. LEGAL ARGUMENT

**A. SINCE MR. SHY'S COUNSEL DID NOT HAVE AUTHORITY OR PERMISSION TO WAIVE HIS SPEEDY TRIAL RIGHTS, AND SINCE MR. SHY WAS NOT INFORMED OF THE SAME OR THAT THE GOVERNMENT WAS SEEKING TO DECLARE THIS A COMPLEX CASE, THE WAIVER IS NOT VALID AS TO MR. SHY AND IS THEREFIORE IS NULL AND VOID, RESULTING IN MR SHY'S RIGHTS UNDER THE SPEEDY TRIAL ACT TO BE VIOLATED AND , THEREFORE, ENTITLING HIM TO DISMISSAL OF THE INDICTMENT WITH PREJUDICE.**

Mr. Shy did not know his counsel intended to waive his very important rights provided under the STA. His counsel acted unilaterally and independently, without ever

discussing this waiver with Mr. Shy. Because his agent had no authority to act, any agreements he made "on behalf" of Shy are unenforceable, void and invalid. Mr. Shy ought not be bound by such improper and deceitful conduct.

18 U.S.C. 3161 (c) provides in pertinent part as follows:

**(1)** In any case in which a plea of not guilty is entered, the trial of a defendant charged in an information or indictment with the commission of an offense shall commence within seventy days from the filing date (and making public) of the information or indictment, or from the date the defendant has appeared before a judicial officer of the court in which such charge is pending, whichever date last occurs. If a defendant consents in writing to be tried before a magistrate [United States magistrate judge] on a complaint, the trial shall commence within seventy days from the date of such consent.
**(2)** Unless the defendant consents in writing to the contrary, the trial shall not commence less than thirty days from the date on which the defendant first appears through counsel or expressly waives counsel and elects to proceed pro se.

Mr. Shy did not consent to the extension of the trial beyond 70 days. His lawyer was not given permission to execute any stipulation to extend the dates. Accordingly any action by his lawyer purporting to act on his behalf is of no consequence because he was acting outside his authority and power.

The Speedy Trial Act does provide for conditions that would count for proper and just excludable delay including:

(h) The following periods of delay shall be excluded in computing the time within which an information or an indictment must be filed, or in computing the time within which the trial of any such offense must commence:
    (1) Any period of delay resulting from other proceedings concerning the defendant, including but not limited to--
        (A) delay resulting from any proceeding, including any examinations, to determine the mental competency or physical capacity of the defendant;
        (B) delay resulting from trial with respect to other charges against the defendant;
        (C) delay resulting from any interlocutory appeal;

>   (D) delay resulting from any pretrial motion, from the filing of the motion through the conclusion of the hearing on, or other prompt disposition of, such motion;
>   (E) delay resulting from any proceeding relating to the transfer of a case or the removal of any defendant from another district under the Federal Rules of Criminal Procedure;
>   (F) delay resulting from transportation of any defendant from another district, or to and from places of examination or hospitalization, except that any time consumed in excess of ten days from the date an order of removal or an order directing such transportation, and the defendant's arrival at the destination shall be presumed to be unreasonable;
>   (G) delay resulting from consideration by the court of a proposed plea agreement to be entered into by the defendant and the attorney for the Government; and
>   (H) delay reasonably attributable to any period, not to exceed thirty days, during which any proceeding concerning the defendant is actually under advisement by the court.

18 USC 3161(h)(1).

Here, there were no delays caused by inquiry into the Defendants' competency. There were no other charges brought against Mr. Shy. There was not any interlocutory appeal taken. At the time, there was no delay caused by him or any of the co-defendants filing pre-trial motions. There were no delays resulting from transfers made from other districts or jurisdictions. There were no delays caused from transportation of any defendant from another district, or to and from places of examination or hospitalization. At the time, there was no delay occasioned from consideration by the court of a proposed plea agreement to be entered into by the defendant and the attorney for the Government and there was no proceeding that was under advisement by the Court. In short, there was none of the circumstances contained in the 18 USC 3161(h)(1) reasons that would justify the excludable delay here.

