UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

        Plaintiff,

                                        Case No.  15-CR-20652-13
vs.                              HON.  GEORGE CARAM STEEH

D-13 ARLANDIS SHY, II,

        Defendant.
_____/

## ORDER DENYING MOTION TO DISMISS [DOC. 316]

This matter is before the court on defendant Arlandis Shy's motion to dismiss based upon violation of the Speedy Trial Act.  Mr. Shy's motion is based on the premise that his former attorney consented to a continuance in this matter without consulting Shy as to whether he would agree to waive his rights under the Speedy Trial Act.  For the reasons set forth below, defendant's motion to dismiss is DENIED.

The Speedy Trial Act generally requires that the trial of a defendant shall commence within 70 days from the filing date of the indictment or the date the defendant appeared before a judicial officer, whichever occurs later.  18 U.S.C. 3161(c). In this case, Mr. Shy was arraigned on March 7, 2016, after turning himself in to authorities, at which time he was ordered detained.  The indictment charging Mr. Shy also charged 14 co-defendants with various offenses, including RICO Conspiracy in connection with the Seven Mile Bloods street gang.

On May 12, 2016, the government filed a motion to designate the case as a complex case and for excludable delay under the Speedy Trial Act.  The reasons given for seeking the designation and delay included the nature of the charges, the death

-1-

penalty protocols, the voluminous discovery, and the number of defendants.  The government further explained that designating the case as complex would assist the defense counsel in obtaining additional CJA funding.  All of the co-defendants' counsel, including Mr. Shy's former counsel, consented to a continuance.  Mr. Shy argues that he was not consulted about his consent and if he had been consulted he would not have given consent.  Mr. Shy argues that more than 70 days has passed since his arraignment and therefore his rights under the Speedy Trial Act have been violated.  As a result of this alleged breach of his rights he seeks dismissal of the action against him. 18 USC 3162(a)(2).

When an indictment charges more than one defendant, the speedy trial clock does not begin to run for any defendants until the last of the defendants appears.  The statute authorizes a "reasonable period of delay" for a defendant who is joined for trial with a co-defendant as to whom the time for trial has not yet run.  18 U.S.C. 3161(h)(6). Defendant Shy argues that the government has not met its burden of establishing that the delay is reasonable.

The government describes its significant efforts in locating and arraigning co-defendant Derrick Kennedy, the only co-defendant not yet arraigned.  Mr. Kennedy was finally located on August 15, 2016 and is in U.S. Marshal custody, in the process of being returned to this district.  Mr. Shy is charged in the same two counts as Kennedy, and they are charged as members of the same enterprise.  The delay in this instance is necessary as these co-defendants are joined for trial and Shy has not moved for a severance from Kennedy.  *See United States v. Monroe*, 833 F.2d 95, 100 (6th Cir. 1987).

In addition, on May 12, 2016, the government filed a motion seeking to have the case designated as complex, pursuant to U.S.C. 3161(h)(7)(B)(ii), and to toll the speedy trial clock.  No defense counsel objected and the court granted the motion, excluding the time between May 5, 2016 and September 7, 2016 from the speedy trial calculation.  Since that time, the court has ordered the time between September 6, 2016 and November 21, 2016, the date of the next pretrial status conference, excluded from the speedy trial calculation.  While defendant Shy argues that he did not give his former attorney consent to stipulate to designating the case as a complex case, the Speedy Trial Act permits the court to grant excludable delay on its own motion, or on the request of a defendant, defense counsel or the government.  18 U.S.C. 3161(h)(7)(A).  In this case the delay was requested by the government and the court agreed that designating the case as complex made sense given the nature of the prosecution, volume of discovery and nature of the evidence.  The bottom line is that defendant's consent is not required.  Now, therefore, for the reasons stated above,

IT IS HEREBY ORDERED that defendant Shy's motion to dismiss is DENIED.

Dated:  November 3, 2016

s/George Caram Steeh
GEORGE CARAM STEEH
UNITED STATES DISTRICT JUDGE

---

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on November 3, 2016, by electronic and/or ordinary mail.

s/Marcia Beauchemin
Deputy Clerk