UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA        NO.  15-20652

          v.                   HON. GEORGE CARAM STEEH

D-1   BILLY ARNOLD,
D-2   STEVEN ARTHUR JR.,
D-3   EUGENE FISHER,
D-4   COREY BAILEY,
D-5   QUINCY GRAHAM,
D-6   ROBERT BROWN II
D-7   JEROME GOOCH
D-8   MICHAEL ROGERS
D-10  DEVON PATTERSON
D-11  CHRISTOPHER OWENS
D-12  JEFFERY ADAMS
D-13  ARLANDIS SHY II
D-14  ANTHONY LOVEJOY
D-15  DIONDRE FITZPATRICK
D-16  JAMES ROBINSON
D-17  DONELL HENDRIX
D-18 MATLEAH SCOTT

_____/

## GOVERNMENT'S MOTION REQUESTING AN ORDER OVERRULING DEFENDANTS' OBJECTION TO EXLUDABLE DELAY AND TO MAKE CERTAIN FINDINGS UNDER THE SPEEDY TRIAL ACT

NOW COMES the United States, by and through its attorneys, BARBARA L.

1

MCQUADE, United States Attorney, Christopher Graveline, Michael Martin, and Rajesh Prasad, Assistant United States Attorneys, and hereby moves that the Court make certain findings under the Speedy Trial Act, specifically 18 U.S.C. § 3161(7)(A) et seq., as follows:

1.  A federal grand jury returned a Third Superseding Indictment on September 21, 2016 charging eighteen defendants with thirty-six counts.

2.  Count One of that indictment, Criminal No. 2:15-cr-20652, avers that, beginning on a date unknown, but at least as early as 2003, and continuing to on or about the date of indictment, all of the charged defendants, with the exception of Matleah Scott, conspired to conduct and participate in the conduct of the affairs of the criminal enterprise of the Seven Mile Blood enterprise, through a pattern of racketeering activity, in violation of 18 U.S.C. § 1962(d). Count One avers that the pattern of racketeering activity consisted of multiple acts indictable under federal law, including murder, conspiracy to distribution and distribution of controlled substances, and witness intimidation.

3.  Four of the defendants, Billy Arnold, Corey Bailey, Robert Brown, and Matleah Scott are currently charged in death-eligible counts (Counts Two, Three, Four,

Five, Sixteen, and Seventeen). The parties are following the death penalty protocol as set forth in the United States Attorney's Manual in determining whether the United States will be seeking the death penalty in this case. Additional time will be needed pretrial in order for the parties to assess both aggravating and mitigating factors that will influence that decision.

4.      This indictment is the result of a complex investigation conducted by the Federal Bureau of Investigation, Drug Enforcement Administration, Bureau of Alcohol, Tobacco, and Firearms, and the Detroit Police Department who have coordinated with West Virginia state and federal law enforcement agencies.

5.      The Government's evidence in this case includes cell tower data from certain defendants' phones. Law enforcement has seized multiple phones associated with the defendants and is currently conducting forensic analysis of these items.

6.      The Government's evidence in this case also includes physical evidence and documents seized from the execution of search warrants as well as evidence gathered from shooting and other crime scene.

7.      The Government anticipates that it will call numerous trial witnesses and introduce over one hundred pieces of physical evidence and expert testimony to address

the forensic analysis conducted by the government.

8.      The Court has already designated this case as complex, pursuant to §
3161(h)(7)(B)(ii), so as to toll the Speedy Trial Clock.  *See* Docket Entry (DE) 202.

9.      All of the defendants have now made their initial appearance and have
been arraigned on this Third Superseding Indictment as of November 21, 2016.

10.     All defendants remain joined for trial.

11.     The government is now seeking to exclude the next 120 days from the
Speedy Trial Clock calculation in order to complete discovery, allow defense counsel
time to review discovery and to formulate motions, and to work through the death
penalty protocols for the defendants facing death-eligible charges.

12.     Defendants Arthur, Fisher, Bailey, Brown, Kennedy, Patterson, Owens,
Adams, Lovejoy, Fitzpatrick, Robinson, Hendrix, and Scott all concur in the exclusion
of this time from the speedy trial calculation.

