UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

   Plaintiff,

-vs-            Case No. 15-cr-20652
              Hon. George Caram Steeh

(D-13) ARLANDIS SHY, II,

   Defendant.

_____

### DEFENDANT (D-13) SHY'S RESPONSE
### TO *GOVERNMENT'S MOTION REQUESTING AN ORDER OVERRULING DEFENDANTS' OBJECTION TO EXCLUDABLE DELAY AND TO MAKE CERTAIN FINDINGS UNDER THE SPEEDY TRIAL ACT*

Defendant, (D-13) ARLANDIS SHY, II, moves this Honorable Court to deny the Government's motion for a 120 day continuance for the following reasons:

1. Defendant, (D-13) Alrandis Shy, II, is charged in the Third Superseding Indictment for being in violation of Count One, RICO Conspiracy, contrary to 18 U.S.C. §1962(d) and, Count thirty-two, possession of a Firearm in Furtherance of a crime of Violence, contrary to 18 U.S.C. §§924(c).

2. There are 18 co-defendants charged in this RICO conspiracy case, and six co-defendants are charged with multiple counts of murder and attempted murder in aid of racketeering. (Billy Arnold (D-1); Eugene Fisher (D-3); Robert Brown (D-6); Corey Bailey (D-4); James Robinson (D-16); and Matleah Scott (D-18)—Counts 2, 4, 6-8, 13, 16, 18-20, 25, and 28).

Page 1 of 6

3.  Defendant filed a motion to sever co-defendants' trials (Doc. # 421), arguing that his case has been improperly joined under Fed. R. Crim. P. 8(b) because his offenses are unrelated to the six co-defendants charged with murder and attempted murder.

4.  Defendant also moved for severance because he will be prejudiced, under Fed. R. Crim. P. 14(a), if he must go to trial for drug and firearm possession with 17 other co-defendants as well as co-defendants facing multiple counts of murder and attempted murder.

5.  Defendant's case was improperly joined with the death eligible and capital co-defendants' cases, and a 120 day continuance would violate his Speedy Trial Act rights.

WHEREFORE, Defendant (D-13) Shy moves this Honorable Court to deny the Government's motion for a 120 day continuance; or alternatively, to sever defendants' trials.

Date: November 26, 2016

Respectfully submitted,

By: s/Mark H. Magidson
    MARK H. MAGIDSON (P25581)
    Attorney for Defendant Shy
    615 Griswold, Ste. 810
    Detroit, MI 48226
    (313) 963-4311

**BRIEF**
**IN SUPPORT OF**
**DEFENDANT (D-13) SHY'S MOTION TO SEVER CO-DEFENDANTS' TRIALS**


The Speedy Trial Act requires that a defendant's trial begin within 70 days after his indictment or his first appearance before a judicial officer, whichever is later. 18 U.S.C. § 3161(c)(1). A delay beyond the 70-day period attributable to joinder is not a ground for a severance, per se, because the Speedy Trial Act contains an express exclusion of a "reasonable period of delay when the defendant is joined for trial with a co-defendant as to whom the time for trial has not run and no motion for severance has been granted." 18 U.S.C. § 3161(h)(6). That is, a single speedy trial clock governs and delay attributable to any one defendant is applicable to all defendants. "The only inquiry made in such multiple defendant cases is whether the delay is 'reasonable.' " *United States v. Gambino*, 59 F.3d 353, 362 (2d Cir. 1995). Moreover, a defendant must expressly move for severance on the ground of seeking a speedy trial to trigger this reasonableness requirement. *United States v. Vasquez*, 918 F.2d 329 (2d Cir. 1990).

The Government argues that a 120 day continuance is necessary because of the complexity of this case, the amount of evidence and witnesses, the death penalty protocols, and because all eighteen defendants have been joined. (Doc. # 419, Pg ID 1799-1801).

For those reasons, in part, Defendant filed a motion to sever the co-defendants' trials (Doc. # 421) arguing that his case had been improperly joined with the death eligible and capital defendants' cases, and because he would be prejudiced by their joinder. Defendant case should be severed from the death eligible and capital co-defendants' cases, and Defendant's Speedy Trial Act rights should be preserved.

