# UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

| | 100 EAST FIFTH STREET, ROOM 540 | |
|---|---|---|
| Deborah S. Hunt | POTTER STEWART U.S. COURTHOUSE | Tel. (513) 564-7000 |
| Clerk | CINCINNATI, OHIO 45202-3988 | www.ca6.uscourts.gov |

Filed: March 24, 2017

Mr. Christopher Graveline
Law Office
211 W. Fort Street
Suite 2001
Detroit, MI 48226

Mr. Mark Henry Magidson
615 Griswold
Suite 810
Detroit, MI 48226

          Re:  Case No. 16-2749, *USA v. Arlandis Shy, II*
               Originating Case No. : 2:15-cr-20652-13

Dear Counsel,

   The Court issued the enclosed (Order/Opinion) today in this case.

                                 Sincerely yours,

                                   s/Laura A. Jones
                                   Case Manager
                                   Direct Dial No. 513-564-7023

cc:  Mr. Rajesh Krishna Prasad
      Mr. David J. Weaver

Enclosure

Mandate to issue

No. 16-2749

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff-Appellee, | ) | |
| | ) | |
| v. | ) | O R D E R |
| | ) | |
| ARLANDIS SHY II, | ) | |
| | ) | |
| Defendant-Appellant. | ) | |

**FILED**
Mar 24, 2017
DEBORAH S. HUNT, Clerk

Before: GILMAN and GIBBONS, Circuit Judges; HOOD, District Judge.*

Defendant Arlandis Shy was charged with racketeering conspiracy and possession of a firearm in furtherance of a crime of violence. He now appeals a pretrial detention order. The government maintains that the pretrial detention order should be affirmed. We address the appeal in an expedited manner and unanimously conclude that oral argument is unnecessary. Fed. R. App. P. 34(a)(2)(C).

Our review of the district court's factual determinations is for clear error. We review mixed questions of law and fact, including whether detention is warranted, *de novo*. *United States v. Stone*, 608 F.3d 939, 945 (6th Cir. 2010). A defendant must be detained pending trial if, after conducting a hearing, a judicial officer determines that "no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of any other person and the community[.]" 18 U.S.C. § 3142(e)(1). In making an individualized determination, the judicial officer must take into account any available information concerning: (1) the nature and circumstances of the offense charged; (2) the weight of the evidence against the defendant; (3) the history and

---

* The Honorable Joseph M. Hood, United States District Judge for the Eastern District of Kentucky, sitting by designation.

characteristics of the defendant; and (4) the nature and seriousness of the danger to any person or the community that would be posed by the defendant's release. *Id*. §§ 3142(g)(1)–(4). In addition, because Shy is charged with a violation of 18 U.S.C. § 924(c), he is subject to a rebuttable presumption that no conditions would reasonably assure his appearance or the safety of the community. 18 U.S.C. § 3142(e)(3)(B). The rebuttable presumption imposes a burden of production on Shy. But even when a defendant meets the burden of production, the presumption remains a factor to be considered by the court. *Stone*, 608 F.3d at 945.

The government notes that after the district court issued the pretrial detention order, a fourth superseding indictment was filed. That indictment charges Shy with nine additional counts, including murder in the aid of racketeering, use of firearms in furtherance of a crime of violence causing death, attempted murder in the aid of racketeering, and assault with a dangerous weapon in aid of racketeering. Although we may take judicial notice of the filing of the fourth superseding indictment, *see* Federal Rule of Evidence 201, because the district court did not address the additional charges against Shy, we likewise do not consider them in reviewing the district court's order.

The record demonstrates that the district court considered the relevant statutory factors, including the statutory presumption, and we find no clear error in the district court's findings. Upon *de novo* review, we agree that no condition or combination of conditions will reasonably assure the safety of the community if Shy is released. The district court's pretrial detention order is therefore **AFFIRMED**.

                                      ENTERED BY ORDER OF THE COURT

                                      Deborah S. Hunt, Clerk