UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,          CRIM. NO. 15-cr-20652

                         Plaintiff,          HON. GEORGE CARAM STEEH

        v.

BILLY ARNOLD, et al.,

                         Defendants.
_____/

## Emergency Motion for Reconsideration of Order Denying Government's Motion to Continue Trial

The government moves for reconsideration of the Court's order denying a continuance of the trial in this case, which is currently set to begin on June 5, 2018. More specifically, the government moves for a 90-day continuance and for a finding under 18 U.S.C. § 3161(h)(7) that the ends of justice served by the continuance outweigh the best interest of the public and the defendants in a speedy trial. The defendants opposed the initial oral motion made by the government. However, the government believes that if the Court considers the more compelling rationale for the continuance, and the full breath of the prejudice and potential damage to the government's case, which is more fully detailed

1

herein, it will provide the Court the opportunity to correct a palpable defect that would result in a different disposition.   LR 7.1(h).   The government recognizes that its request is unusual and that a last-minute continuance will inconvenience both the Court and the jurors who have filled out their questionnaires. But the circumstances necessitate a continuance.

*First*, the government learned only yesterday that its lead trial attorney will be resigning from the office on June 1, 2018. That lead attorney has led the investigation and prosecution in this case for three years and has had the primary—and often, sole—responsibility for marshaling the evidence and witnesses for trial. And this is an incredibly resource-intensive trial. There are six defendants. The government's trial presentation will last over two months and involve over 150 witnesses and several hundred exhibits, all of which are necessary to prove the RICO conspiracy and VICAR counts alleged in the indictment. This trial also differs somewhat from the previous trial in this case, both in the types and significance of the racketeering activity and in the evidence needed to prove it. Even the most experienced AUSA, even with the

assistance of co-counsel who are familiar with the case, cannot sufficiently prepare for a trial of that magnitude in 13 days. Moreover, the office has yet to identify a successor candidate who can drop all of their other current matters, and take responsibility for this case.

*Second*, this is an important case. The six defendants scheduled for trial on June 5th are the leaders and some of the most violent members of one of Detroit's most violent gangs. Their list of murders alone is staggering. It would be unfair to the victims of those crimes—and to their families—if the government were forced to prosecute these defendants with such an extraordinary handicap. The prejudice to the Government would be tremendous.

*Third*, the Speedy Trial Act permits an ends-of-justice continuance in these circumstances. Congress designed the statute's ends-of-justice provision, 18 U.S.C. § 3161(h)(7), to furnish "flexibility." *Zedner v. United States*, 547 U.S. 489, 498 (2006). The defendants do not need to agree to an ends-of-justice continuance for this Court to grant one. *United States v. Sobh*, 571 F.3d 600, 603 (6th Cir. 2009). Ends-of-justice continuances are appropriate to avoid "a miscarriage of justice," 18 U.S.C.

§ 3161(h)(7)(B)(i), to permit "adequate preparation . . . for the trial" in an "unusual" or "complex" case, id. § 3161(h)(7)(B)(ii), and even in a simple case, to permit "the attorney for the Government the reasonable time necessary for effective preparation, taking into account the exercise of due diligence," *id*. § 3161(h)(7)(B)(iv).

Those factors overwhelmingly favor a continuance. The lead trial attorney here has spent years developing a uniquely specialized knowledge of the charges and evidence in this case. That knowledge simply cannot be replicated in under two weeks. Asking any AUSA, even an experienced AUSA, to try a two-month, six-defendant RICO and VICAR case on only 13 days' notice would not permit effective—or even "adequate"—preparation. 18 U.S.C. § 3161(h)(7)(B)(ii). It would also risk a "miscarriage of justice," *id*. § 3161(h)(7)(B)(i), where the trial ends up hinging on the AUSA's unfamiliarity with the evidence, rather than the evidence itself. And, notably, if a *defendant* were forced or permitted to substitute a new attorney 13 days before trial, there would be little question that he would receive a continuance. *See, e.g., United States v. Richardson*, 681 F.3d 736, 740 (6th Cir. 2012). The result should be the

4

same for the other side, particularly when that other side has the burden of proof.

Courts of appeals agree. In *United States v. DiTommaso*, for example, the district court granted a seven-week continuance where the government's "chief prosecutor" suddenly became unavailable. 817 F.2d 201, 210 (2d Cir. 1987). On appeal, the Second Circuit found "no abuse of discretion" in the district court's "tolling of the clock to enable new assistant prosecutors to prepare for trial." *Id*. The Second Circuit emphasized that the continuance was not only permissible under the Second Circuit's speedy-trial guidelines, but also "equally defensible" as an "exclusion of time [that] satisf[ied] the 'ends of justice.'" *Id*. Other courts of appeals have approved ends-of-justice continuances in similar circumstances. *United States v. Robey*, 831 F.3d 857, 863 (7th Cir. 2016) (upholding the government's requested ends-of-justice continuance as "a reasonable decision," in part because "the government had recently changed counsel"); *United States v. Thai*, No. 94-10524, 1996 WL 623053, at *1 (9th Cir. Oct. 24, 1996) (upholding an ends-of-justice continuance "to give a newly-assigned Assistant U.S. Attorney time to prepare for

trial" in what was then a three-defendant case). A continuance is equally justified here.

*Fourth*, the government is asking for a continuance of only 90 days, the bare minimum necessary for a new attorney to become familiar enough with the case to proceed to trial. The government does not make that request lightly. The government understands that even a continuance of that length will be disruptive for everyone involved in this case. But given the unavoidable lateness and suddenness of the government's need to replace its lead trial attorney, a continuance is necessary.

Respectfully submitted,

MATTHEW SCHNEIDER
UNITED STATES ATTORNEY

Dated: May 23, 2018          /s/ Eric M. Straus
                             ERIC M. STRAUS
                             Assistant U.S. Attorney
                             211 W. Fort Street, Suite 2001
                             Detroit, MI 48226
                             313-226-9648
                             Eric.Straus@usdoj.gov

6

## <u>CERTIFICATE OF SERVICE</u>

I HEREBY CERTIFY that on May 23, 2018, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF, for uploading and service by electronic notice to counsel and parties authorized to receive electronically Notices of Electronic Filing.

<u>/s/ Eric M. Straus</u>
Eric M. Straus
Assistant U.S. Attorney