UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

-vs-                                          Case No. 15-cr-20652
                                            HON. GEORGE CARAM STEEH

(D-13) ARLANDIS SHY, II,

    Defendant.

_____

**DEFENDANT SHY'S MOTION IN LIMINE TO PRECLUDE EVIDENCE**

      Defendant moves this Honorable Court, under Fed. R. Crim. P. 16(d)(2)(C), to preclude alleged Facebook evidence that the government prejudicially and incompletely disclosed late before trial in violation of Defendant's rights to Counsel, preparation of a defense, Confrontation, and Due Process and Fair Trial under the Fifth, Sixth, and Fourteenth Amendments to the US Constitution.

Date: May 25, 2018

                                          Respectfully submitted,

                                          By: s/*Mark H. Magidson*
                                          MARK H. MAGIDSON (P25581)
                                          Attorney for Defendant Shy (D-13)
                                          815 Griswold, Suite 810
                                          Detroit, MI 48226
                                          313-963-4311;  313-995-9146  fax
                                          mmag100@aol.com

# BRIEF IN SUPPORT OF
# DEFENDANT SHY'S MOTION IN LIMINE TO PRECLUDE EVIDENCE

## FACTS

Defendant is charged in the Fifth Superseding Indictment (Doc. 704) with Count 1, RICO Conspiracy; Count 16, Murder in Aid of Racketeering; Count 17, Use of Firearm in Furtherance of a Crime of Violence Causing Death; Counts 18-20, Attempted Murder in Aid of Racketeering; Count 21-23, Assault with a Dangerous Weapon in Aid of Racketeering; Count 24, Use and Carry of a Firearm During, and in Relation to, a Crime of Violence; and Count 32, Possession of a Firearm in Furtherance of a Crime of Violence.

This is a complex mega case involving six defendants in Trial Group 2.

Defendant joined a motion compelling the government to produce discovery. (Joinder Notice, Doc. 281). The government has produced voluminous discovery that defense counsel and second counsel have spent months reviewing. Part of that discovery included thousands of pages of Facebook entries for the co-defendants, but not for Defendant Shy. The defense has had access to the co-defendants' voluminous Facebook discovery for nearly a year.

On May 18, 2018, the government disclosed a six thousand page discovery document that allegedly shows the warrant returns for Defendant Shy's Facebook account. This discovery is not Jencks Act material.

After reviewing a few hundred pages of that discovery, defense counsel sent an email to the Assistant US Attorney on May 19, 2018, requesting identification the relevant entries that the government would use at trial. The Assistant US Attorney sent a reply email the next day stating that he would provide that identification within a day.

Later, on May 22, 2018, the Assistant US Attorney Chris Graveline indicated to defense counsel that the discovery of Defendant Shy's alleged Facebook account contained very incriminating evidence against Defendant, which amounted to a confession.

The government has not provided that identifying discovery by the time of filing this motion.

It will be fundamentally unfair to require Defendant to review and confront the lately disclosed, six thousand pages of allegedly incriminating Facebook discovery before trial. Defendant cannot challenge the credibility of the evidence, develop a defense, alibi, cross examine, or consider any other trial strategies regarding this evidence.

Defendant Shy has been incarcerated without bond since March 2, 2016. Defendant has opposed prior continuances of his trial, and he opposed the

government's most recent motions for another continuance. (Order, Doc. 1021, Page ID 9569, 9571-72). Defendant refuses to waive his Speedy Trial Rights.

## ARGUMENT

Defendant joined a motion compelling the government to produce discovery. (Joinder Notice, Doc. 281).

The government has a duty to produce and disclose the substance of any oral, written, or recorded statements of a defendant. Fed. R. Crim. P. 16(a)(1)(A)-(B). The evidence at issue in this motion is not Jencks Act material because it involves Defendant's own alleged Facebook account and statements, postings, or photographs attributed to him.

In this case, although the government complied with discovery Rule 16 for the co-defendants, the government failed to timely and fully disclose the same type of evidence to Defendant Shy.

The government's earlier and full disclosure of the alleged Facebook evidence against Defendant Shy was necessary to protect his rights to Counsel, preparation of a defense, Confrontation, and Due Process and Fair Trial under the Fifth, Sixth, and Fourteenth Amendments to the US Constitution.

Defense counsel has been unable to consult Defendant about possible pleas or preparation for trial without being able to adequately review the alleged

Facebook evidence. The defense is also unable to determine if there are additional grounds to suppress this evidence based on the Fourth Amendment or other grounds. It is also unclear what charges in the Indictment are related to the allegedly incriminating Facebook evidence.

Based on the government's late, incomplete, and prejudicial disclosure of mandatory discovery, this Court has the authority to prohibit introduction of its Facebook evidence. Fed. R. Crim. P. 16(d)(2)(C); *United States v. White*, 492 F.3d 380, 405 (6th Cir. 2007).

In exercising this discretion, the court should consider the reasons for the government's delay, the prejudice to the defendant, whether a less severe sanction is appropriate, and any other relevant circumstances. See *United States v. Ganier*, 468 F.3d 920, 927 (6th Cir. 2006).

The government has not explained its reason for the significant, late and incomplete disclosure of the Facebook material. The government should have known at the time of its earlier disclosures to the co-defendants that disclosure was necessary to Defendant Shy, too.

Prejudice to Defendant from the late disclosure—about two weeks before trial—is significant. This is the "11th hour." *United States v. Collins*, 799 F.3d 554, 573 (6th Cir.), cert. denied, 136 S. Ct. 601, 193 L. Ed. 2d 480 (2015). There is not enough time to review the six thousand pages of evidence and determine how to confront it. This is particularly true because the Assistant US Attorney indicated

that the six thousand pages of Facebook entries contain incriminating evidence that is the equivalent of a confession.

A less severe sanction or continuance, is inappropriate in this case. This Court has already decided that an additional continuance—as requested by the government and beyond the two weeks granted after jury selection—would be an inappropriate violation of the defendants' speedy trial rights and unnecessary. (Order, Doc. 1021, Page ID 9570-72).

A continuance would allow the government to violate the speedy trial right by untimely disclosing evidence. See Speedy Trial Act Time Limits and Exclusions, 18 U.S.C. § 3161(h)(7)(C) (stating that delays due to "lack of diligent preparation" by the government are not excludable from Speedy Trial Act calculations).

The Sixth Circuit upheld a district court's decision to exclude a defendant's expert testimony because the defendant failed to comply with the discovery rule requirement for a written summary. *United States v. Pittman*, 816 F.3d 419, 425 (6th Cir. 2016). The court in *Pittman* concluded that it could not admit the expert testimony without allowing further delays and giving the government additional time to prepare a rebuttal witness. *Id*.

The same considerations require preclusion in this case.

WHEREFORE, Defendant moves this Honorable Court to preclude the government's Facebook evidence against Defendant Shy at trial.

Date: May 25, 2018

Respectfully submitted,

By: s/*Mark H. Magidson*
MARK H. MAGIDSON (P25581)
Attorney for Defendant Shy (D-13)
815 Griswold, Suite 810
Detroit, MI 48226
313-963-4311;  313-995-9146  fax
mmag100@aol.com

## CERTIFICATE OF SERVICE

I herby certify that on May 25, 2018, I electronically filed the above *Motion* with the Clerk of the Court using the ECF system, which will send notification of such filing to the parties of record.

By: s/*Mark H. Magidson*
MARK H. MAGIDSON (P25581)
Attorney for Defendant Shy (D-13)