UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

      Plaintiff,

-vs-                                  Case No. 15-cr-20652
                                      HON. GEORGE CARAM STEEH

(D-13) ARLANDIS SHY, II,

      Defendant.
_____

### DEFENDANT SHY'S MOTION IN LIMINE
### TO PRECLUDE CO-DEFENDANT (D-4) COREY BAILEY'S VIDEO RECORDED STATEMENTS

Defendant moves this Honorable Court to preclude admission of co-defendant Bailey's video recorded statements because admitting those statements would violate Defendant's right to Confrontation and Due Process under the Fifth and Sixth Amendments to the US Constitution.

Date: June 17, 2018                Respectfully submitted,

                                        By: s/*Mark H. Magidson*
                                        MARK H. MAGIDSON (P25581)
                                        Attorney for Defendant Shy (D-13)
                                        815 Griswold, Suite 810
                                        Detroit, MI 48226
                                        313-963-4311;  313-995-9146  fax
                                        mmag100@aol.com

## BRIEF IN SUPPORT OF
## DEFENDANT SHY'S MOTION IN LIMINE
## TO PRECLUDE CO-DEFENDANT (D-4) COREY BAILEY'S VIDEO
## RECORDED STATEMENTS

### FACTS

This complex mega case involving six defendants is set for trial June 19, 2018. Defendant Shy has been in custody pending trial without bond since March 2, 2016.

On June 12, 2018, the defense attorneys were allowed to view the government's exhibits for trial. However, at that time, there was no government exhibit 344 A-G, which refers to eight video recordings of co-defendant Corey Bailey talking to federal agents. Those videos were finally disclosed on June 14, 2018.

In those videos, Bailey confirms that the Seven Mile Bloods (SMB) is an organization, or "enterprise" for RICO purposes; he states that there are about six core group of members—the number of co-defendants being tried in this Trial Group 2; and Bailey states that he knows that the victims in this Indictment were shot and killed by SBM members.

Bailey's statements confirm the government's theory of this case.

The defense does not know what theory the government is relying on to introduce this evidence, so the defense will address the likely ground that the government will rely on for admission.

## ARGUMENT

Under the Federal Rules of Evidence, a statement offered against an opposing party that was made by a coconspirator during and in the furtherance of the conspiracy is an exception to the hearsay rule. Fed. R. Evid. 801(d)(2)(E).

The government has the burden of showing by a preponderance of the evidence that the (1) the conspiracy existed; (2) the defendant was a member of the conspiracy; and (3) the co-conspirator's statements were made in furtherance of the conspiracy. See *United States v. Enright*, 579 F.2d 980, 986 (6th Cir. 1978); *United States v. Wilson*, 168 F.3d 916, 920 (6th Cir. 1999).

The government cannot show that Bailey's statements were made in furtherance of the conspiracy. Bailey was in custody and under arrest at the time he made the statements.

Hearsay statements made by an alleged co-conspirator after his arrest are generally inadmissible against all but the declarant. *Lutwak v. United*

*States*, 1953, 344 U.S. 604, 618, 73 S. Ct. 481, 97 L. Ed. 593; *Hamilton v. United States*, 1970, 139 U.S. App. D.C. 368, 433 F.2d 526, 530, cert. denied, 402 U.S. 944, 91 S. Ct. 1612, 29 L. Ed. 2d 112.

A person's role in a conspiracy ends with his arrest. *United States v. Harrell*, 436 F.2d 606, 613 (5th Cir. 1970), cert. denied, 409 U.S. 846, 93 S. Ct. 49, 34 L. Ed. 2d 86.

Under *Crawford v. Washington*, 541 U.S. 36, 124 S. Ct. 1354, 158 L. Ed. 2d 177 (2004), the admission of testimonial hearsay against a defendant is prohibited unless the declarant is unavailable to testify at trial and the defendant had a prior opportunity to cross-examine him. *Id*. at 68; and see *United States v. Meises*, 645 F.3d 5, 19 (1st Cir. 2011).

