UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

        Plaintiff,

vs.

D-13 ARLANDIS SHY,

        Defendant.
_____/

Case No. 15-20652-13

HON. GEORGE CARAM STEEH

OPINION AND ORDER DENYING MOTION
IN LIMINE TO PRECLUDE CO-DEFENDANT COREY
BAILEY'S VIDEO RECORDED STATEMENTS [ECF NO. 1063]

This matter is before the court on the motion in limine brought by defendant Arlandis Shy to preclude the government from offering co-defendant Corey Bailey's video recorded statements. The motion is joined in by defendant Keithon Porter [ECF No. 1066], defendant Eugene Fisher [ECF No. 1067], and defendants Robert Brown and Devon Patterson who asserted their joinder on the record. The court heard oral argument on the motion on June 18, 2018. For the reasons stated on the record, as well as those contained in this opinion and order, defendant's motion that Bailey's video recorded statements be suppressed is DENIED.

The statements made by Corey Bailey to law enforcement are only being offered by the government against the declarant, Bailey, and not against any of his complaining co-defendants. Therefore, the statements are admissible under Fed. R. Evid. 801(d)(2)(A) as non-hearsay because they are statements offered against a party and they are the party's own statements. *United States v. Vasilakos*, 508 F.3d 401, 407 (6th Cir. 2007). Where such statements are not being offered as evidence against the complaining co-defendants, there is no violation of their Confrontation Clause rights. *Crawford v. Washington*, 541 U.S. 36, 50 (2004).

The Sixth Circuit has held that even if the declarant co-defendant admits to being part of a group, or the statements help prove a conspiracy, there is no violation of the complaining co-defendants' rights under the Confrontation Clause where the statements are introduced only against the declarant co-defendant. *See United States v. Norwood*, 50 F.Supp.3d 810, 816-17 (E.D. Mich. 2014). The government acknowledges that the court should, as a matter of precaution, issue a limiting instruction to the jury as to Bailey's statements.

There are cases where a limiting instruction is not sufficient. In *Bruton v. United States*, 391 U.S. 123 (1968), the Supreme Court held that, while limiting instructions are often the solution to an evidentiary issue,

"there are some contexts in which the risk that the jury will not, or cannot, follow instructions is so great, and the consequences of failure so vital to the defendant, that the practical and human limitation of the jury system cannot be ignored." *Id*. at 135. The Supreme Court was referring to the admission at a joint trial of a non-testifying accomplice's confession that also implicated the co-defendant, and held that admitting such evidence violates the non-declarant co-defendant's right of confrontation. Courts have since approved solutions, such as redacting a co-defendant's name and replacing it with a nonspecific pronoun. *Richardson v. Marsh*, 481 U.S. 200, 203 (1987); *Gray v. Maryland*, 523 U.S. 185, 188 (1998); *Vasilakos*, 508 F.3d at 408.

In this case, the statements identified by the government to be offered at trial do not refer to any of the other co-defendants on trial by name, by nickname, or by any identifier at all. The only co-defendant that Bailey refers to specifically is Billy Arnold, who he refers to by nickname, and who is not in this trial group. Because no other co-defendant's name is mentioned by Bailey, no *Bruton* problem exists with regard to the video recorded statements.

For these reasons, as well as the additional reasons given by the court on the record, defendant's motion to preclude co-defendant Corey

Bailey's video recorded statements is DENIED.  Defendant's alternative request that Bailey be severed from the trial is also DENIED as unwarranted.   The court will give a limiting instruction to the jury when the video statements are admitted into evidence at trial, as well as at the conclusion of trial.

Dated:  June 19, 2018

                                             s/George Caram Steeh
                                             GEORGE CARAM STEEH
                                             UNITED STATES DISTRICT JUDGE

---

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on
June 19, 2018, by electronic and/or ordinary mail.

s/Marcia Beauchemin
Deputy Clerk