UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

      Plaintiff,

-vs-                                      Case No. 15-cr-20652
                                            HON. GEORGE CARAM STEEH

(D-13) ARLANDIS SHY, II,

      Defendant.
_____

**DEFENDANT SHY'S MOTION IN LIMINE
TO SUPPRESS FACEBOOK EVIDENCE**

      Defendant moves this Honorable Court to suppress all of Defendant Shy's Facebook account information obtained in violation of the Fourth Amendment to the US Constitution.

Date: June 20, 2018

Respectfully submitted,

By: s/*Mark H. Magidson*
MARK H. MAGIDSON (P25581)
Attorney for Defendant Shy (D-13)
815 Griswold, Suite 810
Detroit, MI 48226
313-963-4311;  313-995-9146  fax
mmag100@aol.com

# BRIEF IN SUPPORT OF
# DEFENDANT SHY'S MOTION IN LIMINE
# TO SUPPRESS FACEBOOK EVIDENCE

## FACTS

Trial began in this complex mega case involving six codefendants on June 19, 2018.

On June 19, 2018, the government disclosed for the first time its October 2016 application and affidavit for a search warrant to obtain information about Defendant Shy's Facebook account. (Exhibit A - Shy Facebook Application and Affidavit).

Codefendant Jeffery Adams (D-12) made a similar motion to suppress Facebook evidence on July 31, 2017 (Doc. 581), which was denied by this Court on September 13, 2017. (Order, Doc. 678). This Court found that there was probable cause for the warrants at issue in that motion (*Id*. at Pg ID 3587), but there is a significant lack or probable cause in the government's application in this case that distinguishes Defendant Shy's motion from codefendant Adams'.

At best, the defense understands that the government's application lists the following related evidence to support probable cause related to Defendant Shy's Facebook account information:

1. The government generally alleges that Defendant Shy is a member of the Seven Mile Bloods (SMB) simply because he was present at the memorial service of an alleged SMB member. (Exh. A – App., batch pages 13843-13844, ¶ 24).

2. The government obtained arrest warrants for Defendant Shy and the other codefendants, and the government obtained search warrants "for residences where *some*" of the codefendants resided. (Exh. A – App., batch page 13845, ¶ 27). It is not indicated in the application whether or not there was a warrant for Shy's residence or whether or not any evidence was found at his residence. The government obtained evidence from those searches, but the government does not indicate the significance of any evidence found, or where, and whether or not it had a connection to Defendant Shy. *Id*.

3. Defendant Shy is generally accused of being a Facebook friend with a person named David Daniels, allegedly a SMB member, but Daniels is not named in the Indictments. (Exh. A - App., batch pages 13852-13853, ¶ 48(a)).

Everything else in the application and affidavit supporting the warrant against Defendant Shy is boilerplate language that discusses affiant Shawn Horvath's limited experience, training, and generally alleged information obtained by investigation without any direct link to Defendant Shy, nor any description of what the evidence obtained was.

# ARGUMENT

The Fourth Amendment provides that "no Warrants shall issue, but upon probable cause, supported by Oath or affirmation." U.S. Const. amend. IV. In determining whether an affidavit establishes probable cause,

> the task of the issuing magistrate is simply to make a practical, common-sense decision whether, given all the circumstances set forth in the affidavit before him, . . . there is a fair probability that contraband or evidence of a crime will be found in a particular place. And the duty of a reviewing court is simply to ensure that the magistrate had a substantial basis for concluding that probable cause existed. [*Illinois v. Gates*, 462 U.S. 213, 238-39, 76 L. Ed. 2d 527, 103 S. Ct. 2317 (1983) (internal quotation marks and alterations omitted).]

To justify a search, the circumstances must indicate why evidence of illegal activity will be found "in a particular place." There must, in other words, be a "nexus between the place to be searched and the evidence sought." *United States v. Van Shutters*, 163 F.3d 331, 336-37 (6th Cir. 1998).

In this case, the government's application does not set forth a sufficient nexus between Defendant Shy's Facebook account and the SMB. There are generalizations in the application that imply a connection, but there is nothing specific.

For instance, the government states that they conducted surveillance on the memorial service of Devon McClure, an alleged SMB member. (Exh. A – App.,

batch pages 13843-13844, ¶ 24). Defendant Shy was present at the memorial service but the government does not explain why it designate Shy as a member. *Id*.

The government also mentions obtaining search warrants "for residences where some" of the arrested defendants resided. (Exh. A – App., batch page 13845, ¶ 27). However, it is not indicated in the application whether or not there was a warrant for Shy's residence or whether or not any evidence was found at his residence. The government obtained evidence from those searches, but the government does not indicate what evidence was found, where it was found, and whether or not it had a connection to Defendant Shy. *Id*.

That is not evidence linking Defendant Shy to SMB, nor does it link Defendant Shy's Facebook account to SMB or its members.

Finally, the government generally accused Defendant Shy of being a Facebook friend with a person named David Daniels, who allegedly is a SMB member, but Daniels is not named in the Indictments. (Exh. A - App., batch pages 13852-13853, ¶ 48(a)). The government also does not identify how it is that Daniels is a member SMB.

