UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

       Plaintiff,

*Vs*.                                          Case No. 15-cr-20652
                                              Hon. George Caram Steeh

(D-13)  ARLANDIS SHY, II,

       Defendant.
_____

**DEFENDANT (D-13) SHY'S MOTION FOR NEW TRIAL**

Defendant (D-13) Shy moves this Honorable Court for a new trial under Fed. R. Crim. P. 33.

                                              Respectfully submitted,

Date: September 9, 2018

| By: s/*Mark H. Magidson* | By: s/*John T. Theis* |
|---|---|
| MARK H. MAGIDSON (P25581) | JOHN T. THEIS |
| Attorney for Defendant Shy (D-13) | Attorney for Defendant Shy (D-13) |
| 815 Griswold, Suite 810 | 190 South LaSalle St., Suite 520 |
| Detroit, MI 48226 | Chicago, IL 60603 |
| 313-963-4311 | (312) 782-1121 |
| 313-995-9146  fax | |
| mmag100@aol.com | |

## BRIEF IN SUPPORT OF
## DEFENDANT (D-13) SHY'S MOTION FOR NEW TRIAL

### FACTS

Defendant Shy was charged in the Sixth Superseding Indictment (Doc. 812) with the following counts:

- Count 1 – racketeering conspiracy, 18 U.S.C. § 1962(d);

- Count 16 – murder in aid of racketeering, 18 USC 1959(a)(1); as a principal or aider and abettor ,18 USC 2;

- Count 17 – use of a firearm in furtherance of a crime of violence causing death, 18 USC 924(c); and 924(j); as a principal or aider and abettor, 18 USC 2;

- Counts 18 (victim MW), 19 (victim DR2), and 20 (victim JR) – attempted murder in aid of racketeering, 18 USC 1959(a)(5); as a principal or aider and abettor, 18 USC 2;

- Counts 21 (victim MW), 22 (victim DR2), and 23 (victim JR) – assault with a dangerous weapon in aid of racketeering, 18 USC 1959(a)(3); as a principal or aider and abettor, 18 USC 2;

- Count 24 – use and carry of a firearm during, and in relation to, a crime of violence, 18 USC 924(c); as a principal or aider and abettor, 18 USC 2; and,

- Count 32 – possession of a firearm in furtherance of a crime of violence, 18 USC 924(c); as a principal or aider and abettor, 18 USC 2.

After trial, the jury returned its verdict on August 27, 2018, and found Shy guilty of the RICO Conspiracy in count one, and they found him guilty of possessing a firearm in the furtherance of a crime of violence in count thirty-two. (Verdict, Doc. 1168, Pg ID 15268, 15272). The jury found Shy not guilty on all of the remaining counts.

Shy was not guilty, as a principal or aider and abettor, of murdering Dvante Roberts, or attempting to murder Marquis Wicker, Darrio Roberts, or Jessie Ritchie. nor was Shy guilty, as a principal or aider and abettor, of murdering Dvante Roberts, or attempting to murder Marquis Wicker, Darrio Roberts, or Jessie Ritchie in aid of racketeering.

Shy was found not guilty of using or carrying a firearm during and in relation to a crime of violence, or during a crime of violence causing death.

However, the jury did find that between July 14, 2014 through September 26, 2015, Shy conspired with another conspirator to assault rival gang members with intent to commit murder. *Id.* at 15269.

## ARGUMENT

Defendant Shy's objection to the RICO jury instruction, raised in this motion, were addressed on the record at a status conference on August 13, 2018, where this Court denied Defendant Shy's motion for a more specific instruction.

Shy argues that the jury instruction question put to the jury was insufficient and inaccurate, violating his rights to due process and having the jury accurately instructed under the Fifth Amendment to the U.S. Constitution. The instruction was overbroad and vague, allowing the jury to find him guilty based on non-criminal conduct without identifying a specific fact, date, victim, location, or event that made him guilty for the RICO count but not guilty of the underlying substantive offenses. The inconsistency in the jury's verdict supports a finding that the jury was confused, the instructions were inaccurate, and Shy was convicted on insufficient evidence.

