UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

vs.

                            Case No. 15-20652
                            HON. GEORGE CARAM STEEH

D13 ARLANDIS SHY,

    Defendant.
_____/

OPINION AND ORDER DENYING
DEFENDANT'S MOTION FOR NEW TRIAL [ECF NO. 1190]

From June 5 to August 27, 2018, defendant Arlandis Shy was tried by a jury in this court along with co-defendants Eugene Fisher, Robert Brown, Keithon Porter and Corey Bailey. On August 27, 2018, the jury convicted Shy of Count One RICO conspiracy and Count Thirty Two possession of a firearm in furtherance of a crime of violence. Shy was charged with several counts of murder and attempted murder in aid of racketeering, but he was found not guilty of those charges. As part of a special verdict form related to the RICO conspiracy charge, the jury found that, "between July 14, 2014 through September 26, 2015, [Shy] conspired with another conspirator to assault rival gang members with intent to commit murder." (ECF No. 1168, Verdict Form, Special Interrogatory No. 1) This finding increases the

statutory maximum sentence from 20 years to life.  18 U.S.C. § 1963(a).  The jury determined that the murder and attempted murder sentencing factors in Special Interrogatories 2 and 3 were not proven as to Shy.

On September 9, 2018, defendant Shy filed a motion for new trial due to an inconsistent verdict.  Specifically, Shy argues that Special Interrogatory No. 1 was "overbroad and vague, allowing the jury to find him guilty based on non-criminal conduct without identifying a specific fact, date, victim, location, or event that made him guilty for the RICO count but not guilty for the underlying substantive offenses."

## I. Legal Standard

A court may vacate any judgment and grant a new trial "if the interest of justice so requires."  Fed. R. Crim. P. 33.  Court have granted a new trial where "(i) the jury verdict was against the manifest weight of the evidence or (ii) substantial legal errors or omissions occurred."  *United States v. Munoz*, 605 F.3d 359, 373-74 (6th Cir. 2010).

"It is fundamental Constitutional law that no one may be convicted of a crime absent proof beyond a reasonable doubt of every fact necessary to constitute that crime."  *Glenn v. Dallman*, 686 F.2d 418, 420-21 (6th Cir. 1982) (citation omitted).

## II. Discussion

Defendant makes the argument that "the jury's inconsistent verdict was evident in their finding that Shy was not guilty, as a principal or aider and abettor, of murder or attempted murder, but the jury did find him guilty for the RICO count because he was guilty for conspiring with another conspirator to assault rival gang members with intent to commit murder." Similarly, the jury found Shy not guilt of using or carrying a firearm during and in relation to a crime of violence but found him guilty of *possessing* a firearm in furtherance of a crime of violence in Count Thirty-Two. According to Shy, the inconsistent verdict shows the jury's confusion and the inadequacy of the jury instructions and verdict form and support his request for a new trial.

As the government points out, the jury's findings on the special sentencing factors in Interrogatory No. 1, relating to assault, are independent and unrelated to its finding on the RICO conspiracy count. The purpose of the special sentencing factors in the verdict form was to determine the maximum sentence if defendant was found guilty of RICO conspiracy. Before reaching the special sentencing factors, the jury was first required to determine whether Shy was guilty of RICO conspiracy. That is, the jury did not find Shy guilty of RICO conspiracy *because* he was

guilty of conspiring with another to assault rival gang members. Rather, the jury was first directed to determine whether Shy was guilty of each element of RICO conspiracy before being asked to evaluate whether that violation was also based on certain conduct as outlined in the special interrogatories.

The jury instructions and verdict form adequately advised the jury regarding the finding that Shy had committed a predicate act that would satisfy *Apprendi v. New Jersey*, 530 U.S. 466, 490 (2000). See 18 U.S.C. § 1963(a). The instructions informed the jury of the Michigan statutes forming the basis of the racketeering act, as well as the legal definitions of assault with intent to murder and conspiracy. Special Interrogatory No. 1 outlined the type of racketeering activity at issue, including a date range, the targets of the assault conspiracy, and the members of the conspiracy.

Next, the racketeering charge was a conspiracy – RICO conspiracy – while the VICAR charges were substantive offenses. "A RICO conspiracy charge does not require proof that the defendant committed any predicate acts and does not even require proof that the defendant agreed to commit two predicate acts himself, or even that any overt acts have been committed." *United States v. Rios*, 830 F.3d 403, 424 (6th Cir. 2016). In contrast, the VICAR charges required that the defendant commit, or aid

and abet in the commission of, the substantive violent crime. The jury could reasonably and properly conclude that even though Shy did not directly participate in the violent crimes outlined in the VICAR charges, he participated in the enterprise with the knowledge and intent that at least one member of the conspiracy would commit the requisite two racketeering acts.

In this case, the underlying racketeering activity supporting the RICO conspiracy rested on conduct besides the violent crimes, specifically conspiracy to distribute and distribution of controlled substances. The jury reasonably could have found that Shy was guilty of RICO conspiracy based on his drug dealing, or the drug dealing of other SMB members. There was substantial evidence presented that Shy was involved in drug dealing in West Virginia on two occasions in 2009.

The special interrogatories only pertained to those racketeering acts that could increase the statutory maximum from 20 years to life. They required a greater level of participation in the offense than is required for RICO conspiracy. The jury could reasonably have found that Shy participated in the enterprise with the knowledge and intent that at least one member of the conspiracy would commit the requisite two racketeering acts, but correspondingly find that Shy himself did not commit or cause to

be committed, or aid and abet in the commission of, the violent crimes set forth in Special Interrogatories 2 and 3.

The jury's verdict was internally consistent in that both the VICAR acquittals and Special Interrogatories 2 and 3 reflected Shy's lack of personal involvement in the May 8th incident.

Finally, the fact that the instructions did not require the jury to connect Shy's possession of a firearm with a particular crime of violence is of no moment. The predicate crime of violence supporting Shy's conviction for possession of a firearm in furtherance of a crime of violence was RICO conspiracy. It was not, as defendant argues, a particular racketeering act. The jury was properly instructed on these elements.

### III. Conclusion

For the reasons stated above, defendant Shy's motion for new trial is DENIED.

IT IS SO ORDERED.

Dated: January 8, 2019

s/George Caram Steeh
GEORGE CARAM STEEH
UNITED STATES DISTRICT JUDGE

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on January 8, 2019, by electronic and/or ordinary mail.

s/Marcia Beauchemin
Deputy Clerk