UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

      Plaintiff,

vs.

Case No. 15-cr-20652
Hon. George Caram Steeh
Mag. David R. Grand

COREY BAILEY (D-4),
ROBERT BROWN, II (D-6),
ARLANDIS SHY, II (D-13),
KEITHON PORTER (D-19),

      Defendants.
_____

**DEFENDANTS' MOTION TO VACATE CONVICTIONS
UNDER 18 USC 924(c)**

The Defendants move this Honorable Court to vacate their convictions under 18 USC 924(c), because the language used in the jury instruction for Count 32 of the Indictment, based on 18 USC 924(c)(3)(B), was unconstitutionally vague and denied the Defendants due process under the reasoning and decisions of the U.S. Supreme Court in *Johnson v United States*, ___US___; 135 S Ct 2551; 192 L Ed 2d 569 (2015), and *Sessions v Dimaya*, ___US___; 138 S Ct 1204; 200 L Ed 2d 549 (2018).

## Certificate Regarding Concurrence

I certify and affirm, in compliance with E.D. Mich. LR 7.1(a)(2)(B), that despite reasonable efforts specified in the motion or request, the movant was unable to conduct a conference.

By: s/*Mark H. Magidson*
MARK H. MAGIDSON (P25581)
Attorney for Defendant Shy (D-13)
615 Griswold, Suite 810
Detroit, MI 48226
(313) 963-4311
mmag100@aol.com

## BRIEF IN SUPPORT OF
## DEFENDANTS' MOTION TO VACATE CONVICTIONS
## UNDER 18 USC 924(c)

### FACTS

Trial began in this case on June 19, 2018, and the jury returned its verdicts on August 28, 2018. (Verdict Form, Doc. 1168).

The Defendants were charged in the Sixth Superseding Indictment (Doc. 812) with the following count:

- Count 32 – possession of a firearm in furtherance of a crime of violence, 18 USC 924(c); as a principal or aider and abettor, 18 USC 2.

This Court read the following jury instruction for possession of a firearm in furtherance of a crime of violence:

> (1) Count Thirty-Two of the indictment charges Eugene Fisher, Corey Bailey, Robert Brown II, Arlandis Shy, and Keithon Porter, with violating federal law by possessing a firearm in furtherance of a **crime of violence**, or aiding and abetting that offense. For you to find a defendant guilty of this crime, you must find that the government has proved each and every one of the following elements beyond a reasonable doubt:
>
> First: the defendant committed the RICO conspiracy charged in Count One;
>
> Second: the defendant knowingly possessed a firearm;

Third: the possession of the firearm was in furtherance of the RICO conspiracy charged in Count One;

Fourth: at least one of the racketeering acts committed in furtherance of the enterprise **involved a substantial risk that physical force may be used against the person or property of another**. (Emphasis added). [Jury Inst., Doc. 1159, Pg ID # 15076.]

The jury's verdict form provided the following for count 32:

With respect to the charge of possession of a firearm in furtherance of a crime of violence in Count One (RICO Conspiracy), we, the jury, unanimously find:

[Defendant]     Not Guilty _____     Guilty _____

[Verdict Forms, Doc. 1166, Pg ID # 15263; Doc. 1168, Pg ID # 15272; Doc., 1170, Pg ID # 15282; Doc. 1172, Pg ID # 15292]

The Defendants argue that the language in the fourth element is unconstitutionally vague because it relies on language from 18 USC 924(c)(3)(B), and that same language has been held to be unconstitutionally vague by the U.S. Supreme Court in two other similar federal codes. *Johnson v United States*, ___US___; 135 S Ct 2551; 192 L Ed 2d 569 (2015); *Sessions v Dimaya*, ___US___; 138 S Ct 1204; 200 L Ed 2d 549 (2018).

## ARGUMENT

In *Johnson v United States*, \_\_\_US\_\_\_; 135 S Ct 2551; 192 L Ed 2d 569 (2015), the U.S. Supreme Court considered the definition of a "violent felony" under 18 USC 924(e)(2)(B), which defines a violent felony to include any felony that "**involves conduct that presents a serious potential risk of physical injury to another**." (Emphasis added). *Johnson*, 135 S.Ct. at 2555. The Court held that "the indeterminacy of the wide-ranging inquiry required by the residual clause both denies fair notice to defendants and invites arbitrary enforcement by judges. Increasing a defendant's sentence under the clause denies due process of law." *Id*. at 2557.

In this case, the Defendants were charged with possession of a firearm in furtherance of a crime of violence. The jury was required to determine whether the underlying offense was a crime of violence. The term "crime of violence" means an offense that is a felony and

> (A) has as an element the use, attempted use, or threatened use of physical force against the person or property of another, or
>
> (B) that by its nature, **involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense**. (Emphasis added.) [18 USC 924(c)(3).]

In 2016, the U.S. Sixth Circuit Court of Appeals held that the residual clause

of 18 USC 924(c)(3)(B) was not unconstitutionally vague under the reasoning of *Johnson*. *United States v Taylor*, 814 F3d 340, 375-76 (6th Cir. 2016).

