```
                    UNITED STATES DISTRICT COURT
                    EASTERN DISTRICT OF MICHIGAN
                         SOUTHERN DIVISION
```

**UNITED STATES OF AMERICA,**

        Government,

                                    **HONORABLE GEORGE CARAM STEEH**

   v.

                                      **No. 15-20652**

**D-3 EUGENE FISHER,**
**D-4 COREY BAILEY,**
**D-6 ROBERT BROWN,**
**D-13 ARLANDIS SHY,**
**D-19 KEITHON PORTER,**

        Defendants.
_____/

**JURY TRIAL**

**Monday, August 13, 2018**

                 -   -   -

APPEARANCES:

| | |
|---|---|
| For the Government: | JULIE FINOCCHIARO, ESQ. |
| | JUSTIN WECHSLER, ESQ. |
| | TARE WIGOD, ESQ. |
| | MARK BILKOVIC, ESQ. |
| | Assistant U.S. Attorneys |
| For the Defendants: | HENRY M. SCHARG, ESQ. |
| | On behalf of Eugene Fisher |
| | CRAIG DALY, ESQ. |
| | KEITH SPIELFOGEL, ESQ. |
| | On behalf of Corey Bailey |
| | JAMES FEINBERG, ESQ. |
| | On behalf of Robert Brown |
| | MARK MAGIDSON, ESQ. |
| | JOHN THEIS, ESQ. |
| | On behalf of Arlandis Shy |

1
2         STEVEN SCHARG, ESQ.
          On behalf of Keithon Porter
3
4                    -   -   -
5
6    *To Obtain Certified Transcript, Contact:*
     *Ronald A. DiBartolomeo, Official Court Reporter*
7    *Theodore Levin United States Courthouse*
     *231 West Lafayette Boulevard, Room 1067*
     *Detroit, Michigan   48226*
8              *(313) 962-1234*

9    *Proceedings recorded by mechanical stenography.*
     *Transcript produced by computer-aided transcription.*
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25

```
 1                         I  N  D  E  X
 2  _____Page
 3  Jury instruction conference                                4
```

```
15                         E  X  H  B  I  T  S
16  Identification_____Offered   Received

18                        N    O    N    E
```

*15-20652; USA v. EUGENE FISHER, ET AL*

|   |   |
|---|---|
| 1 | Detroit, Michigan |
| 2 | Monday, August 13, 2018 |
| 3 | |
| 4 | - - - |
| 5 | (Proceedings held without defendants and jury.) |

**THE COURT:** So the Court has been presented the proposed jury instructions in the case with two issues that were given to the Court to decide.

I have to say that I think you did a wonderful job in developing the instructions to be delivered to the jury. Much as difficult and as complex as it could have been, I think you have made the -- structured the instructions in a way that is relatively simple, and understandable for the jury address.

Addressing the two matters that you were not able to conclude, the defendants object to instructions relating to the sentencing enhancement questions that are given to the jury, and specifically to the instructions that direct the jury to consider whether the defendant or a conspirator attempted to -- to kill, for example, at Page 32 of the current version of the instructions. Actually, it would involve the question of whether first degree premeditated murder was a -- and the elements of that would apply to the defendant or a conspirator caused

1     by the death of another person in light of the elements
2     are based upon Michigan law, and the defense argument was
3     that the Michigan law would require the jury to conclude
4     attribution of the acts to the defendant only, not to the
5     defendant or a conspirator as set forth in the proposed
6     instructions to the jury.

7     The Court agreed with the arguments by the
8     government that this statement of the elements of the
9     offense constitute the identifying the scope and reach of
10    the agreement that the conspiracy that is alleged to be --
11    to have been committed, and it could be a third person
12    altogether, or other members of the conspiracy involved,
13    but it is not an act that needs to be tied to the
14    defendant in any case, and to eliminate the language or
15    the conspirator in that instruction would mislead the jury
16    to believe they are required to tie the acts -- the act of
17    commission of the first degree murder to the main
18    defendant involved in this enhancement alone.

19    So I'm sure you want to articulate the same
20    arguments better than what the Court just did.

21    **MR. WIGOD:** I think the Court stated the
22    government's argument properly, that given that it is a
23    RICO conspiracy, I think it's not required that a
24    particular defendant committed the underlying racketeering
25    act. So the instruction should include the defendant or a

