UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,     CRIM. NO. 15-20652

                         Plaintiff,     HON. GEORGE CARAM STEEH

     v.

D-4    COREY BAILEY,
D-6    ROBERT BROWN,
D-13   ARLANDIS SHY,
D-19   KEITHON PORTER,

                     Defendants.
_____/

## GOVERNMENT'S RESPONSE TO DEFENDANTS' MOTION TO VACATE CONVICTIONS UNDER 18 USC 924(c) (Dk# 1356)

### I.    BACKGROUND

On January 3, 2018, a federal grand jury returned the Sixth Superseding Indictment charging defendants Corey Bailey, Robert Brown, Arlandis Shy, and Keithon Porter with various offenses, including RICO Conspiracy, Violent Crime in Aid of Racketeering, and Possession of a Firearm in Furtherance of a Crime of Violence.

Trial began on June 5, 2018, and concluded on August 27, 2018. The jury found all four defendants guilty on Count One: RICO Conspiracy-with Sentence Enhancements; and Count Thirty-Two: Possession of a Firearm in Furtherance of a Crime of Violence, in violation of 18 U.S.C. § 924(c). The jury also found Brown,

1

Porter, and Bailey guilty of additional charges. Count Thirty-Two alleged that the defendants unlawfully possessed firearms in furtherance of a crime of violence, specifically racketeering conspiracy as alleged in Count One of the Sixth Superseding indictment. Count One alleged that the defendants agreed to participate in the SMB enterprise through a pattern of racketeering activity including:

- Threats and acts involving murder, in violation of Michigan Compiled Laws, Sections 750.316(1), 750.83, 750.157(a), and 767.39;

- Threats and acts involving robbery, in violation of Michigan Compiled Laws, Sections 750.529, 750.157a(a), 750.92, and 767.39.

The jury instructions for Count 32, which is the only count the defendants are challenging in their motion, read in part:

> *(1)   Count Thirty-Two of the indictment charges Eugene Fisher, Corey Bailey, Robert Brown II, Arlandis Shy, and Keithon Porter, with violating federal law by possessing a firearm in furtherance of a crime of violence, or aiding and abetting that offense.  For you to find a defendant guilty of this crime, you must find that the government has proved each and every one of the following elements beyond a reasonable doubt:*
>
> **First:** *the defendant committed the RICO conspiracy charged in Count One;*
>
> **Second:** *the defendant knowingly possessed a firearm;*
>
> **Third:** *the possession of the firearm was in furtherance of the RICO conspiracy charged in Count One;*
>
> **Fourth:** *at least one of the racketeering acts committed in furtherance of the enterprise* **involved a substantial risk that physical force may be used against the person or property of another**. *(Emphasis added)*

## II. ARGUMENT

### A. *Dimaya* and *Johnson* did not invalidate the residual clause in 18 U.S.C. § 924(c)(3)(B).

The defendants are asking the Court to vacate their 18 U.S.C § 924(c) convictions on Count Thirty-Two arguing that 18 U.S.C § 924(c)(3)(B) is unconstitutionally vague. Section 924(c)(3) makes it illegal to use a firearm during and in relation to a "crime of violence." It defines what qualifies as a "crime of violence" in two ways:

> [A]n offense that is a felony and
>
> (A)  has as an element the use, attempted use, or threatened use of physical force against the person or property of another, or
>
> (B)  that by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense.

Subsection (c)(3)(A), the elements clause, looks to the elements of the offense and whether the elements involve the use, attempted use, or threatened use of force capable of causing bodily harm. *United States v. Richardson*, 906 F.3d 417, 425 (6th Cir. 2018). Subsection (c)(3)(B), the residual clause, looks to the risk of force posed by the offense. *Id.* An offense need only satisfy the elements clause *or* the residual clause to qualify as a predicate crime of violence. *Id.* at 425–26.

In support of their argument, the defendants rely on *Johnson v. United States*, 135 S. Ct. 2551 (2015), and *Dimaya v. Sessions*, 138 S. Ct. 1204 (2018). However, the residual clause in 18 U.S.C. § 924(c)(3)(B), was not affected by

3

either case. In *Johnson,* the Supreme Court held that a phrase in 18 U.S.C. § 924(e), the Armed Career Criminal Act (ACCA), which defined a violent felony as a crime that "involves conduct that presents a serious potential risk of physical injury to another", was unconstitutionally vague. Therefore, "an increased sentence under the residual clause of the ACCA violated the Constitution's guarantee of due process." *Johnson* at 2555-56.

In *Dimaya,* the Supreme Court applied the reasoning of *Johnson* to 18 U.S.C. § 16(b), the Immigration and Nationality Act, holding that the "crime of violence" provision of the Act was unconstitutionally vague. However, the majority opinion in *Dimaya* did not discuss Section 924(c) or extend its holding to Section 924(c)'s residual clause. Moreover, courts had long distinguished the Immigration and Nationality Act at issue in *Dimaya*, from Section 924(c), because Section 924(c) is a criminal offense that applies to "real-world facts." *Shuti v. Lynch*, 828 F.3d 440, 449 (6th Cir. 2016). Unlike the statute at issue in *Dimaya*, or the Armed Career Criminal Act at issue in *Johnson*, 18 U.S.C. § 924(c) "does not look to stale predicate convictions; instead, it looks to "the actual conduct in the present case." *Id.* Because there is no reason to deal with "imaginary condition[s] other than the facts," Section 924(c) does not suffer the same infirmities found in *Johnson* and *Dimaya*.

