```
                  UNITED STATES DISTRICT COURT
                  EASTERN DISTRICT OF MICHIGAN
                       SOUTHERN DIVISION
```

**UNITED STATES OF AMERICA,**

        Government,

                                  **HONORABLE GEORGE CARAM STEEH**

    v.

                                  **No. 15-20652**

**ARLANDIS SHY,II,**

        Defendant.

_____/

**STATUS CONFERENCE HEARING**

**Wednesday, June 29, 2016**

- - -

APPEARANCES:

For the Government:        CHRISTOPHER GRAVELINE, ESQ.
                                Assistant U.S. Attorney

For the Defendant:         CLAUDE CHAPMAN, ESQ.

- - -

*To Obtain Certified Transcript, Contact:*
*Ronald A. DiBartolomeo, Official Court Reporter*
*Theodore Levin United States Courthouse*
*231 West Lafayette Boulevard, Room 1067*
*Detroit, Michigan  48226*
*(313) 962-1234*

*Proceedings recorded by mechanical stenography.*
*Transcript produced by computer-aided transcription.*

```
 1                         I N D E X
 2  _____Page
 3  Status Conference Hearing                               3
 4
 ...
14                         E X H B I T S
15  Identification_____Offered    Received
16
17                  N       O       N       E
```

*15-20652; USA v. ARLANDIS SHY*

```
 1                              Detroit, Michigan
 2                              Wednesday, June 29, 2016
 3
 4                          -  -  -
 5          THE CLERK:  Case Number 15-20652, United
 6   States of America versus Arlandis Shy, II.
 7          MR. GRAVELINE:  Good morning, your Honor.
 8   Chris Graveline for the United States.  Raj Prasad is also
 9   at counsel cable.
10          THE COURT:  Good morning.
11          THE DEFENDANT:  Good morning, your Honor.
12          MS. LEWIS:  Good morning, your Honor.
13   Kimberly Lewis appearing on behalf of a court order.
14          THE COURT:  Thank you, Ms. Lewis.
15          MR. CHAPMAN:  Good morning, your Honor.
16   Claude Chapman standing in for attorney Carl Jordan.  It
17   is my understanding that Mr. Jordan did notify the Court
18   that he is in trial in Flint today.
19          THE COURT:  Yes, I understand that.  I
20   thought he was starting tomorrow, but he is before Judge
21   Fullerton apparently today, and we have the defendant
22   here.
23         The Court asked for this.  He have Ms. Lewis still
24   on the file because there has not been a substitution of
25   counsel file, is that right?
```

1     **MS. LEWIS:** I don't know, your Honor. He
2 told me that he filed one over a month ago.

3     **THE COURT:** We haven't seen it, and Mr.
4 Jordan was retained apparently by family members. We have
5 received from the defendant an expression of
6 dissatisfaction to the point of having filed a grievance
7 against Mr. Jordan for not visiting him, and for not, in
8 the defendant's view, having affirmed the excusable delay
9 entered by the Court without having talked to the
10 defendant and securing his consent, and the defendant
11 indicates that he opposes the finding of excusable delay,
12 that it was not voiced by his counsel, and of course, we
13 were meeting at that point to consider a motion I believe
14 made by the government.

15     **MR. GRAVELINE:** That's correct, your Honor.
16 We made the motion after that status conference, the
17 motion being for excusable delay and classifying this case
18 as a complex case. At that status conference with all the
19 attorneys present to include at that point Mr. Jordan
20 representing -- or making an appearance on behalf Mr. Shy,
21 agreed that it should be considered a complex case given
22 the amount of discovery already provided, and continuing
23 to be provided by the government, and that every one would
24 agree that we would enter into a stipulation for excusable
25 delay up to -- I believe we set a September 7th status

