```
 1                    UNITED STATES DISTRICT COURT
                      EASTERN DISTRICT OF MICHIGAN
 2                         SOUTHERN DIVISION

 3

 4   UNITED STATES OF AMERICA,

 5              Government,
                                     HONORABLE GEORGE CARAM STEEH
 6        v.
                                     No. 15-20652
 7   D-3 EUGENE FISHER,
     D-4 COREY BAILEY,
 8   D-6 ROBERT BROWN,
     D-10 DEVON PATTERSON,
 9   D-13 ARLANDIS SHY,
     D-19 KEITHON PORTER,
10
                Defendants.
11   _____/

12            JURY TRIAL - MOTION HEARING

13            Tuesday, June 19, 2018

14                    -   -   -

15   APPEARANCES:

16   For the Government:          JULIE FINOCCHIARO, ESQ.
                                  JUSTIN WECHSLER, ESQ.
17                                MARK BILKOVIC, ESQ.
                                  TARE WIGOD,ESQ.
18                                Assistant U.S. Attorneys

19

20   For the Defendants:         HENRY M. SCHARG, ESQ.
                                 On behalf of Eugene Fisher
21
                                 CRAIG DALY, ESQ.
22                               KEITH SPIELFOGEL, ESQ.
                                 On behalf of Corey Bailey
23
                                 JAMES FEINBERG, ESQ.
                                 On behalf of Robert Brown
24
                                 BERTRAM JOHNSON, ESQ.
25                               On behalf of Devon Patterson
```

```
 1                                      MARK MAGIDSON, ESQ.
                                        JOHN THEIS, ESQ.
 2                                      On behalf of Arlandis Shy

 3                                      STEVEN SCHARG, ESQ.
                                        On behalf of Keithon Porter
 4

 5
                                -    -    -
 6

 7                   To Obtain Certified Transcript, Contact:
            Ronald A. DiBartolomeo, Official Court Reporter
 8              Theodore Levin United States Courthouse
              231 West Lafayette Boulevard, Room 1067
 9                    Detroit, Michigan  48226
                          (313) 962-1234
10
              Proceedings recorded by mechanical stenography.
11          Transcript produced by computer-aided transcription.

12

13

14

15

16

17

18

19

20

21

22

23

24

25
```

```
 1                    I   N   D   E   X
 2  _____Page
 3  Motion hearing                                       4
 4
 5
 6
 7
 8
 9
10
11
12
13
14                    E   X   H   B   I   T   S
15  Identification_____Offered    Received
16
17                     N     O     N     E
18
19
20
21
22
23
24
25
```

*15-20652; USA v. EUGENE FISHER, ET AL*

```
 1
 2                                    Detroit, Michigan
 3                                    Tuesday, June 19, 2018
 4                                    At 9:55 a.m.
 5                              -    -    -
 6          (Proceedings held without jury and defendants.)
 7
 8                    THE CLERK:  Case Number 15-20652, United
 9     States of America versus Eugene Fisher, Corey Bailey,
10     Robert Brown, Devon Patterson, Arlandis Shy and Keithon
11     Porter.
12                    THE COURT:  Good morning.
13                    MS. FINOCCHIARO:  Good morning, your Honor.
14                    THE COURT:  Would you please state your
15     appearances?
16                    MS. FINOCCHIARO:  Julie Finocchiaro, Justin
17     Wechsler, Mark Bilkovic and Tare Wigod on behalf of the
18     United States.
19                    THE COURT:  Okay.  Welcome.
20                    MR. H. SCHARG:  Henry Scharg on behalf of
21     Eugene Fisher.
22                    THE COURT:  Welcome.
23                    MR. JOHNSON:  Bertram Johnson on behalf Devon
24     Patterson.
25                    THE COURT:  Okay.
```

*15-20652; USA v. EUGENE FISHER, ET AL*

 1                    **MR. DALY:**  Craig Daly, one of the lawyers for
 2    Corey Bailey.  Good morning.
 3                    **THE COURT:**  Good morning.
 4                    **MR. SPIELFOGEL:**  Keith Spielfogel on behalf
 5    of Mr. Bailey.
 6                    **MR. FEINBERG:**  James L. Feinberg on behalf of
 7    Mr. Brown.
 8                    **MR. THEIS:**  Good morning, your Honor.  John
 9    Theis on behalf of Arlandis Shy.
10                    **MR. MAGIDSON:**  Mark Magidson on behalf of
11    Arlandis Shy.
12                    **MR. S. SCHARG:**  Steven Scharg on behalf of
13    Keithon Porter.
14                    **THE COURT:**  Welcome.  While we've had some
15    distracted this morning, I understand there's been
16    discussions ongoing between government and defense
17    counsel.
18            The Court was also approached by Mr. Daly who
19    expressed reservations about the preliminary jury
20    instructions that will be incorporated in the preliminary
21    instructions given to the jury.  The Court is caught a bit
22    short on the issue inasmuch as the Court has previously
23    addressed the question of preliminary instructions.  We've
24    had discussions about them.  The Court had a -- the
25    government proposed a set of preliminary instruction.

