**NOT RECOMMENDED FOR PUBLICATION**

No. 19-2281

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

FILED
Jul 28, 2022
DEBORAH S. HUNT, Clerk

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
|    Plaintiff-Appellee, | ) |
| | ) |
| v. | )   ON APPEAL FROM THE UNITED |
| | )   STATES DISTRICT COURT FOR |
| ARLANDIS SHY, | )   THE EASTERN DISTRICT OF |
| | )   MICHIGAN |
|    Defendant-Appellant. | ) |
| | ) |

O R D E R

Before: BOGGS, THAPAR, and BUSH, Circuit Judges.

Arlandis Shy filed a petition for rehearing of our July 5, 2022, opinion in his consolidated criminal appeal. We grant the petition and amend the opinion as it relates to Shy in the following ways.

First, we add the following footnote to the end of the last sentence in Part II:

Shy purports to adopt by reference Bailey's and Brown's sufficiency arguments. In cases involving multiple appellants, an appellant "may adopt by reference any part of the brief of another." Fed. R. App. P. 28(i). But the "arguments adopted must be readily transferable from the proponent's case to the adopter's case." *United States v. Elder*, 90 F.3d 1110, 1118 (6th Cir. 1996). Because the sufficiency-of-the-evidence arguments here are "fact-specific and are not readily transferable," they may not be adopted. *Id.* Thus, Shy must otherwise "adequately develop or preserve the issue with respect to his own appeal." *Id.* And although Shy asks us to read his brief's "statement of the case" section alongside Bailey's sufficiency argument, a party may not bury legal arguments in his statement of the case without elaborating on how the law applies to the facts of his case. *See, e.g.*, *Sapuppo v. Allstate Floridian Ins. Co.*, 739 F.3d 678, 681–82 (11th Cir. 2014). Thus, Shy likely forfeited this argument.

In any event, Shy's sufficiency argument fails on the merits. For the reasons we've explained, there was a RICO enterprise. And like with the other defendants, the

evidence establishes that Shy adopted "the goal of furthering or facilitating" the enterprise's criminal endeavor. *Salinas*, 522 U.S. at 65; *see Fowler*, 535 F.3d at 421. As the district court determined, there is "substantial evidence from which the jury could conclude that Shy was associated with the enterprise." R. 1163, Pg. ID 15238. That includes text messages in which Shy offered to see if rival gang members were around for Arnold. It also includes, among other things, evidence that Shy transported drugs to West Virginia for SMB members or associates, stayed with SMB members or associates, and sought to participate in the shooting of Dvante Roberts and three others. We have no trouble concluding that sufficient evidence supports the jury's verdict.

Second, we add the following footnote to the end of the conclusion:

Shy adopted the issues raised by his co-defendants in Parts III(B), V, VIII(A)–(B), IX, X, XII, XIII, XIV, XVII, and XX. We reject those issues as they relate to Shy for substantially the same reasons we rejected them as they relate to his co-defendants.

                    ENTERED BY ORDER OF THE COURT

                    Deborah S. Hunt, Clerk

# UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

| | 100 EAST FIFTH STREET, ROOM 540 | |
|---|---|---|
| Deborah S. Hunt | POTTER STEWART U.S. COURTHOUSE | Tel. (513) 564-7000 |
| Clerk | CINCINNATI, OHIO 45202-3988 | www.ca6.uscourts.gov |

Filed: July 28, 2022

Mr. Mark Henry Magidson
Law Office
1 Park Avenue
Suite 1207
Detroit, MI 48226

    Re: Case No. 19-2281, *USA v. Arlandis Shy, II*
          Originating Case No.: 2:15-cr-20652-13

Dear Mr. Magidson,

  The Court issued the enclosed Order today in this case.

                                          Sincerely yours,

                                          s/Beverly L. Harris
                                          En Banc Coordinator
                                          Direct Dial No. 513-564-7077

cc: Ms. Kinikia D. Essix
     Mr. Daniel R. Hurley

Enclosure