UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

    v.

ARLANDIS SHY, D-13,

    Defendant.

_____/

Case No. 15-20652-13

Hon. George Caram Steeh

ORDER DENYING DEFENDANT'S MOTION
FOR COMPASSIONATE RELEASE [ECF NO. 1891]

Defendant Arlandis Shy seeks compassionate release or modification and reduction of his sentence under 18 U.S.C. § 3582(c)(1)(A). Shy bases his motion on sentencing disparities between himself and some of his co-defendants; the allegation that he has been physically threatened in prison due to speculation that he cooperated with the government; and medical conditions including asthma and high blood pressure, which put him at increased risk of serious Covid-19 symptoms. For the reasons explained below, the Court denies the motion.

Shy was indicted as part of a multi-defendant RICO conspiracy case involving the Seven Mile Bloods street gang. The jury found Shy guilty of RICO conspiracy with a sentence enhancement that increased his statutory

maximum sentence from 20 years to life. He was also found guilty of possession of a firearm during and in relation to a crime of violence, which was later dismissed by the government pursuant to *United States v. Davis*, 139 S. Ct. 2319 (2019). Shy was found not guilty on four counts of murder and attempted murder in aid of racketeering, as well as on the two related firearm counts.

On October 29, 2019, the Court sentenced Shy to 220 months imprisonment on his conviction for RICO conspiracy. Shy has been in custody since March 7, 2016, and has served about 84 months of his sentence. If he earns full good time credit, Shy's anticipated release date is October 17, 2030. The Sixth Circuit affirmed his conviction and the Supreme Court denied certiorari on November 21, 2022.

Ordinarily, a district court "may not modify a term of imprisonment once it has been imposed." 18 U.S.C. § 3582(c). The statute provides for a limited exception, known as "compassionate release," which is governed by 18 U.S.C. § 3582(c)(1)(A), as amended by the First Step Act of 2018. Prior to the effective date of the First Step Act, only the Bureau of Prisons could move for compassionate release, upon a finding that extraordinary and compelling reasons supported a sentence reduction. The First Step Act amended 18 U.S.C. § 3582(c)(1)(A) to permit a defendant to seek

compassionate release on his own behalf. This section now allows for judicial modification of an imposed term of imprisonment when: (1) the defendant has first exhausted all administrative remedies with the BOP or at least allowed the BOP 30 days to act on his request before seeking compassionate release on his own motion; (2) extraordinary and compelling reasons warrant such a reduction, consistent with the "applicable policy statements issued by the Sentencing Commission"; and (3) the relevant sentencing factors listed in 18 U.S.C. § 3553(a) have been considered. 18 U.S.C. § 3582(c)(1)(A)(i).

I.      <u>Exhaustion of Administrative Remedies</u>

A defendant is allowed to file a motion for compassionate release after he has "fully exhausted all administrative rights to appeal a failure of the BOP to bring a motion. . ." or "30 days after the date the warden received a request for compassionate release." 18 U.S.C. § 3582(c)(1)(A). On March 11, 2021, Shy's attorney submitted a request for compassionate release to the warden based on the risks presented by Covid-19 as it relates to Shy's asthma. The warden denied the request. Because Shy based both his administrative request and the instant motion on extraordinary and compelling circumstances, he has exhausted his administrative remedies.

II.     Extraordinary and Compelling Reason

Under the statute, the defendant has the burden of showing that an extraordinary and compelling reason supports a reduction in sentence. The court has discretion to define "extraordinary" and "compelling". The defendant's reasons must be "extraordinary"—meaning "most unusual" or "having little or no precedent." *United States v. Hunter,* 12 F.4th 555, 562 (6th Cir. 2021). The reasons must also be "compelling"—meaning "so great that irreparable harm or injustice would result if the relief is not granted." *United States v. Sapp*, No. 14-CR-20520, 2020 WL 515935, at *3 (E.D. Mich. Jan. 31, 2020).

