UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

v.                                   Criminal Case No. 15-20652

ARLANDIS SHY, II (D-13),           Sean F. Cox
                                          United States District Court Judge

    Defendant.
_____/

**OPINION & ORDER
DENYING MOTION FOR COMPASSIONATE RELEASE (ECF NO. 2149)**

In this case, Defendant Arlandis Shy, II ("Shy") was convicted of a RICO conspiracy charge and he is currently serving his prison sentence. The matter is now before the Court on Defendant Shy's *pro se* motion seeking compassionate release under 18 U.S.C. § 3582(c)(1)(A). The Court concludes that a hearing is not warranted and orders that the motion will be decided based upon the briefs. For the reasons set forth below, the Court DENIES the motion.

**BACKGROUND**

"For over a decade, the Seven Mile Bloods used a combination of threats and violence to control a swath of territory in east Detroit." *United States v. Bailey*, 2022 WL 2444930 at *1 (6th Cir. 2022). The area where the Seven Mile Bloods operated "developed such a bloody reputation that it was soon termed the 'Red Zone.'" *Id*. Shy was one of several members of the Seven Mile Bloods who was charged in this multi-defendant criminal case.

The action was originally assigned to the Honorable George Caram Steeh. Shy was one of four defendants who was tried in a four-month jury trial before Judge Steeh. *Id*. Shy was

1

convicted of a RICO conspiracy with a sentencing enhancement that increased his statutory maximum sentence from 20 years to life. *Id.*

Shy's sentencing occurred on October 29, 2019. Although Shy's sentencing guidelines were life, Judge Steeh sentenced Shy to 220 months of imprisonment. Shy is currently serving that sentence.

Shy filed a direct appeal and the United States Court of Appeals for the Sixth Circuit affirmed his conviction and sentence. *See United States v. Bailey, supra*. The United States Supreme Court denied certiorari on November 21, 2022.

While serving his lengthy sentence, Defendant Shy previously filed a motion seeking compassionate release. Judge Steeh denied that motion. (*See* ECF No. 1921).

On January 24, 2025, Defendant Shy filed a second Motion for Compassionate Release. (ECF No. 2149). Thereafter, this case was reassigned to the undersigned judge for docket efficiency. (*See* ECF No. 2151).

The Government opposes Shy's pending motion. The Government questions whether Shy has exhausted his administrative remedies as to the grounds asserted in this Motion for Compassionate Release. But it also argues that the motion should be denied on the merits in any event.

## ANALYSIS

"The 'compassionate release' provision of 18 U.S.C. § 3582 allows district courts to reduce the sentences of incarcerated persons in 'extraordinary and compelling' circumstances. 18 U.S.C. § 3582(c)(1)(A)." *United States v. Michael Jones*, 980 F.3d 1098, 1100 (6th Cir. Nov. 20, 2020). As summarized by the Sixth Circuit:
> Federal law authorizes a district court to reduce a defendant's sentence if

> the court finds that (1) "extraordinary and compelling reasons" warrant a reduction, (2) a reduction is "consistent with applicable policy statements issued by the Sentencing Commission," and (3) the § 3553(a) factors, to the extent applicable, support a reduction. *Ruffin*, 978 F.3d at 1003 (quoting § 3582(c)(1)(A)). Currently, no policy statement applies where a defendant (as opposed to the Bureau of Prisons) files a motion seeking a sentence reduction (sometimes known in our case law as "compassionate release"). *United States v. Sherwood*, 986 F.3d 951, 953 (6th Cir. 2021). A district court, therefore, must deny a defendant's motion if the defendant fails to show either that extraordinary and compelling reasons warrant a sentence reduction or that the § 3553(a) factors support a reduction. *Id*. at 954; *United States v. Hampton*, 985 F.3d 530, 531 (6th Cir. 2021).

*United States v. McKinnie,* 25 F.4th 583, 586 (6th Cir. 2022).

Here, Defendant Shy argues that his request for compassionate release should be granted because his elderly grandparents, particularly his grandmother who he claims is "battling dementia," need assistance. Shy asserts that he is the "only caregiver" for his grandparents. But in that same paragraph, Shy acknowledges that his mother is providing care to his grandparents but asserts that "she needs my help." (ECF No. 2149 at PageID.35790).

This Court concludes that Shy has not established "extraordinary and compelling" reasons for a sentence reduction.