Under the Speedy Act, a trial must commence from filing date of information or

indictment, or from date defendant has appeared before judicial officer of court in which such charge is pending, whichever occurs last. *United States v. Ward*, 211 F3d 356 (7th Cir. 2000). Mr. Shy recognizes that the Speedy Trial Act, 18 USCS §§ 3161 et seq., was not designed to provide a new substantive defense in criminal cases, but rather the Act represents a major congressional effort to implement Sixth Amendment's goal of ensuring that those who are accused of crime, such as him, are brought speedily to trial, and the Act and expresses the public's interest in prompt conviction of guilty if a person is guilty, and a Defendant's interest in prompt acquittal when charge is not supported by evidence. *United States v Bullock*, 551 F2d 1377 (5th Cir. 1977). Defendant shy is entitled to a prompt acquittal of these charges; it is all the more critical since he is detained pending trial. If more than seventy non-excludable days pass before the commencement of trial, the Act mandates the dismissal of the Indictment upon motion by the Defendant. 18.U.S.C. §3162(a)(2).

18.U.S.C. §3162(a)(2) provides as follows:

**(2)** If a defendant is not brought to trial within the time limit required by section 3161(c) [18 USCS § 3161(c)] as extended by section 3161(h) [18 USCS § 3161(h)], the information or indictment shall be dismissed on motion of the defendant. The defendant shall have the burden of proof of supporting such motion but the Government shall have the burden of going forward with the evidence in connection with any exclusion of time under subparagraph 3161(h)(3) [18 USCS § 3161(h)(3)]. In determining whether to dismiss the case with or without prejudice, the court shall consider, among others, each of the following factors: the seriousness of the offense; the facts and circumstances of the case which led to the dismissal; and the impact of a reprosecution on the administration of this chapter [18 USCS §§ 3161 et seq.] and on the administration of justice. Failure of the defendant to move for dismissal prior to trial or entry of a plea of guilty or nolo contendere shall constitute a waiver of the right to dismissal under this section.

Where the Speedy Trial Act under the provisions of 18 USCS §§ 3161, 3162 *et seq.*, is violated, the indictment must be dismissed; however, the court retains broad discretion whether to dismiss indictment with or without prejudice. *United States v Glasscock*, 583 F Supp 2d 1272 (D.C. Kan. 2008). The Court in, *Glasscock, supra,* noted that usually a violation of the Speedy Trial Act alone is not sufficient to dismiss indictment with prejudice, and to do so, the court should consider seriousness of offense, facts and circumstances of case, and other factors impacting upon the administration of justice, which led to dismissal, and impact of reprosecution on administration of justice. Here, the Court should consider the unauthorized conduct of Defendant's counsel in representing to the court impliedly that he had authority to act on behalf of Mr. Shy when in fact he did not. This was a deceit upon the court and Mr. Shy that affects Mr. Shy substantial and important Speedy Trial rights.

A court must be diligent in protecting a Defendant's speedy trial rights. The Act requires the judge to put on the record his or her reasons for finding that the ends of justice outweigh the best interest of the public and the defendant in a speedy trial. §3161(h)(7)(A). As the Supreme Court has recognized, "[t]he strategy of §3161(h)(7)] . . . is to counteract substantive openendedness with procedural strictness." *Zedner v. United States*, 547 U.S. 489, 509, 126 S. Ct. 1976, 1990, 164 L. Ed. 2d 749 (2006). "This provision demands on-the-record findings and specifies in some detail certain factors that a judge must consider in making these findings." *Id.*,126 S. Ct. at 1990.

The Government contends that not all of the Defendants in this conspiracy had appeared and therefore the "speedy trial clock" had not begun to run. Defendant contends

the Government is not allowed an infinite amount of time to have the clock stopped while various person named on the Indictment are rounded up. While it true that when an indictment charges more than one defendant, the speedy trial clock for all defendants typically does not begin to run until the last of the defendants appears. *E.g., United States v. Harris*, 567 F.3d 846, 849 (7th Cir.), *cert. denied*, 130 S. Ct. 1032, 175 L. Ed. 2d 632 (2009), however, there are limitations.