13.     Defendants Graham, Gooch, Rogers, and Shy object to the requested
relief.  Undersigned counsel has not been able to confirm defendant Arnold's position
on this motion.

## BRIEF IN SUPPORT

### I.    LAW

18 U.S.C. §3161(h)(7)(A) provides that a Court may set a trial date outside of the Speedy Trial Act's 70-day rule "if the judge grant[s] such continuance on the basis of his findings that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial."  When granting such an "ends of justice" continuance, a Court may consider a number of factors including whether failure to grant a continuance would result in a miscarriage of justice or whether the case is so unusual or complex, due to the number of defendants, [or] the nature of the prosecution that it would be unreasonable to expect adequate preparation for pretrial proceedings or for trial itself.  *See* 18 U.S.C. §3161(h)(7)(B).

Moreover, 18 U.S.C. §3161(h)(6) provides that where multiple defendants are charged together, and no severance has been granted, one speedy trial clock governs. *United States v. Blackmon*, 874 F.2d 378, 380 (6th Cir. 1989); *United State v. Cope*, 312 F.3d 757, 776-777 (6th Cir. 2002).  Thus, "the excludable delay of one defendant is ascribed to that of all of his codefendants." *Id.* at 777, *citing United States v. Culpepper*, 898 F.2d 65, 66-67 (6th Cir. 1990); *see also Coviello v. United States,* 287 Fed. App'x 503, 507 (6th Cir.

2008) (holding that the speedy trial clock started when the last co-defendant who was joined for trial was arraigned).  Moreover, "[b]y its terms, § 3161(h)(7)(A) does not require a defendant's consent to the continuance 'if the judge granted such a continuance on the basis of his findings that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial.'" *United States v. Sobh,* 571 F.3d 600, 603 (6th Cir. 2009); *accord United States v. Stewart,* 628 F.3d 246, 254 (6th Cir. 2010); *see also United States v. Al-Arian,* 267 F.Supp.2d 1258, 1263-1264 (M.D.Fla. 2003); *United States v. Mayfield,* 2008 WL 1744733 (D.N.J. 2008) (unpub.) ("nothing in the statute requires that the defendant consent to a continuance").

## II. ARGUMENT

Defendants Graham, Gooch, Rogers, and Shy currently stand joined for trial with fourteen co-defendants.  With the Third Superseding Indictment, the Speedy Trial clock reset as to all defendants and a new clock now governs. *See* 18 U.S.C. §3161(h)(6); *Culpepper,* 898 F.2d at 66-67.  None of the objecting defendant have filed a motion to sever.  The charges allege numerous criminal acts that form a continuing pattern of misconduct that the Government intends to prove through evidence from numerous individuals, dozens of incidents of law enforcement action, and over one hundred

6

exhibits.  The discovery is voluminous and the charges are complex to the point that it would be unreasonable to expect adequate preparation for pretrial proceedings or for the trial itself within the time parameters laid out by the Speedy Trial Act.  The other defendants recognized this recitation of the state of the case to be accurate and have thus concurred in agreeing to another 120-day continuance and excludable delay.

Consequently, for the reasons stated above, the government would request that the Court enter an order overruling the defendants' objection to a 120-day continuance and make findings consistent with its previous order finding this case to be complex and thus, the 120 days between November 21, 2016 and March 20, 2017 to be excludable under the Speedy Trial Act.

## CONCLUSION

For all of the reasons stated above, the Government requests the Court to grant this instant motion.

Respectfully submitted,

Dated: November 21, 2016          BARBARA L. McQUADE
                                  UNITED STATES ATTORNEY
                                  /s/ Christopher Graveline
                                  Christopher Graveline (P69515)

7

Rajesh Prasad (P68519)
Michael C. Martin
Assistant United States Attorneys
211 Fort Street
Suite 2001
Detroit, MI 48226
(313) 226-9155
christopher.graveline2@usdoj.gov

## <u>CERTIFICATE OF SERVICE</u>

I HEREBY CERTIFY that on November 21, 2016, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF, for uploading and service by electronic notice to counsel and parties authorized to receive electronically Notices of Electronic Filing.

/s/ Christopher Graveline
Christopher Graveline (P69515)
Assistant United States Attorney