Page 3 of 6

In *United States v. Byrd*, 466 F. Supp. 2d 550 (S.D.N.Y. 2006), the New York District Court granted a co-defendant's motion to sever his trial from the death eligible co-defendants' trial. *Id*. at 551. The court granted that motion because the Government's delay was unreasonable. *Id*. at 553. At the initial pretrial conference, the Government asked for an eight month continuance to determine whether it would seek the death penalty for the eligible defendants. *Id*. at 552. Defendant moved for severance, and as part of its response, the Government admitted that its capital authorization decision would take far longer than the original eight months estimated and no additional estimate was offered. *Id*. The district court made the following analysis regarding the reasonableness of the delay:

> Given that the Government has designated no fewer than five of Manuel's co-defendants as eligible for the death penalty, sheer probability suggests that one or more will be recommended for the death penalty, in which case, judging again from this District's experience, the case may not be brought to trial until years after indictment. Even if that proves not to be the case, the Government's own current estimates suggest that the trial of this case, so far as the death-eligible defendants are concerned, will not likely occur before next Fall, at earliest. From the standpoint of a defendant like Manuel who is not eligible for the death penalty, who has pleaded not guilty, who is being detained without bail, and who has expressly invoked his Speedy Trial rights, such a delay is unreasonable and totally at variance with the fundamental purposes of the Speedy Trial Act. The Government has not pointed the Court to a single decision of the Second Circuit Court of Appeals approving a delay of anywhere near this length. [Byrd, supra 466 F. Supp. 2d at 552-53.]

The Government here is moving for a 120 day continuance, but the actual delay will likely be much longer based upon the "sheer probability" that one out of the four death eligible defendants will be recommended for the death penalty. *Id*.

The ends of justice are not served by a continuance, and it is not in the best interest of the public and defendant's in a speedy trial. Severance accomplishes those goals because joinder is improper and prejudicial to defendant, delaying his trial unreasonably.

The Defendant's alleged drug possession on or about July 2008, January 2009, and April 2009 (Doc. # 321, Pg ID 1419-20), has no connection with the murders and attempted murders committed on or about June 7, 2006; July 14, 2014; May 1, 2015; May 8, 2015; May 10, 2015; and June 7, 2015.

In the April 2, 2009 allegation against Defendant, he was arrested alone in West Virginia. There is no allegation linking that incident to the SMB enterprise. The other two allegations against Defendant involve SMB members, but not the six co-defendants charged with murder and attempted murder. Defendant's alleged acts occurred 2 years after the first murder, and over 5 years before the next murder. There is no common scheme or logically interrelated series of acts between the allegations of Defendant Shy possessing drugs on three incidents and the murders and attempted murders.

The capital defendants and non-capital defendants have antagonistic interests before going to trial. The death eligible and capital defendants have an interest in protracted pretrial proceedings in order to investigate, research, argue motions, and present mitigating evidence before going to trial in front of a death certified jury.

Defendant objects to any continuances in violation of his Speedy Trial Act rights and wants to go to trial as soon as possible. If the defendants' trials are not severed, the trial date will likely far exceed the time necessary to bring Defendant and the other non-capital defendants to trial because of the preparation necessary for four death eligible defendants out of eighteen total co-defendants.

WHEREFORE, Defendant (D-13) Shy moves this Honorable Court to deny the

Government's motion for a 120 day continuance; or alternatively, to sever defendants' trials.

Date: November 26, 2016

Respectfully submitted,

By: s/Mark H. Magidson
   MARK H. MAGIDSON (P25581)
   Attorney for Defendant Shy (D-13)
   615 Griswold, Ste. 810
   Detroit, MI 48226
   (313) 963-4311

## CERTIFICATE OF SERVICE

I certify that on November 26, 2016 I electronically filed the above response with the

Clerk of the Court using the ECF system, which will send notification of such filing to the parties

of record.

By: s/Mark H. Magidson
   MARK H. MAGIDSON (P25581)
   Attorney for Defendant Shy (D-13)