In *Bruton v. U.S.*, 391 U.S. 123, 88 S.Ct. 1620 (1968), the US Supreme Court held that the admission of a confession of a codefendant who did not take the stand deprived the defendant of his rights under the Sixth Amendment Confrontation Clause, when that confession implicated the defendant. *Id*. at 136-137. Even when the jury is instructed to consider the confession only against the declarant, the Court in *Bruton* determined that the danger of misuse of the confession by the jury was too great to be constitutionally permissible. *Id*.; *Schneble v. Florida*, 405 U.S. 427, 429-430 (1972).

The *Bruton* Court stated the following:

> Here the introduction of Evans' confession posed a substantial threat to petitioner's right to confront the witnesses against him, and this is a hazard we cannot ignore. Despite the concededly clear instructions to the jury to disregard Evans' inadmissible hearsay evidence inculpating petitioner, in the context of a joint trial we cannot accept limiting instructions as an adequate substitute for petitioner's constitutional right of cross-examination. The effect is the same as if there had been no instruction at all. [*Bruton*, 391 U.S. at 136-137.]

Just as in Bruton, a limiting instruction will not cure the prejudice to Defendant Shy in this case. Bailey's recorded statements completely support the government's case against Defendant Shy and the other co-defendants.

Bailey's out of court statements support the allegation that there is an organization known as the Seven Mile Bloods, which has a structure and purpose. Bailey talks about the shootings of the named victims in the Indictment in this case. Bailey states that there are about six core group of members—the actual number of co-defendants being tried in this Trial Group 2. And Bailey was in custody when he made those statements.

Bailey's statements were not made in the furtherance of the conspiracy—because he was in custody—which means that they are not an exception to the hearsay rule under FRE 801(d)(2)(E).

Admission of Bailey's statements also violates the holdings in *Crawford* and *Bruton* because the defense did not have a prior opportunity to cross examine Bailey about those statements.

Also, the *Bruton* decision rested on the belief that regardless of what instructions they received, jurors could not be relied on to disregard a co-defendant's statements or confession when considering the guilt or innocence of a co-defendant. *Bruton*, 391 U.S. at 136-137; *Rogers v. McMackin*, 884 F.2d 252, 254 (6th Cir. 1989).

## CONCLUSION

The only remedy is to either exclude co-defendant Bailey's recorded statements from trial to protect Defendant's Sixth Amendment right to Confrontation under *Crawford* and *Bruton*, or sever Bailey from Trial Group 2 and try him separately.

Defense counsel does not have personal knowledge about the circumstances of Bailey's video recordings or whether the government made an agreement not to use them at trial, but that allegation seems likely because there is no basis for admitting those videos at trial against the co-defendants. The only way this evidence can be admitted is against Bailey, only, and not in this trial with Mr. Shy.

The way this evidence was disclosed establishes another example of the government's pattern and practice of deception, unfair dealing, and late massive discovery dumps compromising Mr. Shy's rights to a fair trial.

WHEREFORE, Defendant moves this Honorable Court to preclude admission of co-defendant Corey Bailey's recorded statements at trial or to sever him from Trial Group II and allow him to have a separate trial.

Date: June 17, 2018

Respectfully submitted,

By: s/*Mark H. Magidson*
MARK H. MAGIDSON (P25581)
Attorney for Defendant Shy (D-13)
815 Griswold, Suite 810
Detroit, MI 48226
313-963-4311;  313-995-9146  fax
mmag100@aol.com


By: s/*John T. Theis*
JOHN T. THEIS
Attorney for Defendant Shy (D-13)
190 South LaSalle St.
Suite 520
Chicago, IL 60603
(312) 782-1121

## CERTIFICATE OF SERVICE

I certify that on June 17, 2018, I electronically filed the above *Motion* with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the parties of record.

                By: s/*Mark H. Magidson*
                MARK H. MAGIDSON (P25581)
                Attorney for Defendant Shy (D-13)