The government also alleges that Daniels is a Facebook friends with other members of SMB and that he is seen in photographs with SMB members. (Exh A – App., batch pages 13852-13853, ¶ 48(a)). However, it is not explained how that makes him an SMB member nor is there any allegation that Daniels was ever in

photographs with Defendant Shy on Facebook, in the government's cell phone data seizures, or the government's residence searches and seizures.

There is also no allegation that Defendant Shy is connected by photograph with the SMB members during any of the government's searches and seizures.

The government's application and affidavit does not establish probable cause for a search warrant to obtain Defendant Shy's Facebook account information.

**The Good Faith Exception**.

"When evidence is obtained in violation of the Fourth Amendment, the judicially developed exclusionary rule usually precludes its use in a criminal proceeding against the victim of the illegal search and seizure." *Illinois v. Krull*, 480 U.S. 340, 347, 94 L. Ed. 2d 364, 107 S. Ct. 1160 (1987). Courts should not, however, suppress "evidence obtained in objectively reasonable reliance on a subsequently invalidated search warrant." *United States v. Leon*, 468 U.S. 897, 922, 82 L. Ed. 2d 677, 104 S. Ct. 3405 (1984). But this good-faith exception to the exclusionary rule does not apply in all circumstances. The *Leon* case describes four situations where an officer's reliance on an invalid warrant cannot be considered objectively reasonable:

> (1) When the warrant is issued on the basis of an affidavit that the affiant knows (or is reckless in not knowing) contains false information; (2) when the issuing magistrate abandons his neutral and detached role and serves as a

>rubber stamp for police activities; (3) when the affidavit is so lacking in indicia or probable cause that a belief in its existence is objectively unreasonable; and (4) when the warrant is so facially deficient that it cannot reasonably be presumed to be valid.  [ *Id*. at 914-15.]

In this case, the good faith exception does not apply because the affidavit is so lacking in probable cause that a belief in its existence is objectively unreasonable.

In *United States v. Hove*, 848 F.2d 137 (9th Cir. 1988), a police officer found evidence leading him to suspect that the defendant was sending threatening letters to her ex-husband and planting pipe bombs under his car. *Id*. at 138-139. The officer learned that the defendant and ex-husband's child stayed with the defendant's father at his residence. *Id*. at 139.  The officer obtained a warrant to search the defendant's father's residence after submitting an affidavit to the magistrate. *Id*. at 139. However, the officer failed to provide any nexus between the residence and illegal activity. *Id*. at 139-40.

The Ninth Circuit in *Hove* held that "reasonable judges could not disagree over whether probable cause existed to search the [residence] because the affidavit offered no information as to why the police wanted to search this residence." *Id*. at 139-140. The Ninth Circuit found that

>[t]he affidavit does not link this location to the defendant and it does not offer an explanation of why the police believed they may find incriminating evidence there; the affidavit simply lists the . . . address as a location to be searched. It is critical to a showing of probable cause that the affidavit state

> facts sufficient to justify a conclusion that evidence or contraband will probably be found at the premises to be searched. [*Hove*, 848 F.2d at 140.]

In this case, it was objectively unreasonable for the police to believe that the application and affidavit in support of the Facebook search warrant provided sufficient probable cause to obtain Defendant Shy's account information. There was no nexus-link between Defendant's Facebook account and SMB or any criminal activity explained in the application or affidavit.

As discussed earlier, the government only alleges that defendant Shy was at an SMB member's memorial service—and not at his funeral, which they cannot establish. Defendant Shy is also alleged to be a friend on Facebook to David Daniels, an alleged member of SMB. However, the government does not explain how Daniels is a member of the SMB except that he is friends on Facebook with SMB members and Defendant Shy.

There may probable cause to believe that certain known SMB members' Facebook accounts would have evidence of a RICO enterprise and and predicate offenses, but that does not establish probable cause to search every Facebook friend of an SMB member. There must be more, and in this case there is insufficient probable cause obtain
n a warrant.

WHEREFORE, Defendant Shy (D-13) moves this Honorable Court to suppress all of Defendant Shy's Facebook account information obtained in violation of the Fourth Amendment to the US Constitution.

Date: June 20, 2018

Respectfully submitted,

By: s/*Mark H. Magidson*
MARK H. MAGIDSON (P25581)
Attorney for Defendant Shy (D-13)
815 Griswold, Suite 810
Detroit, MI 48226
313-963-4311;  313-995-9146  fax
mmag100@aol.com

By: s/*John T. Theis*
JOHN T. THEIS
Attorney for Defendant Shy (D-13)
190 South LaSalle St., Suite 520
Chicago, IL 60603
(312) 782-1121

## STATEMENT REGARDING CONCURRENCE

I certify and affirm that pursuant to LR 7.1(a)(2)(A), there was a conference between the attorneys of record in which the movant explained the nature of the motion or request and its legal basis and requested but did not obtain concurrence in the relief sought.

By: /s/*Mark H. Magidson*
MARK H. MAGIDSON (P25581)
Attorney for Defendant Shy (D-13)

## CERTIFICATE OF SERVICE

I certify that on June 22, 2018, I electronically filed the above *Motion* and *Exhibit A* with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the parties of record.

> By: s/*Mark H. Magidson*
> MARK H. MAGIDSON (P25581)
> Attorney for Defendant Shy (D-13)