The jury was asked the following on the verdict form:

COUNT ONE:  RICO Conspiracy

With respect to the RICO conspiracy charge in Count One, we, the jury unanimously find:

ARLANDIS SHY        Not Guilty _____        Guilty __✓___

With respect to Count One, if you find ARLANDIS SHY not guilty of RICO Conspiracy, please skip to Page 3, there is no need to answer the three questions listed on the next page. If you find ARLANDIS SHY guilty of

RICO Conspiracy in Count One, please answer the three questions listed on the next page, then proceed to Page 3. Your verdict must be unanimous that the government has proven the proposition set forth in the questions below beyond a reasonable doubt:

    1.    Did defendant ARLANDIS SHY, between July 14, 2014 through September 26, 2015, conspire with another conspirator to assault rival gang members with intent to commit murder?
                        No _____        Yes ___√___

[Verdict, Doc. 1168, Pg ID 15268-15269.]

As mentioned earlier, Shy was found not guilty of all of the remaining underlying substantive counts.

"Upon the defendant's motion, the court may vacate any judgment and grant a new trial if the interest of justice so requires." Fed. R. Crim. P. 33.

    A Motion for Acquittal and a Motion for New Trial based on the ground that the verdict is against the great weight of the evidence are governed by very different standards. The Motion for New Trial involves a much broader standard of review than a Motion for Acquittal. A verdict may well be against the great weight of the evidence, but, nevertheless, be substantial enough to permit reasonable jurors to draw an inference of guilt. In a Motion for New Trial, the trial judge can consider the credibility of the witnesses and the weight of the evidence to insure that there is not a miscarriage of justice. It has often been said that he/she sits as a thirteenth juror.

    Nevertheless, granting a Fed. R. Crim. P. 33 Motion for New Trial attacking the weight of the evidence is a discretionary matter. The Court should exercise such discretion only in the extraordinary circumstances where the evidence preponderates heavily against the verdict.

[*United States v. Ashworth*, 836 F.2d 260, 265-66 (6th Cir. 1988)(quoting *United States v. Turner*, 490 F. Supp. 583 (E.D. Mich. 1979), aff'd, 633 F.2d

219 (6th Cir. 1980), cert. denied, 450 U.S. 912, 67 L. Ed. 2d 336, 101 S. Ct. 1351 (1981)(citing 2 C. Wright & A. Miller, Federal Practice and Procedure § 553 at 487 & n. 31).]

"It is fundamental Constitutional law that no one may be convicted of a crime absent proof beyond a reasonable doubt of every fact necessary to constitute that crime." *Glenn v. Dallman*, 686 F.2d 418, 420-21 (6th Cir. 1982)(citing *In re Winship*, 397 U.S. 358, 25 L. Ed. 2d 368, 90 S. Ct. 1068 (1970)).

In a jury trial, the court's instructions to the jury are the only means of assuring that the state is put to its burden of establishing every element of the crime. *Glenn,* 686 F.2d at 421. Even in habeas cases, the complete failure of a state court to instruct on an essential element of a crime must be an exception to the stringent bar to habeas relief. *Id*. An example of such a case is the Sixth Circuit Court of Appeals' decision in *Berrier v. Egeler*, 583 F.2d 515 (1978), where a state trial judge's instructions failed to place the burden of proof of an essential element of a crime on the state. *Glenn,* 686 F.2d at 421. That failure was held to be plain error that could not be deemed harmless beyond a reasonable doubt. *Berrier*, 583 F.2d at 522.

Other courts of appeal have reached similar conclusions where federal trial courts failed to instruct on essential elements of federal crimes. *Glenn,* 686 F.2d at 421. Those courts also noted that such errors are not made harmless merely because there is overwhelming evidence that the government carried its burden had

the jury been properly instructed. *United States v. King*, 521 F.2d 61, 63 (10th Cir. 1975)(overruled on other grounds by *United States v. Savaiano*, 843 F.2d 1280, 1294 (10th Cir. 1988); *Merrill v. United States*, 338 F.2d 763 (5th Cir. 1964).