However, in 2018, the U.S. Supreme Court decided *Sessions v Dimaya*, ___US___; 138 S Ct 1204; 200 L Ed 2d 549 (2018). In *Dimaya*, the Court considered the definition of an "aggravated felony" under the Immigration and Nationality Act (INA). *Id*. at 1210. Under the act, an aggravated felony includes a "crime of violence." *Id*. at 1211. A crime of violence under the INA is defined as

> (a) an offense that has as an element the use, attempted use, or threatened use of physical force against the person or property of another, or
>
> (b) any other offense that is a felony and that, by its nature, **involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense**. (Emphasis added). [18 USC 16.]

It was section 16(b), the residual clause, that was at issue in *Dimaya*. *Id*. The Court held that the residual clause was unconstitutionally vague. *Id*. at 1204. The Court relied on its prior decision in *Johnson* to support its holding:

> Three Terms ago, in *Johnson v. United States*, this Court held that part of a federal law's definition of "violent felony" was impermissibly vague. The question in this case is whether a similarly worded clause in a statute's definition of "crime of violence" suffers from the same constitutional defect. Adhering to our analysis in Johnson, we hold that it does. [*Dimaya*, 138 S Ct at 1210 (citations omitted).]
>
> * * *
>
> In sum, §16(b) has the same "[t]wo features" that "conspire[d] to make [ACCA's residual clause] unconstitutionally vague." [*Johnson*,] 135 S. Ct. 2551, 192 L. Ed. 2d 569, 578. It too "requires a court to picture the kind of conduct that the crime involves in 'the ordinary case,' and to judge

whether that abstraction presents" some not-well-specified-yet-sufficiently-large degree of risk. The result is that §16(b) produces, just as ACCA's residual clause did, "more unpredictability and arbitrariness than the Due Process Clause tolerates." [*Dimaya*, 138 S Ct at 1216 (citations omitted).]

A District Court in Tennessee has noted that the Sixth Circuit's decision in *Taylor* is called into question after the Supreme Court's later *Dimaya* decision:

> As Warrick acknowledged, the Sixth Circuit previously rejected the argument that the residual clause of § 924(c)(3)(B) is unconstitutionally vague under *Johnson*. *United States v. Taylor*, 814 F.3d 340, 379 (6th Cir. 2016) (finding "several factors distinguish the [ACCA's] residual clause from § 924(c)(3)(B)" and therefore, the "argument that Johnson effectively invalidated § 924(c)(3)(B) is accordingly without merit"). However, while Warrick's motion was pending, the Supreme Court decided *Sessions v. Dimaya*, 138 S. Ct. 1204, 200 L. Ed. 2d 549 (2018), holding the residual clause of 18 U.S.C. § 16, which uses language identical to § 924(c)(3)(B) to define "crime of violence," was unconstitutionally vague. *Dimaya*, 138 S. Ct. at 1216. **The government concedes that the constitutionality of the residual clause of § 924(c)(3)(B) and whether *Taylor* remains good law in light of *Dimaya* are open questions in the Sixth Circuit**. (Gov. Suppl. Resp. (Dkt. No. 20) at 1.) See also *United States v. Richardson*, No. 17-2157, __ F.3d __, 2018 U.S. App. LEXIS 28637, 2018 WL 4924782, at *5 (6th Cir. Oct. 11, 2018) ("Nevertheless, we leave the continuing viability of *Taylor* to another day.").
>
> [*Warrick v United States*, ___F Supp 3d___ n 2; 2018 U.S. Dist. LEXIS 191478, at *6 (M.D. Tenn., Nov. 7, 2018)(see attached unpublished opinion).]

There is a case pending before the U.S. Supreme Court that presents this same issue: "Whether the subsection-specific definition of 'crime of violence' in 18 USC 924(c)(3)(B), which applies only in the limited context of a federal criminal prosecution for possessing, using, or carrying a firearm in connection with

acts comprising such a crime, is unconstitutionally vague." *US v. Maurice Lamont Davis*, et al, Docket No. 18-431, Government's Petition for Writ of Certiorari (filed October 3, 2018).

*US v. Davis* was a Fifth Circuit Court case from the Northern District of Texas. Originally, the Fifth Circuit denied the defendants' challenge to their convictions under 18 USC 924(c). *United States v Davis*, 903 F3d 483, 484 (5th Cir. 2018). The defendants in *Davis* petitioned the Supreme Court for certiorari, and following its decision in *Sessions v. Dimaya*, the Court remanded the petitioners' case "for further consideration" in light of *Dimaya*. *Davis*, 903 F.3d at 484 (quoting *Davis v. United States*, 138 S. Ct. 1979, 1979-80, 201 L. Ed. 2d 239 (2018)).