1  conspirator.  If it were to state that if a defendant
2  caused -- in this case, for example, premeditated
3  murder -- if it were to state the defendant caused the
4  death, I think that would confuse the jury and is not an
5  accurate statement of what's required in the RICO
6  conspiracy.
7          **THE COURT:**  I know Mr. Daly, you can restate
8  your argument much better than I did.
9          **MR. DALY:**  Yes.
10         **THE COURT:**  Yes?
11         **MR. DALY:**  Yes, like I'm agreeing with what
12 you just said.  Yes, I acknowledge I should go forward
13 next.
14     We specifically object the phrase or a conspirator
15 because the government has charged the RICO conspiracy,
16 and in the elements of the RICO conspiracy, they layout
17 what the jury has to find, which is a conspiracy or
18 agreement between a defendant and a conspirator, but
19 they've charged specific subjective crimes, and they
20 picked first degree premeditated murder in one of the
21 racketeering activity, and they don't correctly state
22 Michigan law.  Michigan law does not allow a conviction
23 for first degree premeditated murder if the defendant or a
24 conspirator committed any of the elements that are listed
25 in the proposed instruction.

1             If you read the first paragraph of racketeering
2   activity, it clearly tells the jury, racketeering activity
3   applied in the RICO statute includes specific types of
4   crimes under state or federal law.
5             So then they go onto instruct the jury about
6   Michigan law by misleading the jury that it includes or a
7   conspirator, and the next sentence, Count 1 of the
8   indictment, alleges that the defendant agreed that the
9   specific crime of racketeering activity, the following
10  types committed.
11            So the jury is told that there's an agreement to
12  commit these substantive crimes, but then allows the jury
13  to convict the defendant even though the elements of first
14  degree premeditated murder is with regards with the
15  individual defendant.  It's the or a conspirator phrase
16  that we object to, Judge.
17            **THE COURT:**  Yes.  And again, I look at this
18  as a summary description of the four elements that
19  represent the elements required to be proven, but to
20  render one guilty of premeditated murder, and the
21  reference to defendant or a conspirator causing the death
22  is an accurate statement of the liability in light of the
23  fact that we're looking at the agreement -- of the
24  agreement represented in this conspiracy, which would not
25  require success in the commission of the murder, or

1  require the defendant alone to be responsible for the
2  offense.
3       **MR. DALY:** But the same language that we're
4  talking about shows up in the other racketeering activity,
5  robbery, witness intimidation.
6       I just want to point out that when it comes to
7  controlled substances, they charge both the substantive
8  and the conspiracy racketeering. That's what I'm talking
9  about.
10      So it you read through all of these other
11 racketeering activities, it actually distinguishes between
12 a substantive offense and a conspiracy. So that just
13 furthers my argument. Sorry to interrupt you.
14      **THE COURT:** That's fine. Okay. So I think
15 we've staked out our positions on that subject.
16      And then the second issue, also objected by
17 defense counsel, was with respect to the verdict form, and
18 again, these are in connection with the sentencing
19 enhancement questions posed, which are broken out
20 defendant by defendant.
21      And the first of those enhancement questions
22 reads: Did defendant, between July 14, 2014 through
23 September 26, 2015, agree that he or another conspirator
24 assault rival gang members with the intent to commit
25 murder, yes or no.

1       And the second question: Did defendant commit, or
2  cause to be committed, or aid and abet in the commission
3  of the attempted murder, in paren, assault with intent to
4  murder of Derrick Peterson, Darnell Canady or Jason Gaskin
5  on or about May 10, 2015.
6       The objection made by defense counsel is that the
7  period of -- by mentioning only the period of the
8  conspiracy without identifying the specific dates of
9  assaults on rival gang members is too ambiguous to
10 effectively address by the defense, that sort of a due
11 process argument, I suppose, although I don't think it was
12 identified as such by Mr. Scharg who was arguing the case.
13      The Court ended up agreeing with the government as
14 it relates to this issue, given the fact that we're
15 talking about a conspiracy, and the unlawful agreement
16 that is at the heart of the conspiracy is certainly
17 clearly identified in the proofs of the case that has been
18 presented through the witnesses thus far, and the jury
19 needs only to find one instance -- I guess I should say
20 that actually, as it's -- I'm trying to recall the
21 government's response to the argument. Mr. Wigod?
22      **MR. WIGOD:** Judge, it is our position that
23 what's in the indictment adequately gives the defendant
24 notice of what the enhancement involves. It states what
25 the statute violation is. It states that they are

1  conspiring.  It states when they are conspiring, the date
2  range.  It explains the object of the conspiracy, and who
3  they are trying to assault.
4       So it is rather narrow in the time frame that they
5  are going to commit an assault or conspiring to commit an
6  assault, and who the committed the assault against, and as
7  you mentioned, that notice is -- has to be viewed in
8  context of what the proofs were at trial.  We're not going
9  to argue anything that was not established at trial.
10      This is a conspiracy.  So identifying the specific
11 date and time when the conspiracy started is not necessary
12 in these circumstances.  So I think it provides more than
13 adequate notice of what the situation is when you review
14 the context of what the proofs were during the trial.
15           **THE COURT:** Okay.  Again -- well, I'll hear
16 Mr. Scharg.
17           **MR. H. SCHARG:** I just want to say that the
18 Court has summarized, you know, my argument which really
19 falls under the due process argument.
20      The only thing that I would like to add is that in
21 the indictment, specifically the sixth superseding
22 indictment, it doesn't give notice -- you know, there's no
23 overt acts in reference to the specific acts that the
24 government alleges would fall in the category of the
25 enhancement, meaning that there's no reference in the