### B. The Court can look to the facts of the underlying offense to conclude whether it was a crime of violence.

*Dimaya* also suggests that courts may look to the defendant's actual conduct, not a sterile "ordinary case" under the categorical approach, to determine whether an offense "involves a substantial risk that physical force against the person or property may be used in the course of committing the offense." *Id*. at 1215. In fact, three Justices advocated that the Supreme Court should "abandon [the categorical] approach" entirely under 18 U.S.C. § 16(b), rather than continue to strike down statutes like in *Johnson*. *Id.* at 1242 (Thomas, J., dissenting).

To be fair, the Sixth Circuit has long held that whether an offense is a crime of violence under 18 U.S.C. § 924(c) is a legal, not factual, issue. *United States v. Taylor*, 176 F.3d 331, 337 (6th Cir. 1999). But the text of Section 924(c)(3)(B) suggests that a case-specific approach, informed by real-world conduct, is the more accurate reading of the statute. *See Johnson*, 135 S. Ct. at 2561. "[D]ozens of federal and state criminal laws" use such terms, and "almost all" of them "require gauging the riskiness of conduct in which an individual defendant engages *on a particular occasion*." *Id.* An "ordinary case" categorical approach is an anomaly, not the norm, and Section 924(c)(3)(B)'s "substantial risk" inquiry can thus readily be understood as a mixed question of law and fact that a jury would determine, (and in the defendants case here, did determine). *United States v. Gaudin*, 515 U.S. 506, 509–10 (1995).

Moreover, the reasons for the categorical approach under the Armed Career Criminal Act do not apply to Section 924(c)(3)(B). The ACCA involves recidivist-sentencing enhancements that increase a defendant's potential punishment. Concerns over judicial fact-finding during sentencing and potential Sixth Amendment implications led courts to apply a categorical approach. *Shepard v. United States*, 544 U.S. 13, 25 (2005); *Taylor v. United States*, 495 U.S. 575, 600–01 (1990). But Section 924(c)(3)(B) does not present this issue because the jury, not the judge, decided whether the defendant's conduct in committing the offense involved the requisite "substantial risk" of force. Three circuits have adopted this rule after *Dimaya*. The First, Second, and Eleventh Circuits have held that the categorical approach no longer applies to the residual clause in 18 U.S.C. § 924(c)(3)(B), and the jury should decide whether the offense conduct of the defendant(s) involved a substantial risk that physical force against a person may be used. *United States v. Douglas*, 907 F.3d 1, 8–9 (1st Cir. 2018); *United States v. Barrett*, 903 F.3d 166, 184–85 (2d Cir. 2018); *Ovalles v. United States*, 905 F.3d 1231, 1245–46 (11th Cir. 2018) (en banc).[1]

---

[1] The government is aware that the Supreme Court granted certiorari in *United States v. Davis*, Docket No. 18-431, on January 4, 2019, and heard arguments on April 17, 2019. Because *Davis* may provide a clear answer to the question in this case, the government suggests that the Court hold its ruling in abeyance until the *Davis* is decided. This Court could then allow the parties the opportunity to submit supplemental pleadings, if needed.

Indeed, in this case the jurors were instructed that to find the defendants guilty of Count Thirty-Two, they had to find beyond a reasonable doubt that at least one of the racketeering acts committed in furtherance of the enterprise ***involved a substantial risk that physical force may be used against the person or property of another.*** The defendants were all members or associates of the Seven Mile Bloods, a violent street gang. The jury was presented with overwhelming evidence establishing numerous acts that the enterprise committed multiple acts of violence including acts of murder and acts involving assault with intent to commit murder. By their very nature, these crimes cannot be committed unless physical force is used against another person, and that is more than what is required to qualify as a predicate "crime of violence." *See Harris*, 853 F.3d at 320. As a result, the jury's decision to find the defendants guilty of Count Thirty-Two was appropriate.

### III. CONCLUSION

This Court should deny the defendants' motion to vacate their convictions on Count Thirty-Two.

Respectfully submitted,

MATTHEW J. SCHNEIDER
UNITED STATES ATTORNEY

*s/ Mark Bilkovic*
MARK BILKOVIC
Assistant United States Attorney
211 W. Fort St., Suite 2001
Detroit, Michigan 48226
Phone: (313) 226-9623
mark.bilkovic@usdoj.gov

*s/ A. Tare Wigod*
A. TARE WIGOD
Assistant United States Attorney
211 W. Fort St., Suite 2001
Detroit, Michigan 48226
Phone: (313) 226-9191
tare.wigod@usdoj.gov

Dated: May 10, 2019

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on May 10, 2019, the foregoing document was electronically filed with the Clerk of the Court using CM/ECF, for uploading and service by electronic notice to counsel and parties authorized to receive electronically Notices of Electronic Filing.