1    conference, at which point all the defendants, as well as
2    defense counsel would be brought to court to discuss the
3    status of where we're going at that point.
4            **THE COURT:** So Mr. Shy, you've indicated that
5    you filed a grievance. I think we saw a copy of a
6    grievance --
7            **THE DEFENDANT:** Yes, I --
8            **THE COURT:** -- filed against Mr. Jordan, and
9    I don't know that Mr. Jordan even knows that as of yet.
10           **MR. CHAPMAN:** He's aware of that, your Honor,
11   and I can respond to the issue of excusable delay, but I'm
12   not able to respond to the question of whether or not Mr.
13   Shy has been visited.
14           **THE COURT:** Well, a couple of things you have
15   to know, Mr. Shy. One, it doesn't matter whether Mr.
16   Jordan voiced an objection or not to the Court's ruling at
17   the time that hearing was filed. It is obvious that it is
18   a complex case. There's obviously a mountain of discovery
19   that has to be reviewed by an attorney before this case
20   can be close to being ready for trial. There would be
21   excusable delay in any event. As I understand it, there's
22   one defendant who has not yet been apprehended.
23           **MR. GRAVELINE:** That's correct, and then
24   there's still two defendants who we are processing -- the
25   government's decision whether to seek the death penalty or

1  not as to certain counts.

2  **THE COURT:** Right. So it doesn't matter
3  whether he objected or didn't object. The ruling would
4  have been the same. This time you're bound with a number
5  of other people who are charged with conspiracy as well,
6  and you're not entitled to move forward if there are
7  legitimate reasons for the Court to be giving time to the
8  defense counsel for other folks who are also charged in
9  this case. That's number one.

10  If you have not been visited, and I gather you
11  said you have not visited and it's been six weeks I
12  believe?

13  **THE DEFENDANT:** No, your Honor.

14  **THE COURT:** You have been visited?

15  **THE DEFENDANT:** He visited me May 15th. It
16  wasn't about the visit. It was just my Constitutional
17  Rights were violated for my speedy trial.

18  **THE COURT:** All right. Maybe he -- if you
19  didn't discuss it, let me explain to you that that was
20  going to be excusable delay in any event.

21  I understand your family members hired him, and
22  your family members want him to stay on the case?

23  **THE DEFENDANT:** Yes.

24  **THE COURT:** What about you? Do you want him
25  on the case or off the case? What's the story?

1         **THE DEFENDANT:**  He can remain on the case,
2    your Honor.  It's just due process of law.  Everything was
3    fraud upon the Court.
4         **THE COURT:**  There's no fraud on the Court.  I
5    understand perfectly what the motion was based on.  I've
6    identified for you other reasons that there's going to be
7    delay.  Unfortunately, there's going to be delay that is
8    significant for you.  You will not have the opportunity to
9    get your case to trial because of the death penalty
10   eligible defendants, and because of the fact that there is
11   a fugitive.
12        The statute that you're relying on, your
13   Constitutional Right to a speedy trial, is not going be
14   effective until sufficient time is given to every one to
15   have their rights protected to have a fair trial.  You
16   can't have a fair trial if an attorney has not gone
17   through the discovery appropriately, and had a chance to
18   go over it with you and discuss it.  You're not going
19   to -- you would not be able to have a fair trial.
20        **THE DEFENDANT:**  Yes, I understand, but the
21   law is 70 days for speedy trial.  I understand that the
22   case is a -- that you all made it a complex case law, but
23   the law is 70 days for speedy trial.  That's the law.
24        **THE COURT:**  Okay.  Well, I have -- I've had
25   the opportunity to pass judgment on this in the context of