                    *15-20652; USA v. EUGENE FISHER, ET AL*

1    Those were forwarded to defense counsel.  Mr. Spielfogel

2    copied everyone with his suggestions for change, which

3    amounted to I think three items, and those have been

4    incorporated in the preliminary instructions by the Court,

5    and Mr. Magidson also asked for an incorporation of a

6    different enterprise instruction, which the Court

7    considered and incorporated into the -- in large part, but

8    not verbatim, but in large part incorporated those changes

9    in the preliminary instructions.

10         So the Court just used the request as untimely.  I

11    understand the arguments, and I will allow Mr. Daly to

12    make a record when we have some time of his objections to

13    the preliminary instructions, but otherwise, the Court is

14    set, and we've kept the jury sitting now for well over an

15    hour, more like an hour and a half.  Not an auspicious

16    start to the trial.  That's an understatement.

17         So I will give the instructions which is sought to

18    achieve a balance between the two versions.  Defense

19    counsel at early on said they were looking for just the

20    elements without any discussion of the definition of some

21    of the terms.  The government felt that the instructions

22    had to incorporate some of the definitional provisions for

23    them to make any sense at all to the jury, and I intend to

24    agree with that position.

25         Again, I thought we had an agreement based upon

*15-20652; USA v. EUGENE FISHER, ET AL*

 1      the back and forth that occurred back on June 11th of this

 2      year.

 3              I also understand that defendants are being

 4      brought over now, and the parties are asking the Court to

 5      address plea offers that have been made and apparently

 6      rejected, and I'm reluctant to do that before we get into

 7      the trial, but I understand that the government's offers

 8      were made on the condition that the deals be consummated

 9      before the jury is sworn in, and would somebody like to

10      address that?

11              **MR. WATERSTREET:**  Ronald Waterstreet

12      appearing on behalf of the United States, your Honor.

13              **MR. FEINBERG:**  Should we be doing this

14      without the presence of our clients?

15              **MR. WATERSTREET:**  I'm just going to make

16      preliminary statements.

17              **THE COURT:**  I was just trying to understand

18      why I have to do this colloquy now, and so I'm -- no, I'm

19      not going to start listening to the conditions of proposed

20      plea agreement without your clients.

21              **MR. WATERSTREET:**  I don't plan on going into

22      the details, your Honor.

23              **THE COURT:**  Okay.  And the defendants are

24      here now.  So go ahead.

25              **MR. WATERSTREET:**  Your Honor, the government

                   *15-20652; USA v. EUGENE FISHER, ET AL*

1    made a series of offers to all of the defendants prior to

2    trial, and I've had a chance to speak to all of the

3    attorneys concerning the offers.  For the most part,

4    they've all been rejected.  There is one additional

5    offering that is outstanding, and again, it's conditioned

6    prior to the jury being sworn in and opening starting.

7         So I don't know how the Court wishes to proceed on

8    that.  We want to make sure the defendants are given the

9    opportunity to consider the government's offer before we

10   start, and I'll leave it up to the Court's discretion, but

11   once the jury is sworn and the opening begins, the offer

12   will no longer be available.

13         **THE COURT:**  Okay.  And that relates just to

14   Mr. Patterson?

15         **MR. WATERSTREET:**  No, your Honor.  All of

16   these were -- we were trying to do a global resolution.

17   However, there is one other offer that is still

18   outstanding for one of the defendants, and that's again,

19   prior to the jury being sworn in and opening statements

20   begin.

21         **THE COURT:**  So which defendant?

22         **MR. WATERSTREET:**  Mr. Bailey.

23         **THE COURT:**  Mr. Spielfogel or Mr. Daly?

24         **MR. DALY:**  Judge, the latest offer from the

25   government has not been conveyed to our client yet.  We

*15-20652; USA v. EUGENE FISHER, ET AL*

1    don't have a response.

2         The other thing is, would you consider allowing

3    the lawyers to make opening statements first without

4    preliminary instructions, so that you can hear our

5    arguments, like, this afternoon about what our specific

6    position is, and you've outlined it in general terms, but

7    I think there's more to it, and so I'm not -- I don't

8    think the government is opposed to this.  We have a

9    general understanding that the government is going to make

10   an opening statement, and we don't anticipate an objection

11   unless they say something outrageous, which we don't

12   expect.

13        So that may be a solution because I don't think

14   you've heard the full argument, and I understand that this

15   has been going on, that both parties have submitted to you

16   different proposals, and in the meantime while this

17   discussion has been going on, there have been a number of

18   other issues that have taken precedence.  So this has

19   taken sort of a back seat about the preliminary

20   instructions, and the defense is very concerned that

21   whatever instructions you give initially have to be

22   accurate, and ultimately that's your call, but we have

23   competing positions at this point that I don't believe you

24   fully have heard.  You've heard some of it from us in

25   chambers.