A.     Sentencing Disparities

Shy argues that he should be released or have his sentence reduced because of the disparity between his 220-month sentence and the sentences received by many of his codefendants. He points out that many of his codefendants who pleaded guilty to the RICO conspiracy received sentences that were significantly less than his. However, as even Shy seems to acknowledge in his argument, the factors considered in his sentencing differ from those of his codefendants. "Disparities between the sentences of coconspirators can exist for valid reasons, such as differences in criminal histories, the offenses of conviction, or one

coconspirator's decision to plead guilty and cooperate with the government." *United States v. Conatser*, 514 F.3d 508, 522 (6th Cir. 2008); s*ee also Hunter*, 12 F.4th at 572 ("There is nothing 'extraordinary' or 'compelling' about a sentence disparity that results from a co-defendant's decision to plead guilty and assist the government.").

Shy's sentencing guidelines were Life, yet he was sentenced to less than 20 years. Most of his codefendants who entered a plea received sentences within or only slightly below their sentencing guidelines. It is also significant that of the codefendants discussed by Shy, he is the only one whose offense conduct consisted of violent conduct. In this case, there is not an inappropriate sentencing disparity between Shy and his codefendants that constitutes an extraordinary and compelling reason for early release.

In addition, all of the co-defendants listed in Shy's motion as having received more lenient sentences, with the exception of Devon Patterson, were sentenced before Shy. Therefore, when this Court sentenced Shy, it was well-aware of the sentences of these other defendants. The Sixth Circuit has made clear that "[t]he extraordinary and compelling reasons requirement in § 3582(c)(1)(A) cannot be met based on a mere difference

of opinion regarding the significance of the facts that existed at sentencing." *Hunter*, 12 F.4th at 571.

The sentencing disparities between Shy and his codefendants is not an extraordinary and compelling reason for relief.

### B. Risks Posed in Prison

Shy next alleges that there are extraordinary and compelling reasons for his early release because he has been physically threatened in prison based on the perception that he cooperated with the government. However, Shy has not provided any evidence to support his claim that he has been threatened or harmed. Neither has Shy provided any legal authority to support that an inmate's concern for their personal safety in prison can provide an extraordinary and compelling basis for early release.

Shy's alleged safety concerns do not provide extraordinary and compelling reasons for his early release.

### C. Health Concerns

Finally, Shy asserts that he has asthma and high blood pressure, which place him at increased risk of severe illness or death if he contracts Covid-19. However, Shy's BOP medical records document his history of asthma, but do not identify asthma as a current active condition, let alone

one that requires medication or interferes with his daily life. In addition, there is no indication in the medical records that Shy suffers from high blood pressure.

The Sixth Circuit has held "that a defendant's incarceration during the Covid-19 pandemic—when the defendant has access to the Covid-19 vaccine—does not present an 'extraordinary and compelling reason' warranting a sentence reduction." *United States v. Lemons*, 15 F.4th 747, 751 (6th Cir. 2021) (quoting *United States v. Broadfield*, 5 F.4th 801, 803 (7th Cir. 2021)). Although Shy expresses fear about what will happen to him if he contracts Covid-19, he has twice refused the Covid-19 vaccination. Courts have consistently refused to find extraordinary and compelling medical circumstances when a defendant declines the Covid-19 vaccine. *See United States v. Cohen*, No. 09-20326, 2021 WL 1575300, at *2 (E.D. Mich. Apr. 22, 2021) ("The Court agrees with courts that have found that access to the vaccine mitigates the health concerns that may otherwise constitute extraordinary and compelling reasons in light of the pandemic.")

As with his other arguments, the threat of Covid-19 is not an extraordinary and compelling reason to support Shy's claim of early release.

III. Section 3553(a) Sentencing Factors

The Court concludes that Shy has not presented an extraordinary and compelling reason for release. The Sixth Circuit has stated that "district courts may deny compassionate-release motions when any of the three prerequisites listed in § 3582(c)(1)(A) is lacking and do not need to address the others." *United States v. Elias*, 984 F.3d 516, 519 (6th Cir. 2021). Therefore, the Court does not address the relevant sentencing factors listed in § 3553(a).

Now, therefore,

IT IS HEREBY ORDERED that Shy's motion for compassionate release (ECF No. 1891) is DENIED.

Dated:  April 5, 2023

                                              s/George Caram Steeh
                                              GEORGE CARAM STEEH
                                              UNITED STATES DISTRICT JUDGE