Early release may be warranted if a defendant's immediate family member, including a grandparent, is "incapacitat[ed]" and the defendant is the only available or suitable caregiver. § 1B1.13(b)(3); *see also United States v. Mathews,* 2023 WL 5924411, at *3 (S.D. Ohio 2023) (Explaining that the defendant bears the burden to make the showing that other potential caregivers are not available).

In evaluating such incapacitation claims, district courts within the Sixth Circuit have looked to Bureau of Prison ("BOP") guidelines for handling inmate compassionate release requests based on the alleged incapacitation of a family members. *See, eg. United States v.*

*Peguero*, 2024 WL 4112337 (W.D. Ky. 2024). In that case, the district court explained:

> In evaluating "incapacitation," courts have looked to the BOP guidelines for handling inmate compassionate release requests based on the incapacitation of a family member. *See, e.g., United States v. Walker*, 2024 U.S. Dist. LEXIS 25188, at *8 (D.N.J. Feb. 13, 2024); (*United States v. Collins*, 2020 U.S. Dist. LEXIS 5001, 2020 WL 136859, at *4 (D. Kan. Jan. 13, 2020). The BOP guidelines have defined incapacitation as "a serious injury, or a debilitating physical illness and the result of the injury or illness is that the [individual] ... is completely disabled, meaning that the [individual] ... cannot carry on any self-care and is totally confined to a bed or chair." *Walker*, 2024 U.S. Dist. LEXIS 25188, at *8 (quoting *Collins*, 2020 WL 136859) (citing BOP Program Statement § 5050.502)). When evaluating the incapacitation, adequate information and documentation should be provided including, but not limited to, a statement and verifiable medical documentation regarding incapacitation, a statement and letters of documentation that the inmate is the only family member capable of caring for the family member, and a statement and documentation regarding the inmate's release plan. *Collins,* 2020 WL 136859, at *4 citing *United States v. Gutierrez*, 2019 WL 2422601, at *3 (D.N.M. 2019) and BOP Program Statement § 5050.50, https://www.bop.gov/policy/progstat/5050_050_EN.pdf, at *1).

*Id.* at *4.

Notably, in connection with Shy's Motion for Compassionate Release, Shy did not submit any documentation, such as medical records, physician statements, or affidavits, to support his assertion that his grandparents have any medical conditions that render them unable to care for themselves.

Moreover, assuming *arguendo* that his grandparents need assistance, Shy has not shown that he is the only available caregiver for his grandparents. Indeed, his own motion acknowledges that Shy's mother already helps care for his grandparents. In addition, as the Government notes in its response, the records in this case, including the Presentence Investigation Report, reflect that Shy has numerous relatives that reside in the Detroit area. Shy has not even attempted to establish that those various individuals could not assist with any necessary care for his grandparents. (*See* Govt.'s Resp. Br. at 14). The Government also

stresses that Shy has not addressed whether any other supplemental sources of care for his grandparents exist, or whether they qualify for Medicaid or any care services. (*Id.*).

Thus, this Court concludes that Shy has not established "extraordinary and compelling" reasons for a sentence reduction.

Moreover, this Court concludes that a consideration of the § 3553(a) factors weighs against granting compassionate release in this particular case in any event. *United States v. Ruffin,* 978 F.3d 1000, 1008 (6th Cir. Oct. 26, 2020) ("Even when extraordinary and compelling reasons exist, the statute leaves district courts with discretion to deny relief under a balancing of the sentencing factors in 18 U.S.C. § 3553(a).").

The nature and circumstances of the offense in this case involved Defendant Shy participating in a violent street gang in Detroit that engaged in violence and drug distribution. Moreover, Shy had three prior felony convictions, that include firearms. And Judge Steeh already gave Shy a substantial break when he imposed a below-guidelines sentence. To release Defendant Shy several years early, would not promote respect for the law, provide just punishment, or afford adequate deterrence.

**CONCLUSION & ORDER**

For the reasons set forth above, IT IS ORDERED that Defendant Shy's Motion for

Compassionate Release is DENIED.

       IT IS SO ORDERED.

Dated: March 19, 2025                          s/Sean F. Cox
                                                   Sean F. Cox
                                                   U. S. District Judge

I hereby certify that on March 19, 2025, the document above was served on counsel and/or the parties of record via electronic means and/or First Class Mail.

                                                         s/Emily Vradenburg
                                                         Case Manager