The statute, which authorizes the exclusion of only a "reasonable period of delay" when the defendant is joined for trial with a co-defendant as to whom the time for trial has not yet run**.** §3161(h)(6).The Government bears the burden in establishing that the delay was reasonable. Indeed, at the Status Conference held in this matter on October 6, 2016, the Government advised this Court that the last of the named persons in the Indictment had just been arrested and had not yet even appeared. This means according to the Government's position, the speedy trial clock has not even begun to run as to any of the Defendants, particularly as it relates to Mr. Shy. The Second Superseding Indictment in this matter was unsealed on February 17, 2016. Mr. Shy made his first appearance on March 4, 2016. Mr. Shy submits that the Government was acting in bad faith by not bringing forth all the named Defendants. The Government has made no showing that it was diligently seeking to locate the "missing" defendants, and a person such as Mr. Shy, who self-surrendered is being injured by the Government's lackluster ability to process its case. It is not enough to name defendants. The Government ought not be allowed to lock up some Defendant's indefinitely until the Government gets around to locating the remaining Defendants. This conduct flies in the face of the spirit of the Speedy Trial Act

as well as Mr. Shy's right to a speedy trial under the Sixth Amendment. To conclude, as the Government has, that the clock has not run because the last Defendant has not appeared is not sufficient; the Government must affirmatively show it's due diligence in locating all the missing defendants. Mr. Shy's right under the Act as well as the Sixth Amendment require no less.

When seeking to dismiss an Indictment, the Defendant must first establish a prima facie violation of the Speedy Trial Act. 18 U.S.C §3162(a)(2). Thereafter the Government has the burden of proof by a preponderance of the evidence that there are sufficient excludable days under §3161(h) to reduce the time between the initial appearance and the trial within the 70-day limit imposed by the Act. *United States v. Jenkins*, 92. F.3d 430,438 (6th Cir. 1996)

Moreover, Mr. Shy is justifiably concerned now that his attorney fraudulently consented to the waiver of his speedy trial rights, he will in effect be forever barred from addressing this issues again. For instance, Defendants who initially waived their rights to "speedy trial" under 18 USCS § 3161(a) in 1985 and subsequently requested "speedy trial" almost 3 years after indictments and initiation of 3 trials and 2 appeals were denied their motion to dismiss action on speedy trial grounds, because they had waived their right to dismissal of case for speedy trial violations because they failed to retract their waivers and move for dismissal before first trial. *United States v Kington*, 715 F Supp 781 (N.D. Tex, 1988).

Federal Courts have found counsel incompetent for not asserting a Defendant's

Speedy Trial rights. The Ninth Circuit held that Defense counsel rendered ineffective assistance of counsel when he failed to move for dismissal under 18 USCS § 3162 of mail fraud counts that were filed more than thirty days after his arrest on complaint in violation of 18 USCS § 3161. *United States v Palomba* 31 F.3d 1456, (9th Cir. 1994). There, the Court found that the superseding indictment charged defendant in untimely manner with an offense, which was contained in complaint but was not preserved against dismissal either by facial factual differences or by inclusion in timely original indictment.

When presented with a similar fact pattern, a Judge sitting in the Eastern District of Michigan, Southern Division, did in fact grant a dismissal with prejudice. In the matter of *United States v. Duane Berry*, No. 10-cr-20653. There, Berry was charged with bank fraud and there were numerous continuances in the case, including one to "work out a plea agreement." (P.3)[1] Thereafter, another continuance was entered but it was revealed that neither Berry nor his attorney had consented to the continuance. (P.4). Subsequently the Government filed another superseding Indictment, and frustrated, Berry terminated his attorney, and decided to represent himself, with stand-by counsel. (P.5).