The failure to instruct a jury on an essential element is error because it deprives the defendant of the right "to have the jury told what crimes he is actually being tried for and what the essential elements of these crimes are." *United States v. Natale*, 526 F.2d 1160, 1167 (2nd Cir. 1975)(citing *United States v. Fields*, 466 F.2d 119, 121 (2nd Cir. 1972)).

In this case, the jury's inconsistent verdict was evident in their finding that Shy was not guilty, as a principal or aider and abettor, of murder or attempted murder, but the jury did find him guilty for the RICO count because he was guilty for conspiring with another conspirator to assault rival gang members with intent to commit murder. (Verdict, Doc. 1168, Pg ID 15269).

The jury also found Shy not guilty of using or carrying a firearm during and in relation to a crime of violence, or during a crime of violence causing death; however, the jury also found Shy guilty of possessing a firearm in the furtherance of a crime of violence in count thirty-two. *Id*. at 15272.

The only explanation for that result is that the jury did not understand what elements the Government had to establish to find Shy guilty. They found shy not guilty of all of the substantive underlying counts; however, they somehow found

him guilty of possessing a firearm to further a crime of violence (which he was innocent of), and they found that he conspired to commit assault with intent to commit murder (even though he did not aid or abet anyone to commit assault with intent to murder or attempted murder).

Defendant Shy raised this objection on the record at the status conference on August 13, 2018, but this Court overruled his objection. The resulting verdict shows the jury's confusion and the inadequacy of the jury instruction and verdict form, which violated Shy's Due Process rights under the Fifth Amendment to the U.S. Constitution. The instruction was objected to because it was over broad and vague. "A criminal statute is unconstitutionally vague where it fails to provide a person of ordinary intelligence fair notice of what is prohibited, or is so standardless that it authorizes or encourages seriously discriminatory enforcement." *U.S. v. Hart*, 635 F.3d 850 (6th Cir. 2011) (citing *Holder v. Humanitarian Law Project*, 561 U.S. 1, 130 S.Ct. 2705, 177 L. Ed. 2d 355 (2010)

There was no requirement in the instructions or verdict form, as requested by Defendant Shy, that the jury identify exactly what acts supported the RICO conviction. What fact, incident, date of an incident, naming of a victim, or identification a location of an event did the instructions require? None. The instruction and verdict form could have allowed the jury to convict on protected speech that was published on Mr. Shy's Facebook. For instance, if he is shown to

have flashed hand signals demeaning a rival gang, is that a conspiracy to murder? Similarly if he signed off a rap lyric with "42K" does that support a conspiracy to murder or is that protected speech. The instruction as given was vague and over broad.

The instructions also did not require the jury to connecting Shy's possession of a firearm with any particular crime of violence. In fact, shy possessed a firearm only when he was pulled over in a vehicle in West Virginia. No crime of violence was alleged by the Government during that event.

WHEREFORE, Defendant (D-13) Shy moves this Honorable Court for a new trial.

Respectfully submitted,

Date: September 9, 2018

| By: s/*Mark H. Magidson*<br>MARK H. MAGIDSON (P25581)<br>Attorney for Defendant Shy (D-13)<br>815 Griswold, Suite 810<br>Detroit, MI 48226<br>313-963-4311<br>313-995-9146 fax<br>mmag100@aol.com | By: s/*John T. Theis*<br>JOHN T. THEIS<br>Attorney for Defendant Shy (D-13)<br>190 South LaSalle St., Suite 520<br>Chicago, IL 60603<br>(312) 782-1121 |

## CERTIFICATE OF SERVICE

I certify that on September 9, 2018, I electronically filed the above *Motion* with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the parties of record.

> By: s/*Mark H. Magidson*
> MARK H. MAGIDSON (P25581)
> Attorney for Defendant Shy (D-13)