On remand, the Fifth Circuit held that the residual clause in 924(c)(3)(B) was unconstitutionally vague:

> The Supreme Court rested its decision in *Dimaya* on its concerns about the language of the statute itself. Although § 16(b) contained linguistic differences to the Armed Career Criminal Act ("ACCA") residual clause the Court had previously invalidated in *Johnson v. United States*, 135 S. Ct. 2551, 192 L. Ed. 2d 569 (2015), it noted that each statute contained "both an ordinary-case requirement and an ill-defined risk threshold," and this "'devolv[ed] into guesswork and intuition,' invited arbitrary enforcement, and failed to provide fair notice." *Dimaya*, 138 S. Ct. at 1223 (alteration in original) (quoting Johnson, 135 S. Ct. at 2559). Because the language of the residual clause here and that in §16(b) are identical, this court lacks the authority to say that, under the categorical approach, the outcome would not be the same. We hold that § 924(c)'s residual clause is unconstitutionally vague. Therefore, Defendants' convictions and sentences under Count Two must be vacated. [*United States v Davis*, 903 F3d 483, 486 (5th Cir. 2018).]

The government then filed a petition for writ of certiorari to the Supreme Court, which was granted. As the Fifth Circuit noted in *Davis*, the language of §16(b) at issue in *Dimaya* and the residual clause in § 924(c)(3)(B) is identical, and the Supreme Court's reasoning and decision in *Dimaya* is controlling.

In this case, the jury was instructed to determine whether the government had proved that the Defendants possessed a firearm in furtherance of a crime of violence. The jury instruction used the unconstitutionally vague language in § 924(c)(3)(B):

> For you to find a defendant guilty of this crime, you must find that the government has proved each and every one of the following elements beyond a reasonable doubt:
>
> * * *
>
> Fourth: at least one of the racketeering acts committed in furtherance of the enterprise **involved a substantial risk that physical force may be used against the person or property of another**. (Emphasis added). [Jury Inst., Doc. 1159, Pg ID # 15076.]

Under the Supreme Court's holdings in *Johnson* and *Dimaya*, the defendants' convictions under 18 USC 924(c) must be vacated because the jury was erroneously instructed to use the unconstitutionally vague residual clause to determine whether the government proved a crime of violence.

Additionally, in the case of Defendant Arlandis Shy, II, the jury only found

that he had conspired with another conspirator to assault rival gang members with intent to murder. (Verdict, Doc. 1168, Pg ID # 15269). Shy was acquitted of committing any of the other specific acts against Dvante Roberts, Marquis Wicker, Darrio Roberts, or Jesse Ritchie. *Id*. A "conspiracy to commit an offense is merely an agreement to commit an offense. *United States v Davis*, 903 F3d 483, 485 (5th Cir. 2018)(citing *United States v. Gore*, 636 F.3d 728, 731 (5th Cir. 2011).

Here, as in *Davis*, the conspiracy Shy was found to be involved in "does not necessarily require proof that a defendant used, attempted to use, or threatened to use force." *Davis*, 903 F.3d at 485. Shy's conspiracy, or agreement, did not involve the use of force, attempted or threatened. That means that Shy could only have been convicted as to Count 32 under the unconstitutional residual clause in § 924(c)(3)(B).

WHEREFORE, the Defendants move this Honorable Court to vacate their convictions under 18 USC 924(c), because the language used in the jury instruction for Count 32 of the Indictment, based on 18 USC 924(c)(3)(B), was unconstitutionally vague.

Dated: March 29, 2019

Respectfully submitted,

*/s/Mark H. Magidson*
MARK H. MAGIDSON (P25581)
Attorney for Arlandis Shy
615 Griswold, Suite 810
Detroit, MI 48226
(313) 963-4311
mmag100@aol.com

*/s/John T. Theis*
JOHN T. THEIS
Co-Counsel for Arlandis Shy
190 South La Salle Street, Suite 520
Chicago, IL 60603
(312) 782-1121
Theislaw@aol.com

*/s/Craig A. Daly, P.C.*
CRAIG A. DALY, P.C. (P27539)
Attorney for Corey Bailey
615 Griswold, Suite 820
Detroit, Michigan 48226
(313) 963-1455
4bestdefense@sbcglobal.net

*/s/Keith A. Spielfogel*
KEITH A. SPIELFOGEL
Co-Counsel for Corey Bailey
190 S. LaSalle St., Suite 520
Chicago, Illinois 60603
(312) 236-6021
spielfogel@sbcglobal.net

*/s/James L. Feinberg*
JAMES L. FEINBERG (P13341)
Attorney for Robert Brown II
28411 Northwestern Hwy., Suite 875
Southfield, MI 48034
(248) 353-0600
jlfdefense@mindspring.com

*/s/Steven E. Scharg*
STEVEN E. SCHARG
Attorney for Keithon Porter
615 Griswold, Ste. 1125
Detroit, MI 48226
313-962-4090
scharg1924@gmail.com

## CERTIFICATE OF SERVICE

I certify that on March 29, 2019, I electronically filed the above *Motion* with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the parties of record.

By: s/*Mark H. Magidson*
MARK H. MAGIDSON (P25581)
Attorney for Defendant Shy (D-13)