1       overt acts as to Mr. Fisher's video regarding dropping an
2       opp or the reference to going hunting.
3              So of all the overt acts, there were over 100 of
4       them, none of those overt acts in Count 1 address those
5       acts that they are using for the enhancement.  So it's a
6       due process argument, and I believe it was not properly
7       notified as to those acts in the defendant's case.
8              **THE COURT:**  Okay.  So again, this is similar
9       to the only other issue that was presented to the Court
10      for a decision, in that the enhancement is going to be
11      considered by the jury in the summary form that it is --
12      that is identified in presenting these two issues for a
13      decision, because we do have named individuals who were
14      identified as the objects of the attempted murder, and we
15      have a summary description to the defendant or another
16      conspirator to assault rival gang members with the intent
17      to commit murder.
18             It's apparent from the body of the evidence in the
19      case that these are the issues that we're dealing with,
20      and I don't think anything more than a description that is
21      made in these two questions to be presented to the jury is
22      sufficient, and the defendants have enjoyed a sufficient
23      opportunity to identify and to defend the evidence
24      presented in the case that the government is relying on in
25      the presentation of its arguments to the jury.

1      So it is a question for the parties to deal with
2   in the argument, and I think sufficiently identify to
3   protect the rights of the defendant to understand what
4   they're charged with.
5      So the Court is going to again side with the
6   government as it relates to those enhancement questions.
7      Anything else on the subject?
8      **MR. H. SCHARG:**  I apologize.  I can't get
9   pacer in the room here, but there's some reference --
10     **THE COURT:**  Keep your voice up, Henry.
11     **MR. H. SCHARG:**  There's a reference in the
12  prior trial that there were separate verdicts forms for
13  each of them, was that true?
14     **THE COURT:**  Yes.
15     **MR. H. SCHARG:**  My question is if there were
16  separate verdict forms in that case, why do we not have
17  separate verdict forms for the defendants in this case?
18     **THE COURT:**  The short answer is there are a
19  lot of other things that are different about the form in
20  this case, and I think the short answer from the Court's
21  perspective is that this is a -- broken out in a way that
22  is simple and easier to understand by the jury than the
23  first jury verdict form was.
24     And the second answer is that this was something
25  that I assumed you all worked out based on the fact that

| | |
|---|---|
| 1 | that's the only issue raised here. |
| 2 | **MR. H. SCHARG:** Not necessarily.  I mean -- |
| 3 | **THE COURT:** I mean, we sent you a copy of the |
| 4 | verdict form. |
| 5 | **MR. WIGOD:** This is the first the government |
| 6 | heard of it.  I don't how it make a difference. |
| 7 | **MR. H. SCHARG:** It's a big difference, even |
| 8 | in terms of the optics. |
| 9 | **MR. FEINBERG:** It gives the jury a clearer |
| 10 | picture of each defendant. |
| 11 | **MR. H. SCHARG:** These are separate trials. |
| 12 | **MR. WIGOD:** We're not doing individual |
| 13 | trials. |
| 14 | **MR. DALY:** But you're breaking it up. |
| 15 | **MR. WIGOD:** Let me see.  I'll take a look at |
| 16 | it. |
| 17 | **THE COURT:** I'm happy to revert to that form |
| 18 | also if you agree on it. |
| 19 | I'm going to, given the complexity of the |
| 20 | instructions, I'm incline to give each juror a full set of |
| 21 | the instructions. |
| 22 | **MR. FEINBERG:** We're talking about separate |
| 23 | verdict forms for each defendant. |
| 24 | **MR. WIGOD:** The Judge is talking about a |
| 25 | separate set instructions for each juror. |

*15-20652; USA v. EUGENE FISHER, ET AL*

1       **MR. FEINBERG:** Oh, yes.

2       **THE COURT:** I was going to deliver them a
3 copy to follow as I'm reading. It might enhance their
4 comprehension as well.

5     So the short answer is you're going to take a
6 look at --

7       **MR. WIGOD:** I'll take a look at it. Unless
8 there's a problem, I don't have an issue with it.

9       **THE COURT:** Okay. So we've had other
10 clerical errors and things that you discussed this
11 morning?