1    the earlier order.  I've tried to explain to you that it
2    doesn't matter whether Mr. Jordan objected or didn't
3    object.  He recognized that the Court was going to find at
4    this time to be excusable.  It could have been excusable
5    on a number of different grounds in addition to those
6    stated in the order.
7             But if you want him to remain on the case for now,
8    that's fine.  The attorney who kindly came to appear on
9    Mr. Jordan's behalf can relay to Mr. Jordan that you
10   indicated that you still wish him to be on the case.  I
11   would assume that you're going to act to withdraw this
12   grievance if you're satisfied enough with what he is doing
13   to date, and the key is communication obviously.
14                    **THE DEFENDANT:**  Yes, your Honor.
15                    **THE COURT:**  He is in trial for several days
16   apparently up in -- three weeks -- in Flint.  So it's not
17   likely that you will be seeing him within the next few
18   days.
19                    **THE DEFENDANT:**  Also I have the case law
20   through my affidavit to support my claim that I was
21   saying.  The case law is March 27, 2013 from Judge Drain
22   in deciding --
23                    **THE COURT:**  Okay.  Mr. Shy, here's the other
24   thing that you have to understand --
25                    **THE DEFENDANT:**  Yes.

*15-20652; USA v. ARLANDIS SHY*

     1        **THE COURT:** -- you have a Constitutional Right to represent yourself if you want. You also have a Constitutional Right to have an attorney represent you, and you've elected at this point at least to have an attorney represent you. That attorney speaks for you in court. It's very risky for you to speak on your own behalf in court, and -- and the Court doesn't allow hybrid representation; that is, we don't allow you to file motions and make requests of the Court on your behalf when you're represented by counsel.

           So you have to talk these things over. If you're going to be a good client, talk these things with your lawyer, in this case Mr. Jordan, and he'll explain to you if he feels that a motion or a request that you're making does not have a prayer in the world to be honored, and isn't required in the case. He's got a professional obligation to tell you this is not going to work. That's what he's here for because he's trained in the law, and you've got to be receptive to taking directions from your counsel if you're going to have a successful defense in the case, unless you get to the point that you want to represent yourself, and we will talk about that as an option, but up can't do both. You can't be advancing your on motions, and then have your attorney on board to act at the same time.

1     **THE DEFENDANT:** Yes, your Honor. I was just
2  forced to go pro se because I know my rights have been
3  violated. So I was forced to go pro se, and I motion my
4  in to dismiss and everything else.
5     **THE COURT:** And that's going to be dismissed
6  because you are currently represented by Mr. Jordan, but
7  if you want to talk about his filing a similar motion, you
8  can talk to him about that when you get together.
9     Ms. Lewis, we're going to excuse you.
10     **MS. LEWIS:** Thank you.
11     **THE COURT:** We will permit you to withdraw.
12  Sorry to drag you in today. I felt I needed -- I was not
13  aware that we would have a lawyer available from Mr.
14  Jordan, and I thought at that time given the prior
15  expression by Mr. Shy having Mr. Jordan step down, and you
16  back up to the plate, but apparently Mr. Jordan is with us
17  for awhile.
18     **MS. LEWIS:** Thank you.
19     **MR. GRAVELINE:** Thank you, your Honor.
20     **THE COURT:** Mr. Graveline, anything from the
21  government?
22     **MR. GRAVELINE:** Nothing further from the
23  government.
24     **THE COURT:** All right. Okay.
25

*15-20652; USA v. ARLANDIS SHY*

1                    (Proceedings concluded.)

2                              - - -

3

4                      **C E R T I F I C A T I O N**

5           I, Ronald A. DiBartolomeo, official court

6    reporter for the United States District Court, Eastern

7    District of Michigan, Southern Division, appointed

8    pursuant to the provisions of Title 28, United States

9    Code, Section 753, do hereby certify that the foregoing is

10   a correct transcript of the proceedings in the

11   above-entitled cause on the date hereinbefore set forth.

12           I do further certify that the foregoing

13   transcript has been prepared by me or under my direction.

14

15   s/Ronald A. DiBartolomeo                    December 3, 2019
     _____              _____
16   Ronald A. DiBartolomeo, CSR                        Date
     Official Court Reporter
17                              - - -

*15-20652; USA v. ARLANDIS SHY*