                *15-20652; USA v. EUGENE FISHER, ET AL*

1          So that is one way we could proceed.  We could

2     start with opening statements after we resolve what Mr.

3     Waterstreet has presented to the individual defendants,

4     and then this afternoon address the preliminary

5     instructions, and then ultimately you can make a decision.

6     That is an alternative that I think would work, and would

7     allow us to resolve the legal issues before we make

8     opening statements.

9               **MR. WECHSLER:**  Judge, the government joins in

10    Mr. Daly's position, especially in light one of the items

11    that was added by the Court in response to Mr. Magidson's

12    definition that he wanted added.  We do believe that

13    misstates the actual law of RICO conspiracy, and we would

14    like an opportunity to talk about that briefly.

15         Mr. Daly, I agree with everything else he said.

16              **MR. H. SCHARG:**  We join in on behalf of

17    Mr. Fisher.

18              **THE COURT:**  Well, I guess I could dispense

19    with the -- I think I need to give the preliminary

20    instructions.  I could omit all of the instructions

21    relating to the elements and the summary of the charges

22    that are going to be considered by the jury at the

23    conclusion of the case.

24              **MR. DALY:**  Judge, we would be comfortable

25    with you giving instructions about general principles,

*15-20652; USA v. EUGENE FISHER, ET AL*

1    presumption of innocence, burden of proof, leave the

2    charges to later.  We will discuss that, and then you can

3    give additional instructions after opening statements.

4    Agreeable?

5              **MR. WECHSLER:**  Government agrees.

6              **THE COURT:**  Okay.  All right.  We'll process

7    it that way.

8         I guess we need to -- if these offers are

9    contingent on an agreement prior to the -- prior to

10   swearing in the jury, then I guess we better hear about

11   what the offer is.

12        Mr. Waterstreet?

13             **MR. WATERSTREET:**  Yes, your Honor.  As to

14   Mr. Fisher, we were offering a 13 year sentence.

15        As to Mr. Patterson, we were offering a sentence

16   of time served based upon the time of sentencing as to --

17   and that would be a global resolution.  As to Mr. Fisher,

18   Bailey, Brown, Shy and Porter.

19        Mr. Fisher 13 year, Mr. Bailey 18 years, Mr. Brown

20   18 years, Mr. Shy 18 years, Mr. Porter 18 years.

21        Absent a global resolution of those, we made an

22   offer to Mr. Bailey of 16 years on his own.

23             **THE COURT:**  And were those, other than

24   Mr. Bailey, are these 11(c) pleas --

25             **MR. WATERSTREET:**  Yes, your Honor.

*15-20652; USA v. EUGENE FISHER, ET AL*

1          **THE COURT:**  -- that the Court would either

2     accept or reject?

3          **MR. WATERSTREET:**  Yes, your Honor.

4          **THE COURT:**  Not modify?

5          **MR. WATERSTREET:**  Correct.

6          **THE COURT:**  Anything else that you -- and

7     these pleas offers will be withdrawn when we swear this

8     jury in?

9          **MR. WATERSTREET:**  Correct, your Honor.

10         **THE COURT:**  Okay.  All right.  Counsel, have

11    you had chance to discuss these proposals with your

12    clients?

13         **MR. WATERSTREET:**  Your Honor, I was just

14    given a sign by Mr. Patterson's attorney, Mr. Bertram

15    Johnson.  It seems Mr. Patterson will accept the

16    government's offer.  He's signing the documents.  We can

17    do that plea perhaps later, as long as there is an

18    assurance on his behalf, because otherwise the defendant

19    will not be making an opening statement.

20         **THE COURT:**  All right.

21         **MR. JOHNSON:**  That is correct, your Honor.

22    We are executing the plea documents right now.

23         **THE COURT:**  All right.

24         **MR. JOHNSON:**  And if something were to fall

25    through, we would reserve opening statement, but I don't

*15-20652; USA v. EUGENE FISHER, ET AL*

1    see that happening.

2              **THE COURT:**  So you'll sit through the

3    proceedings this morning and will take the plea this

4    afternoon?

5              **MR. WATERSTREET:**  That's fine with me, your

6    Honor.

7              **THE COURT:**  Mr. Johnson, is that agreeable

8    with you?

9              **MR. JOHNSON:**  That's agreeable.

10             **THE COURT:**  All right.  Mr. Scharg?

11             **MR. H. SCHARG:**  On behalf of Mr. Eugene

12   Fisher, Mr. Waterstreet is correct.  There was an offer

13   made of 13 years.  Originally there was proposed Rule 11

14   which called for him to plead to attempted murder in

15   furtherance of RICO, which was a maximum of 10 years.  The

16   Rule 11 agreement called for a plea to that one count with

17   all other counts dismissed, with the max -- with a max of

18   10 years, which was the ceiling, and it allowed for the

19   defense to argue for a variance at the time of sentencing.