The Court in Berry concluded that the Government could not establish a sufficient basis to find excludable delay because there were no genuine plea negotiations. The Court was also very concerned that a stipulation for continuance was entered without Berry's or his attorney's permission or knowledge. The Court noted that the STA does not specify whether the dismissal should be with or without prejudice, nor does the Act contain a default presumption one way or the other. *United States v Robinson*, 389 F.

---

[1] See Berry Opinion attached hereto.

3d 582, 586 (6th Cir. 2004). The Court citing *United States v. Taylor,* 487 U.S. 326, 334 (1988) held that when making the determination to dismiss with or without prejudice, the district court is obligated to make findings concerning three factors: (1) The seriousness of the offense; (2) the facts and circumstances of the case that led to the dismissal; and, (3) the impact of a reprosecution on the administration of the Act and on the administration of justice. Judge Drain concluded that dismissal with prejudice requires a truly neglectful attitude or bad faith or a pattern of neglect or serious misconduct, as well as prejudice to the defendant. See, <u>United States v. Wells</u>, 893 F.3d 535, 539 (2d Cir. 1990).

<u>Seriousness of the Offense</u>

The charges here are very serious. The Government alleges RICO violations related to street gang activity. Death sentences are potentially under consideration for two of the Defendants. However, Mr. Shy is not charged with the most serious charges, and in the RICO count, the allegations relating to Mr. Shy refer to a couple of drug arrests (not convictions) over five years ago, and more recently, he was driving an automobile where a had gun was alleged to have been tossed. Shy was not charged in in that matter. The Government further alleges that Shy must be a member of the Seven Mile Bloods since he was associating with known members of that gang. The fact is that Mr. Shy did attend a memorial for a young man slain who he (shy) knew from grade school. There is very little evidence against Mr. Shy that has been provided thus far. So to him, the charges are less serious and the evidence against him is questionable and or non-existent.

2. Facts and Circumstances of the Delay

Mr. Shy is detained. He has been continuously detained since his arrest, over 8 months now. He denies that he is a member of the SMBs and from the evidence that he has observed to date, there is nothing linking him to any wrongdoing. It was and continues to be his position that he wants his trial as soon as possible to he can be exonerated. He is presumed to be innocent and he wants his day in court as soon as possible to he can be vindicated and ultimately released so he can return home. Therefore he would never have agreed or consented to any continuances. He does not believe the Government can prove him guilty beyond a reasonable doubt. It came a complete shock when he discovered that his recently retained attorney consented to the continuance without ever having talked to him about this very import issue. This was a misrepresentation to him as well as the court; the misrepresentation being the appearance that the attorney had authority to act, when he did not.

The prejudice is severe to Mr. Shy for the reason that this waiver will lead to a slippery slope since at the point it was granted, no substantive motions had been filed by any of the co-defendants and he will now be precluded from contesting this issue. Moreover, he is detained and this unauthorized continuance has resulted in the continued deprivation of freedom.

3. Impact on Reprosecution of the Administration of Justice.

Here, similar to the *Berry* case, there was a false representation made to the detriment of Mr. Shy. His attorney represented to the Court that he had authority to act on behalf of Mr. Shy on this issue. In fact, his had not consulted him before agreeing to the

continuance. He acted in way totally objected to by Mr. Shy. As a result, Mr. Shy lost faith in defense counsel and his faith in him getting a fair trial has been damaged. Mr. Shy believes that this conduct on behalf of his counsel has severely and negatively impacted upon the administration of justice.

RELEIF REQUESTED

WHEREFORE, for the foregoing reasons, Defendant Arlandis Shy, II prays that this Honorable Court find that his rights under the Speedy Trial Act be granted, and that this Court dismiss this matter with prejudice.

Respectfully submitted,

By  /s/Mark H Magidson
MARK H. MAGIDSON
Attorney for Defendant Shy
615 Griswold, Suite 810
Detroit, MI 48226
(313) 963-4311