12       **MR. WIGOD:** Yes. We had agreed to make some
13 changes. I don't know if they need to go on the record.
14 I'll be sending a new copy over to the defense, and if I
15 missed anything, they will let me know.

16       **THE COURT:** Okay.

17       **MR. SPIELFOGEL:** So far you have made the
18 corrections.

19       **THE COURT:** So if we are going to make all
20 these copies, we need to get going on it this afternoon.

21       **MR. WIGOD:** We won't be reading tomorrow,
22 right? I mean, I'll get it done as soon as I can, but
23 hopefully --

24       **MR. BILKOVIC:** We don't think we'll finish
25 closing until Wednesday.

```
 1              MR. FEINBERG:  Have we decided a time
 2     schedule for tomorrow?
 3              MR. DALY:  We talked about it.
 4              THE COURT:  So I told them to be here by
 5     nine.
 6          Another question, are we going to wait until all
 7     of the defense closings are in before the government
 8     responds, or is the government going to want to go
 9     defendant by defendant?
10              MR. SPIELFOGEL:  I've never seen that.
11              MR. BILKOVIC:  That would be awesome.  I will
12     make on blanket rebuttal at the end, but if the Court
13     wants to give me that opportunity --
14              MR. FEINBERG:  If that's way it is the
15     defendant who is not being responded to by Mark, we can
16     leave the court and the attorneys leave and come back?
17              THE COURT:  Yeah, right.
18              MR. BILKOVIC:  It's just going to be one.
19              MR. THEIS:  How many do you think we'll get
20     done tomorrow?
21              MR. BILKOVIC:  I don't know how long you guys
22     will be, but I think Julie will be two, two and a half
23     hours.  I don't know, Judge, but would you be incline if
24     Julie is an hour in, to give a five minute break?
25              THE COURT:  Oh, yeah.  Of course.
```

*15-20652; USA v. EUGENE FISHER, ET AL*

1  **MR. BILKOVIC:** Okay. So depending on how
2  long you guys are going. How long do you plan to give the
3  jury for lunch if going to 12 or 12:30?
4  **THE COURT:** An hour maybe, because we can
5  order the food in for them, so they don't have to leave.
6  **MR. WIGOD:** We'll be done by lunch time.
7  **MR. DALY:** I'm going first and last, and
8  depending how far they are, I may ask for an early lunch
9  or later. We'll see how it goes. I'll be about an hour.
10  **MR. BILKOVIC:** I think it's reasonable that
11  once Julie does her --
12  **MR. DALY:** We'll need break.
13  **MR. THEIS:** Are we going to four?
14  **THE COURT:** Yes.
15  **MR. THEIS:** Three at least.
16  **MR. H. SCHARG:** Can we agree to do the
17  government's closing, and then maybe three defense
18  closings, and -- and the of defense closing on Wednesday,
19  and rebuttal on Wednesday?
20  **THE COURT:** Yeah, that sounds like --
21  **MR. BILKOVIC:** If the Court is okay, that
22  would be great. That would allow us to better time
23  everything, it doesn't rush Julie who goes tomorrow first,
24  then three defense arguments, and then the last two and
25  rebuttal.

*15-20652; USA v. EUGENE FISHER, ET AL*

```
 1                  MR. MAGIDSON:  Instruction on Wednesday?
 2                  THE COURT:  Sure.
 3                  MR. FEINBERG:  How long do you think you will
 4     be?
 5                  MR. BILKOVIC:  Depends on how long you are.
 6                  MR. FEINBERG:  How long?
 7                  MR. BILKOVIC:  Without knowing, maybe
 8     somewhere around an hour.
 9                  THE COURT:  Okay.  We'll touch base at some
10     point later today and make sure you got the stuff.
11                  MR. FEINBERG:  Thank you for breakfast.
12                  THE COURT:  You're welcome.
13
14                       (Proceedings concluded.)
15                            -   -   -
16
17
18
19
20
21
22
23
24
25
```

*15-20652; USA v. EUGENE FISHER, ET AL*

```
 1                    C E R T I F I C A T I O N

 2              I, Ronald A. DiBartolomeo, official court

 3     reporter for the United States District Court, Eastern

 4     District of Michigan, Southern Division, appointed

 5     pursuant to the provisions of Title 28, United States

 6     Code, Section 753, do hereby certify that the foregoing is

 7     a correct transcript of the proceedings in the

 8     above-entitled cause on the date hereinbefore set forth.

 9              I do further certify that the foregoing

10     transcript has been prepared by me or under my direction.

11

12     s/Ronald A. DiBartolomeo                    __May 9, 2019
       Ronald A. DiBartolomeo, CSR                        Date
13     Official Court Reporter

14                          -   -   -
```

*15-20652; USA v. EUGENE FISHER, ET AL*