20   That was contingent upon Mr. Fisher not proceeding with

21   his motion to suppress and Franks hearing, with the

22   understanding that the offer would be withdrawn if

23   Mr. Fisher exercised his Constitutional Rights to proceed

24   forward with that motion.

25             When we proceeded for with the motion, the offer

                    *15-20652; USA v. EUGENE FISHER, ET AL*

1   was withdrawn, and although there have been tireless

2   efforts on behalf of defense to engage the government and

3   seek a renewal of that proposed Rule 11 plea agreement,

4   that was and consistently rejected by the government.

5           As to the offer of 13 years, although we have not

6   read the art of the deal, if Mr. Fisher rejected the 10

7   years, there's no rational thought process that he

8   would -- that he would agree to more time, and for that

9   reason, we stand by -- and this is Mr. Fisher's decision

10  and his decision alone that -- that he conveyed to me,

11  that he rejects the 13 years that's now offered; that if

12  the original offer, the Rule 11 agreement that was offered

13  previously was put back on the table, with the

14  understanding that there would be no flooring -- I mean,

15  just the minimum, maximum would be 10 years, he would take

16  that Rule 11 agreement at this time.  Otherwise, he

17  rejects the new offer.

18          **THE COURT:**  Minimum, maximum?  I'm sorry --

19          **MR. H. SCHARG:**  What happens is --

20          **THE COURT:**  If it's a minimum, maximum, both

21  are 10 years --

22          **MR. H. SCHARG:**  Flat 10 years.  Under the

23  original Rule 11 agreement, the maximum by statue was 10

24  years, but he would be able to argue for less time.

25          **THE COURT:**  Okay.


                    *15-20652; USA v. EUGENE FISHER, ET AL*

1               **MR. H. SCHARG:**  The difference being now is

2    that we conceded that after the supression motion, that we

3    would take off the table the opportunity to argue for less

4    than 10 years and make it a flat 10 years.

5               **THE COURT:**  Right.  Okay.

6               **MR. H. SCHARG:**  Is that correct, Mr. Fisher?

7               **DEFENDANT FISHER:**  Yes, your Honor?

8               **THE COURT:**  So you understand that the

9    conditions of the proposal --

10              **DEFENDANT FISHER:**  Yes.

11              **THE COURT:**  -- for the 13 years?

12              **DEFENDANT FISHER:**  Yes, I understand.

13              **THE COURT:**  You wish to reject that?

14              **DEFENDANT FISHER:**  Yes.

15              **THE COURT:**  You've listened to Mr. Scharg,

16   and discussed the pros and cons?

17              **DEFENDANT FISHER:**  Yes.

18              **THE COURT:**  You understand the exposure that

19   you to a much higher sentence?

20              **DEFENDANT FISHER:**  Yes, your Honor.

21   Actually, I don't understand one thing about the

22   enhancement career criminal charge?  I don't really

23   understand.  Sorry about that.  I don't know the

24   circumstances behind that.  Like, normally I've seen some

25   people who have talked to me about it that have an

*15-20652; USA v. EUGENE FISHER, ET AL*

1    extensive record.  I don't think that my record was

2    extensive, even though it don't matter what I feel.  I

3    didn't get a chance to look at the criteria.  I don't

4    understand that.

5                 **THE COURT:**  Okay.

6                 **DEFENDANT FISHER:**  I understand the charges.

7                 **THE COURT:**  You understand -- at least you

8    understand the government would be advocating a guideline

9    range that includes the point that you would receive as a

10   career criminal if that applies, right?

11                **DEFENDANT FISHER:**  I'm wondering, do it

12   apply?  How do I find out?

13                **THE COURT:**  Well --

14                **MR. H. SCHARG:**  He has two priors, weapon and

15   drug conviction.  With the conviction of a felon in

16   possession, it qualifies for career.

17                **DEFENDANT FISHER:**  Attempt CCW.

18                **THE COURT:**  Attempt CCW.  Just offhand, I

19   don't know.  I'm sure Mr. Scharg is familiar, but the

20   point is that your exposure -- potential exposure to the

21   longer sentences is based in part on the government's

22   theory that you would receive career criminal points.

23                Is that correct, Mr. Waterstreet?

24                **MR. WATERSTREET:**  Your Honor, as to

25   Mr. Fisher, he is facing -- give me a moment, please.

*15-20652; USA v. EUGENE FISHER, ET AL*

1          **THE COURT:**  If you could come up to the

2     podium so we can hear you.

3          **MR. WATERSTREET:**  It is my understanding that

4     Mr. Fisher is facing on Count 1 up to life imprisonment.

5     As to Count 25, he's looking at 10 years imprisonment.

6     Count 26, he's looking at 20 years imprisonment.  Count

7     27, he's looking at 10 years imprisonment.  Count 32, he's

8     facing five years to life imprisonment.  Count 33, he's

9     facing up to 10 years in imprisonment, and count -- did I

10    say 33 -- and Count 35, he's facing up to 10 years

11    imprisonment, and of course, all of these have a fine of

12    $250,000.

13         Because of his prior convictions, if he meets the

14    criteria of being a career offender, of course, his

15    guidelines will go up proportionally, and so right now I

16    have not done a complete Rule 11 plea agreement.  This was

17    based upon actually an offer that was made by the United

18    States as a potential global resolution.  We sought a

19    global resolution of all the defendants, and we thought

20    that 13 years would be appropriate as part of a global

21    resolution in this matter as to Mr. Fisher.

22         **THE COURT:**  I see.

23         **MR. H. SCHARG:**  The guidelines were

24    calculated in the original Rule 11 agreement, and I think

25    the guidelines that were calculated far exceeded the 13

*15-20652; USA v. EUGENE FISHER, ET AL*

1    years.   The low range I believe was 262 months.

2              **MR. WATERSTREET:**  I have no reason to quibble

3    with that.

4              **THE COURT:**  So Mr. Fisher as it works out,

5    there's been no ruling by the Court that you would receive

6    points as a career offender, and the calculation of the

7    guideline range itself is not any indication of what your

8    sentence would be.  The Court has the prerogative of going

9    below that.  The offer that's been made is a flat 13 year

10   sentence and --

11             **DEFENDANT FISHER:**  Guideline would be 260.

12             **THE COURT:**  The guidelines could be

13   considerably higher.

14             **MR. H. SCHARG:**  This would be a below

15   guideline sentence, and also I should say, so we have full

16   transparency, when Mr. Fisher rejected 13 years, there was

17   also a counter offer made by the government, a high-low, a

18   ceiling of 15 and a floor of 10 years.  So that at the

19   time of sentencing, the government could advocate for 15

20   years, we could advocate for as low as 10 years.  That was

21   also rejected by Mr. Fisher after I spoke with him.

22   Again, on the premise that they originally offered him 10,

23   why should he plead to an agreement calling for more than

24   10 years?

25             **THE COURT:**  All right.  It doesn't

                   *15-20652; USA v. EUGENE FISHER, ET AL*

1    necessarily call for more than 10 years if the Court has

2    the prerogative.

3              **MR. H. SCHARG:**  Correct.  I explained that to

4    him, and said that I couldn't give him any assurances

5    other than the original Rule 11 agreement that called for

6    a max of 10 years.

7              **THE COURT:**  All right.  So point is it is

8    your decision, and have you been pressured or --

9              **DEFENDANT FISHER:**  No, your Honor.

10             **THE COURT:**  You want to make the decision to

11   reject the plea?

12             **DEFENDANT FISHER:**  Yes, your Honor.

13             **THE COURT:**  And that's voluntary on your

14   part.

15             **DEFENDANT FISHER:**  Yes, your Honor.

16             **THE COURT:**  You believe you have enough

17   information to judge?

18             **DEFENDANT FISHER:**  Yes, your Honor.

19             **THE COURT:**  Thank you, sir.

20             **MR. H. SCHARG:**  Could I say one thing to

21   clarify that?  At this time and all times he was willing

22   to plead to the one count?

23             **DEFENDANT FISHER:**  Yes, your Honor.

24             **MR. H. SCHARG:**  Which carries 10 years, and

25   for that reason in case this matter proceeds to a

*15-20652; USA v. EUGENE FISHER, ET AL*

1      conviction, there may be an argument for acceptance of

2      responsibility that we may make at a later time regarding

3      that one offense.

4              **THE COURT:**  Thanks, Mr. Scharg.

5          Who wants to go next here?

6              **MR. S. SCHARG:**  I'll go next, your Honor.

7      Good morning.  Steven Scharg on behalf of Mr. Porter.

8              Your Honor, at the last final conference we had,

9      the last final pretrial we had, the government offered my

10     client an agreement of 35 years.  At that point my client

11     informed the Court that he was not interested in the plea

12     offer.

13             This morning, as a result of global plea offer

14     that was made by Mr. Waterstreet, it is our understanding

15     that there was a plea offer of 18 years.  I had an

16     opportunity to discuss that with Mr. Porter, and at this

17     time he decided not -- he declined that offer and proceed

18     to trial.  Is that correct Mr. Porter?

19             **DEFENDANT PORTER:**  Yes, sir, I would decline

20     the offer.

21             **THE COURT:**  All right.  And you understand

22     your potential exposure if you're convicted at trial?

23             **DEFENDANT PORTER:**  I understand everything,

24     your Honor.

25             **THE COURT:**  And you're making this decision

*15-20652; USA v. EUGENE FISHER, ET AL*

1    because you feel it is your best interest?

2               **DEFENDANT PORTER:**  I know it is in my best

3    interest.

4               **THE COURT:**  And nobody has forced or coerce

5    you?

6               **DEFENDANT PORTER:**  Not at all, your Honor.

7               **THE COURT:**  Okay.  Thank you.

8             **MR. S. SCHARG:**  Thank you, Judge.

9             **MR. SPIELFOGEL:**  As to Corey Bailey, it is

10   our understanding at this point that the offer pursuant to

11   this global attempt is currently now at 16 years.

12            **MR. WATERSTREET:**  The global resolution was

13   18, your Honor.  What we are recommending for Mr. Bailey

14   and Mr. Bailey alone is not part of the global resolution

15   is 16 years.

16            **MR. SPIELFOGEL:**  Fine, not as part of the 16

17   years.  We've discussed this with Mr. Bailey.  It is your

18   understanding that he is rejecting that offer, and is

19   prepared to proceed to trial.

20            **THE COURT:**  Okay.  Mr. Bailey, is that

21   correct?

22            **DEFENDANT BAILEY:**  That is correct, your

23   Honor.  Proceeding to trial.

24            **THE COURT:**  Again, you feel this is in your

25   best interest?

*15-20652; USA v. EUGENE FISHER, ET AL*

 1             **DEFENDANT BAILEY:**  Absolutely.

 2             **THE COURT:**  And you understand the offer and

 3     the exposure that you would otherwise have?

 4             **DEFENDANT BAILEY:**  Absolutely.

 5             **THE COURT:**  And you've listened to your

 6     attorneys' advice?  Not that you're following it, but

 7     you've listened?

 8             **DEFENDANT BAILEY:**  Yes, I did.

 9             **THE COURT:**  Okay.  Thank you, sir.

10             **MR. MAGIDSON:**  Good morning.  Mark Magidson

11     on behalf of Mr. Shy.

12         Your Honor, we've previously been presented with

13     an offer of 35 years, which I tendered to my client.  He

14     counter -- made a counteroffer that was rejected by the

15     government, and we had no further discussions until this

16     morning when we were presented with the global resolution

17     of 18 years.

18         We then met with Mr. Shy in the lockup.  There was

19     a long line.  It took a little while, and he discussed it.

20     We discussed the pros and cons.  He knows the exposure,

21     but he's advised us that he wishes to proceed to trial

22     knowing the consequences.

23             **THE COURT:**  All right.  Mr. Shy, you

24     understand what's been said?

25             **DEFENDANT SHY:**  Yes, your Honor.


                *15-20652; USA v. EUGENE FISHER, ET AL*

```
 1              THE COURT:  And you are in agreement?
 2              DEFENDANT SHY:  Yes.
 3              THE COURT:  And you wish to reject the offer?
 4              DEFENDANT SHY:  Yes.
 5              THE COURT:  And have your trial?
 6              DEFENDANT SHY:  Yes.
 7              THE COURT:  Nobody has forced you?
 8              DEFENDANT SHY:  No.
 9              THE COURT:  Thank you.  Mr. Feinberg?
10              MR. FEINBERG:  Good morning, your Honor.  Jim
11    Feinberg attorney for Mr. Brown.
12         The original plea offer in this case was 10 years.
13    Mr. Brown rejected that, and when I say 10 years,
14    mandatory, minimum of 10.  As of this morning, the
15    government indicated that the plea would be to 18 years
16    rather than 10 years.  They would not reinstate the 10.
17         I spoke to Mr. Brown.  Mr. Brown does not wish to
18    afford himself to the plea offer of 18 years,
19    understanding all of the consequences that he's facing.
20              THE COURT:  Mr. Brown you understand what's
21    been said?
22              DEFENDANT BROWN:  Yes, your Honor.
23              THE COURT:  You agree with what's been said?
24              DEFENDANT BROWN:  Very much.
25              THE COURT:  You believe this is in your best
```

15-20652; USA v. EUGENE FISHER, ET AL

```
 1        interest to reject plea agreement?
 2                    DEFENDANT BROWN:  I'm agreeing with my
 3        lawyer, no plea now.
 4                    THE COURT:  All right.  Thank you, sir.
 5                    DEFENDANT BROWN:  Thank you.
 6                    MR. WATERSTREET:  Your Honor, I apologize for
 7        any delay there may have been caused, but I was approached
 8        by defense counsel, asked for a global resolution.  I sat
 9        down with the attorneys in my office.  We went over a
10        potential global resolution, and I made an offer based
11        upon their request for a global resolution, and for any
12        time that has been taken away from the jury, I apologize.
13                    THE COURT:  Thank you, Mr. Waterstreet.
14        Okay.
15                    MR. WATERSTREET:  One last thing, what time
16        does the Court wish me to be back for Mr. Patterson's
17        plea?
18                    THE COURT:  2:00.
19                    MR. WATERSTREET:  I'll be here at 2:00.
20                    THE CLERK:  2:30 might be better.
21                    MR. WATERSTREET:  Thank you, your Honor.
22                    THE COURT:  All right.  If there's nothing
23        else, we'll bring the jurors in.
24
25                    (Proceedings with jury at 10:28 a.m.)

                    15-20652; USA v. EUGENE FISHER, ET AL
```

1          **THE COURT:**  You can take a seat.  Thanks.

2          Okay.  We have great apologies to make here.  This

3     is not a very auspicious start to the trial, but

4     unfortunately we had a number of issues that could not be

5     deferred past the point where we swear you in as jurors,

6     and so we needed to get it right, and I think we've done

7     that now, and I tend to pride myself on getting cases

8     heard efficiently and without inconveniencing you, without

9     consuming more of your time than necessary.

10         So again, hopefully, I'll redeem my standing with

11    you by end of the trial based on minimizing the time that

12    you have to sit around, and I know the quarters back

13    there.  We are in a borrowed courtroom.  My regular

14    courtroom is up on two, and it's much more comfortable in

15    the jury room than this.  So that's another reason to

16    minimize time that you are sitting around, and so I'm

17    sorry, and I'll do my best to avoid inconveniencing you at

18    every turn of the case.

19         So if you would all rise?  You need to be sworn to

20    act as a jury.  All stand, and raise your right hand.

21

22              (Jury sworn in by deputy clerk.)

23

24         **THE COURT:**  Thanks, folks.

25         So I'm going to be giving you your preliminary

*15-20652; USA v. EUGENE FISHER, ET AL*

1    instructions which will govern your participation in the

2    trial.

3         Now that you have been sworn, you are advised it's

4    going to be your duty to find from the evidence in the

5    case what the facts of the case are.  You and you alone

6    will be judges of the facts.  You then have to apply to

7    those facts the law as the Court will give it to you.  You

8    must follow the law whether you agree with it or not.

9         Nothing that the Court may say or do during the

10   course of the trial is intended to indicate or should it

11   be taken by you as indicating what your verdict should be.

12        The evidence from which you will find the facts

13   consist of the testimony of witnesses, documents, and

14   other things received into the record as exhibits, and any

15   facts that the lawyers agree to or stipulate to or what

16   the Court may instruct to you find.

17        Certain things are not evidence and must not be

18   considered by you as such.  I'm going list some of the

19   things for you now.

20        Statements, arguments and questions by the lawyers

21   are not evidence.

22        Objections to questions are not evidence.  Lawyers

23   have a obligation to their clients to make objections when

24   they believe that the evidence being offered is improper

25   under the rules of evidence.  You should not be influenced

*15-20652; USA v. EUGENE FISHER, ET AL*

1    by an objection or by the Court's ruling on the
2    objections.  If the objection is sustained, you should
3    ignore the question.  If overruled, you should treat the
4    answer just like any other.  If you're instructed that
5    some item of evidence is received for a limited purpose
6    only, you should follow that instruction.
7            Testimony that the Court has excluded or told you
8    to disregard is not evidence, and must not be considered.
9            Anything that you may have seen or heard outside
10   of the courtroom is also not evidence and should
11   disregarded.
12           You are to decide the case solely on the evidence
13   presented here in the courtroom.
14           There are two kinds of evidence, direct and
15   circumstantial evidence.
16           Direct evidence is direct proof of facts, like the
17   testimony of an eye witness.  Circumstantial evidence is
18   proof of facts from which you may infer or conclude that
19   other facts exist.  I'll give you some further
20   instructions on these, and as well as other matters at the
21   end of the case, and may give you some instructions as the
22   case moves along.
23           It will up to you to decide which witnesses to
24   believe and what witnesses not to believe, and how much of
25   any person's testimony to accept or reject.  I'll give you

*15-20652; USA v. EUGENE FISHER, ET AL*

1    some guidelines for determining the credibility of

2    witnesses at the end of the case.

3             As you know, this is a criminal case, and there

4    are three basic rules about a criminal that you should

5    keep in mind.

6             First, a defendant is presumed innocent until

7    proven guilty.  The indictment brought by the government

8    against a defendant is only an accusation and nothing

9    more.  It's not proof of guilt or anything else.  The

10   defendant and each defendant therefore starts out with a

11   clean slate.

12            Second, the burden of proof is on the government

13   until the very end of the case.  The defendant has no

14   burden to prove his innocence or to present any evidence,

15   or to testify.  Since the defendant has the right to

16   remain silent, the law prohibits you from arriving at your

17   verdict by considering that a defendant may not have

18   testified.

19            Third, the government must prove the defendant's

20   guilt beyond a reasonable doubt.  I will give you further

21   instructions on this point later, but bear if mind in this

22   respect, a criminal case is different from a civil case.

23            In this case the defendants are charged with a

24   number of offenses which are going to be addressed, of

25   course, by the parties and the Court during the course of

*15-20652; USA v. EUGENE FISHER, ET AL*

1    that proceeding.

2         I'll be giving you instructions to assist you in

3    controlling your deliberations and your decision in the

4    case, and those instructions will include a summary of the

5    elements of the offenses that the government must prove to

6    make its case.

7         I do want to again give you a few words about your

8    conduct as jurors.  I know heard them before, but they are

9    very important, and I will repeat them again.

10        As jurors, you're to decide this case based solely

11   on the evidence presented here within four walls of this

12   courtroom.  This means that during the trial, you must not

13   conduct any independent research about the case, the

14   matters in the case or the individuals or corporations

15   involved in the case.

16        In other words, you should not as a consult

17   dictionaries, search the internet, websites or blogs or

18   use any electronic tools to obtain information about the

19   case or to help you decide it.  Please don't try to find

20   out information from any source outside the confines of

21   the courtroom.

22        Until you deliberate, you should not discuss the

23   case with anyone, including your fellow jurors.  After you

24   retire to deliberate, you may then to begin discussing the

25   case with your fellow jurors, but you can't discuss the

*15-20652; USA v. EUGENE FISHER, ET AL*

1    case with anyone else until you return a verdict and the

2    case is at an end.

3         Many of you use cell phones, Blackberries,

4    internet and other tools of technology.  You should not

5    talk to anyone at any time about the case, and this

6    includes your family and friends.  Thus, you should not

7    attempt to communicate electronically with anyone,

8    including those folks, and you may not communicate with

9    anyone about case on the cell phone, through email,

10   Blackberry, text message, Twitter or any blog or website,

11   including Facebook, Google, MySpace, Linkedin or YouTube.

12   You may not use any similar technology of social media,

13   even if I have not specifically mentioned it here.

14        I expect you will inform me if you become aware of

15   any juror's violations of these instructions, and a juror

16   who violates these restrictions, of course, jeopardizes

17   the fairness of the proceedings, and a mistrial could

18   result, which would require us to start the trial process

19   over again.

20        Finally, don't form any opinions until all of the

21   evidence is in.  Keep an open mind until your start your

22   deliberations at end of the case.

23        I think this case will prove to be interesting and

24   noteworthy for you, and I hope you share that opinion.

25        If you do want to take notes during the course of

*15-20652; USA v. EUGENE FISHER, ET AL*

1    the trial, you may do so.  However, it is difficult

2    sometimes to take notes and pay attention to what the

3    witnesses are saying at the same time.  So if you do take

4    notes, be sure your note taking does not interfere with

5    your listening to and considering all the evidence.

6         Also, if you do take notes, do not discuss them

7    with anyone before you begin your deliberations.  Don't

8    take your notes with you at the end of the day.  Be sure

9    to leave them in the jury room, and then you will resume

10   your possession of the notes when the trial resumes.

11        I do expect you to listen carefully to all of the

12   evidence, even if you're not taking notes.  Remember that

13   it is your own responsibility to listen carefully to the

14   evidence, and you can't give that responsibility over to

15   someone who is taking notes.  We depend on the judgment of

16   all the members of the jury, and you must all remember the

17   evidence as much as possible as presented during the

18   course of the trial.

19        The trial is now going to begin.  The government

20   will first make an opening statement, which is simply an

21   outline to help you understand the evidence as it comes

22   in.

23        Next, the defendants' attorney may make an opening

24   statement, but does not have to make an opening statement.

25   Opening statements are not evidence, and they are not

*15-20652; USA v. EUGENE FISHER, ET AL*

1    arguments in the case.

2           The government will then present its witnesses,

3    and the attorneys for the defendants may cross examine

4    them.

5           Following the government's case, the defendants

6    may, if they wish, individually present witnesses whom the

7    government may cross examine.

8           After all the evidence is in, the attorneys will

9    present their closing arguments to summarize and interpret

10   the evidence for you, and government will then instruct --

11   and the Court will then instruct you on the law.  After

12   that, you'll retire deliberate on your verdict.

13          We have an IT issue.  We'll send you back to the

14   jury room.

15

16              (Recess taken at 10:42 a.m.)

17

18                    -    -    -

19

20

21

22

23

24

25

                15-20652; USA v. EUGENE FISHER, ET AL

1      **C E R T I F I C A T I O N**

2              I, Ronald A. DiBartolomeo, official court

3      reporter for the United States District Court, Eastern

4      District of Michigan, Southern Division, appointed

5      pursuant to the provisions of Title 28, United States

6      Code, Section 753, do hereby certify that the foregoing is

7      a correct transcript of the proceedings in the

8      above-entitled cause on the date hereinbefore set forth.

9              I do further certify that the foregoing

10     transcript has been prepared by me or under my direction.

11

12     s/Ronald A. DiBartolomeo               ____May 9, 2019_
       Ronald A. DiBartolomeo, CSR                   Date
13     Official Court Reporter

14                          -   -   -

15

16

17

18

19

20

21

22

23

24

25

                    *15-20652; USA v. EUGENE FISHER, ET AL*